IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS CLINTON,

      Plaintiff,                    No. CIV S-05-1600 LKK CMK P

   vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

      Defendants.            FINDINGS & RECOMMENDATIONS

_____/

      Plaintiff, a state prisoner, is proceeding pro se and in forma pauperis brings this action pursuant to 42 U.S.C. § 1983.  This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21). Currently before the court is plaintiff's motion for a permanent or a preliminary injunction.

      Plaintiff seeks injunctive relief in the form of ordering defendant California Department of Corrections (CDC) to: (1) not retaliate against plaintiff for filing prison grievances; (2) restrict access to plaintiff's central file; (3) exercise extreme caution in transferring any inmates that were housed at the California Correctional Center-Susanville and Trinity River Conservation Camp # 3 at the same time that plaintiff was housed there; (4) stop opening plaintiff's confidential mail; (5) do all photocopying of confidential legal documents in

1

1  plaintiff's presence and to give such documents directly to plaintiff; (6) exercise extreme caution
2  not to exercise any reprisals; (7) leave all of plaintiff's legal documents in visual sight of plaintiff
3  and not touch plaintiff's legal documents; (8) give plaintiff all means necessary to ensure
4  plaintiff's access to the court.  Plaintiff states that defendant CDC has a history of jeopardizing
5  the safety of rape victims, has jeopardized plaintiff's safety as a rape victim, has lost his legal
6  documents and has sometimes limited his access to the law library.  Presumably the injunctive
7  relief sought by plaintiff would alleviate these issues.
8            In general, a preliminary injunction is appropriate if a plaintiff demonstrates either
9  (1) a combination of probable success on the merits and the possibility of irreparable injury; or
10 (2) the existence of serious questions going to the merits and the balance of hardship tips sharply
11 in plaintiff's favor.  See Sony Computer Entertainment Am., Inc. v. Bleem, LLC, 214 F.3d 1022,
12 1025 (9th Cir.2000); Prudential Real Estate Affiliates v. PPR Realty, Inc., 204 F.3d 867, 874 (9th
13 Cir.2000). "These two formulations represent two points on a sliding scale in which the required
14 degree of irreparable harm increases as the probability of success decreases." Prudential Real
15 Estate, 204 F.3d at 874.  In the absence of a significant showing of possible irreparable harm, the
16 court need not reach the issue of likelihood of success on the merits. See Oakland Tribune, Inc. v.
17 Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).
18            Although the events that plaintiff describes are unpleasant, the undersigned finds
19 that plaintiff has failed to provide sufficient evidence that he has sustained or is in immediate
20 danger of sustaining injuries that would justify granting the relief requested.  See Sony Computer
21 Equipment Am, Inc., 214 F.3d at 1025.  While the court is sympathetic to the reality that
22 litigating a civil rights claim while incarcerated presents challenges that are unique to inmate
23 plaintiffs because of legitimate prison regulations which prohibit unfettered access to legal
24 materials, the Supreme Court has recognized that inmate plaintiffs must accept these challenges.
25 See Lewis v. Casey, 518 U.S. 343, 354-55 (1996).  Additionally, federal courts must afford
26 deference to the appropriate state prison authorities in matters of prison administration, and

1 therefore are required to balance the state's interests against the need to protect an inmate's
2 constitutional rights. See Turner v. Safley, 482 U.S. 78, 84-85 (1987) ( "Prison administration is
3 ⋯ a task that has been committed to the responsibility of ⋯ [the legislative and executive]
4 branches, and separation of powers concerns counsel a policy of judicial restraint.").   The
5 undersigned finds that the injunctive relief requested by plaintiff will adversely impact the prison
6 administration system because it would compel state officials to take action–restricting access to
7 plaintiff's central file, and providing plaintiff special library and photocopy access, that go
8 beyond the requirements of the applicable state administrative rules.

9       Based on the foregoing, IT IS RECOMMENDED that plaintiff's motion for
10 preliminary or permanent injunctive relief (doc. 19) be denied.

11      These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
13 days after being served with these findings and recommendations, plaintiff may file written
14 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
15 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
16 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
17 1153 (9th Cir. 1991).

19 DATED:  February 6, 2006.

                                    _____
                                    **CRAIG M. KELLISON**
                                    UNITED STATES MAGISTRATE JUDGE