IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS CLINTON,

      Plaintiff,                            No. CIV S-05-1600 LKK CMK P

     vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.               ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed February 23, 2006, the court found that plaintiff's complaint stated a cognizable complaint against some named defendants but did not state a cognizable claim for relief against other named defendants. Plaintiff was granted thirty days to file an amended complaint or the defendants against which a cognizable claim was not stated would be dismissed from this action. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See

1

28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The Federal Rules require that a complaint contain a short and plain statement of the elements of plaintiff's claim. Fed. R. Civ. P 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

In his amended complaint, plaintiff alleges civil rights violations stemming from a prison rape, verbal harassment by prison staff, and failure to fill medical "chronos." However, plaintiff's amended compliant is 147 pages long. It contains claims against defendants, plaintiff's discussions of prison policies and plaintiff's assessments of what

defendants will argue in defense of his claims.  As discussed above, Rule 8 requires that a complaint contain a short and plain statement of the claim.  Plaintiff's amended complaint does not satisfy the requirement of Federal Rule of Civil Procedure 8(a) that claims must be stated simply, concisely, and directly.

The court is sympathetic to the fact that plaintiff has many claims, but because of the long and detailed narrative of plaintiff's complaint, the court is unable to determine exactly what plaintiff's claims against each defendant are.  Following plaintiff's complaint is made especially hard by plaintiff jumping between allegations concerning his prison rape and allegations concerning prison staff's failure to fill medical "chronos."  The court will give plaintiff an opportunity to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  The court suggests that plaintiff include a brief and general statement of facts in his complaint, which refrains from discussing plaintiff's views about prison policies or plaintiff's opinion about how defendants may respond to his allegations.  After the brief statement of facts, plaintiff should list each individual defendant and describe in brief detail how that defendant violated plaintiff's civil rights.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that

1 an amended complaint be complete in itself without reference to any prior pleading. This is
2 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
3 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the
4 original pleading no longer serves any function in the case. Therefore, in a second amended
5 complaint, as in an original complaint, each claim and the involvement of each defendant must
6 be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: March 27, 2006.

                                                                        **CRAIG M. KELLISON**
                                                                        UNITED STATES MAGISTRATE JUDGE