IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS CLINTON,

    Plaintiff,               No. CIV S-05-1600 LKK CMK P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.          <u>FINDINGS & RECOMMENDATIONS</u>

                              /

        Plaintiff, a state prisoner, proceeding pro se and in forma pauperis brings this action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21). Before the court is plaintiff's 133 page "Motion for Relief F.R.C.P.R., Rule 65" filed on April 17, 2006. For relief, plaintiff seeks that the court order defendants to grant plaintiff's 602 appeal in full and that defendants grant the 602 appeal which is attached to the motion in full at the directors level. (Doc. 29 at 6:24-31.)

        At the onset, the court notes that plaintiff's previous request for injunctive relief was denied on March 20, 2006. Plaintiff's previous request sought injunctive relief in the form of ordering defendant California Department of Corrections (CDC) to: (1) not retaliate against plaintiff for filing prison grievances; (2) restrict access to plaintiff's central file; (3)

1

exercise extreme caution in transferring any inmates that were housed at the California Correctional Center-Susanville and Trinity River Conservation Camp # 3 at the same time that plaintiff was housed there; (4) stop opening plaintiff's confidential mail; (5) do all photocopying of confidential legal documents in plaintiff's presence and to give such documents directly to plaintiff; (6) exercise extreme caution not to exercise any reprisals; (7) leave all of plaintiff's legal documents in visual sight of plaintiff and not touch plaintiff's legal documents; (8) give plaintiff all means necessary to ensure plaintiff's access to the court.  That request also stemmed from plaintiff's allegations that he was a victim of a prison rape.

Plaintiff's April 17, 2006 motion for injunctive relief contains several pages of editorial comments concerning the failures of the Department of Corrections in addressing sexual assaults in prison.  It also contains correspondence received by plaintiff from various organizations and copies of plaintiff's 602 appeals.  In plaintiff's 602, which he seeks the court to direct the Department of Corrections to grant, plaintiff states that "the sexual assault booklet is grossly under developed and out dated..." and that the "CDCR must amend the [procedures for addressing sexual assault.]" (Doc. 29 at 12.)

In general, a preliminary injunction is appropriate if a plaintiff demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury; or (2) the existence of serious questions going to the merits and the balance of hardship tips sharply in plaintiff's favor.  See Sony Computer Entertainment Am., Inc. v. Bleem, LLC, 214 F.3d 1022, 1025 (9th Cir.2000); Prudential Real Estate Affiliates v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir.2000). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Prudential Real Estate, 204 F.3d at 874.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. See Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).

///

1    The court is sympathetic to plaintiff's apparent frustrations in the Department of
2 Corrections' procedures for addressing sexual assaults in prison.  However, federal courts must
3 afford deference to the appropriate state prison authorities in matters of prison administration, and
4 therefore are required to balance the state's interests against the need to protect an inmate's
5 constitutional rights.  See Turner v. Safley, 482 U.S. 78, 84-85 (1987) ( "Prison administration is
6 ⋯ a task that has been committed to the responsibility of ⋯ [the legislative and executive]
7 branches, and separation of powers concerns counsel a policy of judicial restraint."). The
8 undersigned finds that the injunctive relief requested by plaintiff will adversely impact the prison
9 system because it would compel prison officials to take action—granting plaintiff's 602 appeal,
10 that go beyond the requirements of applicable state administrative rules.  In short, the proper
11 mechanism for plaintiff to challenge an adverse ruling on his 602 appeal is to file a civil rights
12 action in federal court, not to ask the court to direct prison officials to grant the 602 appeal.
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

1        Based on the foregoing, IT IS RECOMMENDED that plaintiff's motion for
2  preliminary or permanent injunctive relief (doc. 29) be denied.
3        These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5  days after being served with these findings and recommendations, plaintiff may file written
6  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
9  1153 (9th Cir. 1991).

11 DATED: April 20, 2006.

                                                       **CRAIG M. KELLISON**
                                                       UNITED STATES MAGISTRATE JUDGE