IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS CLINTON,

    Plaintiff,                    No. CIV S-05-1600 LKK CMK P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.             ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed March 27, 2006, plaintiff's complaint was dismissed with leave to file a second amended complaint.  Plaintiff has now filed a second amended complaint.

**I.**    **Screening**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## II.    Plaintiff's Complaint

Plaintiff's second amended complaint is forty-four pages long and names thirty-nine defendants.  The gist of plaintiff's complaint is this: plaintiff was the victim of a prison rape; defendants refused to follow the proper administrative procedure required when a rape is reported.  When plaintiff sought medical care, defendants were deliberately indifferent to his serious medical needs.  Thereafter, defendants failed to address plaintiff's needs for medical care during the appeals process.

///

///

///

### A. Actions of Defendants Not Adequately Identified

Plaintiff's specific allegations against each defendant consists of a paragraph stating, among other things, that the defendant was "deliberately indifferent to a serious medical need and did not prevent unnecessary wanton infliction of pain." The allegations against each defendant are vague and conclusory; the complaint lacks a succinct factual statement detailing why plaintiff is entitled to relief. If plaintiff chooses to amend the complaint, he must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between the defendant's actions and the claimed deprivation. See Rizzo v. Goode, 423 U.S. 362 (1976). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Medical Claim Does Not Meet the Estelle Standard

Plaintiff's claims of deliberate indifference to his medical needs are so conclusory that the court is unable to determine the exact nature of his claims. It appears that plaintiff is claiming that he was denied medical care which he believed that he needed, for example plaintiff asserts that prison officials did not provide him with a pillow that he felt that he needed. In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." Id. In applying this standard the Ninth Circuit has held that before it can be said that a prisoner's rights have been abridged, the "indifference to his needs must be substantial." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980). If plaintiff chooses to amend his complaint, he must show how this apparent difference in opinion concerning his medical care meets the Estelle standard.

///
///
///

  **C. No Constitutional Right to Grievance Procedure**

  To the extent that plaintiff seeks relief for inadequacies in the administrative appeals process, the complaint does not state a cognizable civil rights action. There is no constitutional right to a grievance procedure. See Mann v. Adams, 855 F.2d 639 (9th Cir. 1988).

**III. Conclusion**

  Because plaintiff's complaint fails to state a cognizable civil rights claim, it must be dismissed. The court grants plaintiff leave to file a third amended complaint.

  The court notifies plaintiff that in any amended complaint that he may file, he need not include "immaterial background information." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). However, he should include a concise statement of the facts giving rise to his claim. The Ninth Circuit Court of Appeal has observed that the Federal Rules require that a complaint consist of "simple, concise, and direct" averments. See id. As a model of concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure.

  1. Allegation of Jurisdiction.

  2. On June 1, 1936, in a public highway, called Boylston Street, in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.

  3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, and was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.

  Wherefore, plaintiff demands judgment against defendant in the sum of one thousand dollars.

See id. This is a good model for plaintiff to follow in his pleading.

///

///

///

///

If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the third amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint";

///

///

///

plaintiff must file an original and two copies of the third amended complaint; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: May 31, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE