IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS CLINTON,

        Plaintiff,                No. CIV S-05-1600 LKK CMK P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed June 1, 2006, plaintiff's second amended complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

    1.    <u>Screening the Complaint</u>

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

1  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

On a continuation page, immediately following page one of his complaint, plaintiff lists the following forty-five defendants: R. Sherer; P. Desantis II; W. Barnes; John Doe, Correctional Officer; J. Riley; N.S. Tripp; M. Mullin; A. Dixon; K. Prosper; S. Ransdell; V. Zielen; J. Crawford; D. Cooper; Rice; John Doe, Chief Medical Doctor; Pomazol; M. Deforest; Officer in Charge; Wine; Hoem; Krammer; Lessly; California Department of Corrections and Rehabilitation; California Mens Colony State Prison; J.S. Woodford; Roderick Hickman; Arnold Schwartzeneger; Gloria Romero; John Marshall; C.M. Terle; S.O. Kephart; Finn; N. Grannis; D. Engler; Elizabeth Hawkins; Mark Mirviss; Tom Hansen; R. Meyers; John Doe, Legal Mail; John Doe, Legal Mail Room; John Doe, Mail Room; R. Arbini; C.J. Wilson and; D.A. Barrientos.

///

1   The gist of plaintiff's complaint is that he was the victim of a prison rape; he
2   attempted to report the rape, but defendants refused to perform a rape kit and failed to preserve
3   evidence of the rape. Plaintiff alleges that he was denied adequate medical care following his
4   rape, and he claims that prison officials retaliated against him for reporting the rape. Thereafter,
5   defendants failed to adequately address the issue of plaintiff's requests for adequate medical care
6   during the appeals process. Plaintiff also avers that defendants violated his constitutional rights
7   by failing to deliver plaintiff's incoming mail and inspecting plaintiff's legal mail.
8   Plaintiff also alleges that defendants failed to provide adequate medical care for a
9   foot problem, which is unrelated to plaintiff's prison rape.

      A.    No Constitutional Right to Grievance Procedure

11   Plaintiff alleges that defendants S. Ransdell, V. Zeilen, and J. Crawford delayed
12  his appeals process. He alleges that defendants N. Grannis, Finn and Engler denied his
13  administrative appeals. These claims do not state a cognizable claim for relief in a civil rights
14  action because there is no constitutional right to a grievance procedure. See Mann v. Adams,
15  855 F.2d 639 (9th Cir. 1988). It si clear that plaintiff cannot cure the deficiencies in this claim
16  through amendment. See Franklin v. Murphy, 745 F.2d 1221, 1228, n. 9 (9th Cir. 1984).
17  Accordingly, this claim is not cognizable under § 1983, and service is not appropriate for these
18  defendants.

      B.    Eleventh Amendment Immunity

20   Plaintiff names the California Department of Corrections and the California Mens
21  Colony State Prison as defendants, alleging that both institutions violated his constitutional
22  rights by having inadequate rules and regulations to prevent and protect rape victims' safety.
23  "The Eleventh Amendment prohibits federal courts from hearing suits brought against an
24  unconsenting state." Brooks v. Sulpher Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th
25  Cir. 1991). The Eleventh Amendment bars suits against state agencies. See Puerto Rico
26  Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). The department of

1 prisons is a state agency for purposes of Eleventh Amendment Immunity. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff's claims against these two defendants are barred by the Eleventh Amendment. Accordingly, this claim is not cognizable under § 1983, and service is not appropriate for these defendants.

### C. Failure to Respond or Enforce Bill 550

Plaintiff alleges that Governor Arnold Schwartzenegger, Senator Gloria Romero, Deputy Inspector Elizabeth Hawkins, Senior Specialist of Department of Internal Affairs Mark Mirviss, Deputy Inspector Tom Hanson, and Associate Warden C.M. Terle violated his constitutional rights by failing to investigate and respond to plaintiff's allegations that he was raped and that he was retaliated for reporting the rape. Plaintiff alleges that these government officials were obligated to respond by Bill 550. Section 1983 does not provide a cause of action for violation of state law. See Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001). It is clear that the deficiencies in plaintiff's claims against these defendants cannot be cured through amendment. See Franklin, 745 F.2d at 1228, n. 9. Accordingly, this claim is not cognizable under § 1983, and service is not appropriate for these defendants.

### D. Not all Mail Confidential

Plaintiff alleges that John Doe–Legal Mail Room and John Doe–Mail Room violated his constitutional rights by opening his confidential legal mail outside his presence. He also alleges that these defendants failed to deliver his magazines to him to inflict punishment and a "deep sense of isolation" on plaintiff. A prison need not treat all mail sent to government agencies and officials as legal mail. See O'Keefe v. Van Boening, 82 F.3d 322, 326 (9th Cir. 1996). Mail from the courts is not considered legal mail. See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) ammended by 135 F.3d 1318 (9th Cir. 1998). When prison officials intercept publications "it must be accompanied by minimum procedural safeguards" Sorrels v. McKee, 290 F.3d 965, 972 (9th Cir. 2002).

///

1  Here, plaintiff makes only very vague and conclusory allegations concerning the
2  opening of his legal mail and the failure to deliver his magazines. For instance, plaintiff fails to
3  name the publications which were not delivered to him. Plaintiff has failed to set forth facts
4  which state a cognizable § 1983 claim concerning opening of legal mail and denial of magazine
5  subscriptions. Plaintiff has had two prior opportunities to correct the deficiencies in this claim.
6  Given that despite the two opportunities to amend, plaintiff has failed to cure the vague and
7  conclusory nature of this claim, the court finds that further amendment would be futile.
8  Accordingly, service is not appropriate for these defendants.

        C.     Failure to Protect Right to Confidentiality

10  Plaintiff's sole claim against defendant Officer in Charge is that the officer failed
11  to protect plaintiff's "right to confidentiality by not preventing these confidential documents
12  from being secured." In order to state a claim under § 1983, plaintiff must allege a violation of
13  his constitutional rights. There is no constitutional right to have confidential documents secured.
14  Accordingly, this claim is not cognizable under § 1983, and service is not appropriate for this
15  defendant.

        D.     Mental Injury does not Give Rise to Eighth Amendment Claim

17  Plaintiff claims that defendants Wine, Hoem, Krammer and Lessly humiliated and
18  mentally harassed him in violation of his constitutional rights. Specifically, plaintiff contends
19  that defendant Wine called plaintiff "fag" and walked back and forth in front of his holding cage
20  to aggravate plaintiff. Plaintiff claims that defendants Hoem and Krammer participated in a
21  competition in which the loser would have to escort plaintiff back to his cell, which further
22  humiliated plaintiff for reporting a rape. Plaintiff claims that defendant Lessly humiliated him
23  by putting his arm around plaintiff's shoulder "as-if he was escorting a female on a date" and
24  claims that defendant Lessly took his magazines in ensure "severe isolation."
25  ///
26  ///

5

1  With respect to injuries which may give rise to an Eighth Amendment claim, the
2  Prison Litigation Reform Act states that no federal civil rights action may be brought by a
3  prisoner for mental or emotional injury without a prior showing of physical injury. See 42
4  U.S.C. § 1997e(e). Even with a liberal construction of plaintiff's claim, it is not possible to
5  construe these allegations as stating a civil rights claim. The court is mindful that threats of
6  bodily harm made against prisoners to deter them from reporting wrongdoings give rise to
7  substantive Fourteenth Amendment due process claims. See Bounds v. Smith, 430 U.S. 817,
8  1977). However, here, the facts alleged by plaintiff, although unpleasant, show nothing more
9  than mere verbal harassment. See e.g. Collins v. Curdy, 603 F.2d 825, 827 (10th Cir.
10 1979)(mere verbal harassment does not give rise to civil rights claim). Accordingly, this claim is
11 not cognizable under § 1983, and service is not appropriate for these defendants.[1]

        E.    No Right to Updated Sexual Abuse Booklet

13  Plaintiff states that defendant Kephart violated his constitutional rights by sending
14 a letter to plaintiff's mother stating that there would be no change in plaintiff's release date and
15 that, despite plaintiff's appeal, there would be no update on the prison's sexual abuse booklet.
16 To state a § 1983 claim, a plaintiff must allege facts showing that a person acting under the color
17 of state law deprived plaintiff of a right or privilege secured by the constitution. See Parratt v.
18 Taylor, 451 U.S. 527, 535 (1981) (overruled on other grounds). The facts alleged by plaintiff do
19 not show that defendant Kephart violated plaintiff's constitutional rights; plaintiff has failed to
20 cure this defect despite two opportunities to amend. Accordingly service is not appropriate for
21 this defendant.
22 ///

---

[1] The court notes that plaintiff does state that defendant Hoem "denied adequate medical care." However, this is a conclusory statement with no fact whatsoever to indicate that defendant Hoem in any way was responsible for the denial of adequate medical care to plaintiff. Plaintiff was warned when his two prior complaints were dismissed that vague and conclusory statements did not set forth a civil rights claim.

6

2.    Order of Service

The third amended complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against some defendants. If the allegations of the amended complaint are proven against these, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs.[2] Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order. Plaintiff is warned that failure to comply with this order may result in dismissal of the action. See Local Rule 11-110.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: R. Sherer; P. Desantis II; W. Barnes; John Doe, Correctional Officer, J. Riley; N.S. Tripp; M. Mullin; A. Dixon; K. Prosper; D. Cooper; Rice; John Doe, Chief Medical Doctor; Pamazol; M. DeForest; J.S. Woodford; Roderick Hickman; John Marshal; R. Myers; R. Arbini, C.J. Wilson; D.A. Barrientos insofar as plaintiff alleges that he was denied adequate medical care following his rape or for his toenail fungus and/or that he was retaliated against for reporting a prison rape.

2. The Clerk of the Court shall send plaintiff twenty-one USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed June 21, 2006.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

///

---

[2] Although plaintiff has paid the filing fee, he was granted in forma pauperis status for the purpose of service of this complaint.

7

d. Twenty-two copies of the endorsed amended complaint filed June 21, 2006.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: July 5, 2006.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff,                               No. CIV

vs.

                                            NOTICE OF SUBMISSION

Defendants.                              OF DOCUMENTS

_____/

       Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

            _____ completed summons form

            _____ completed USM-285 forms

            _____ copies of the _____

                         Complaint/Amended Complaint

DATED:

                                                  _____
                                                  Plaintiff