1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS CLINTON,

11          Plaintiff,                    No. CIV S-05-1600 LKK CMK P

12      vs.

13   CALIFORNIA DEPARTMENT
     OF CORRECTIONS, et al.,
14
            Defendants.              FINDINGS & RECOMMENDATIONS
15

16   _____/

17          Plaintiff, a state prisoner, is proceeding pro se and in forma pauperis brings this

18   action pursuant to 42 U.S.C. § 1983.  This matter was referred to the undersigned pursuant to 28

19   U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21).  Before the court is plaintiff's July 27, 2006

20   motion for injunctive relief.  Plaintiff requests that this court direct Warden John Marshall to

21   make arrangements for plaintiff upon his release from prison which ensure that plaintiff is safe.

22   ///

23   ///

24   ///

25   ///

26   ///

1

I.      Background

         Plaintiff brought this action alleging several violations of his civil rights stemming from a prison rape.  Plaintiff reminds the court in his motion for injunctive relief that he is an "effeminate, white, prison homosexual, and a prison rape survivor."  Plaintiff is concerned that he cannot be placed "just anywhere" after his release from prison and contends that the warden must make special arrangements for plaintiff's post-release housing to ensure that plaintiff is safe.

II.     Standard for Injunctive Relief

         In general, injunctive relief is appropriate if a plaintiff demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury; or (2) the existence of serious questions going to the merits and the balance of hardship tips sharply in plaintiff's favor.  See Sony Computer Entertainment Am., Inc. v. Bleem, LLC, 214 F.3d 1022, 1025 (9th Cir.2000); Prudential Real Estate Affiliates v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir.2000). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Prudential Real Estate, 204 F.3d at 874.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. See Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).

III.    Discussion

         The court is sympathetic to plaintiff's frustration in finding safe housing upon his release.  However, federal courts must afford deference to the appropriate state prison authorities in matters of prison administration, and therefore are required to balance the state's interests against the need to protect an inmate's constitutional rights. See Turner v. Safley, 482 U.S. 78, 84-85 (1987) ( "Prison administration is ⋯ a task that has been committed to the responsibility of ⋯ [the legislative and executive] branches, and separation of powers concerns counsel a policy of judicial restraint."). The undersigned finds that the injunctive relief requested by plaintiff will adversely impact the prison system because it would compel prison officials to take

1  action—making arrangements for plaintiff upon his release from prison, that goes beyond the

2  requirements of applicable state administrative rules.  In short, a motion for injunctive relief is not

3  the  proper mechanism for plaintiff to challenge the prison's failure to make suitable

4  accommodations for at-risk prisoners upon release.

5          Additionally, plaintiff asks that the court direct Warden John Marshall to make

6  proper arrangements for plaintiff upon his relief.  To the extent that plaintiff is seeking relief

7  against Warden Marshall,  plaintiff has filed a request for injunctive relief against an individual

8  who is not named as a defendant in this action.  This court is unable to issue an order against

9  individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine

10 Research, Inc., 395 U.S. 100, 112 (1969).

11         Based on the foregoing, IT IS RECOMMENDED that plaintiff's motion for

12 injunctive relief (doc. 40) be denied.

13         These findings and recommendations are submitted to the United States District

14  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

15 days after being served with these findings and recommendations, plaintiff may file written

16 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

17 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

18 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

19 1153 (9th Cir. 1991).

20 DATED:  August 8, 2006.

21

22                                    CRAIG M. KELLISON
                                     UNITED STATES MAGISTRATE JUDGE
23

24

25

26

3