IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS CLINTON,

      Plaintiff,                    No. CIV S-05-1600 LKK CMK P

      vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

      Defendants.            ORDER

                                   /

          On July 24, 2006, plaintiff filed a "Response to Order Not to Serve Certain Defendants." The court construes this filing as a request for reconsideration of this court's July 7, 2006 order screening plaintiff's third amended complaint and directing that service was appropriate for certain defendants. (Doc. 36.)

### Standards For Motions To Reconsider

          Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which

1  provides that the decisions on legal issues made in a case "should be followed unless there is
2  substantially different evidence . . . new controlling authority, or the prior decision was clearly
3  erroneous and would result in injustice."  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d
4  391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert.
5  denied, 475 U.S. 1064 (1986).

6       Courts construing Federal Rule of Civil Procedure 59(e), providing for the
7  alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle
8  permitting the unsuccessful party to "rehash" arguments previously presented, or to present
9  "contentions which might have been raised prior to the challenged judgment."  Costello v.
10 United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d
11 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280
12 (E.D. Pa. 1991).  These holdings "reflect[] district courts' concerns for preserving dwindling
13 resources and promoting judicial efficiency."  Costello, 765 F.Supp. at 1009.

14       In the instant action, plaintiff has filed a complaint against defendants alleging a
15 violation of his civil rights arising defendants' failure to properly respond to plaintiff's prison
16 rape and from defendants' failure to provide adequate medical care for a foot problem unrelated
17 to the prison rape.  Plaintiff asks this court to reconsider the court's determination that he failed
18 to state a claim against several defendants.  Plaintiff does not raise new evidence or new
19 controlling authority.  Although he argues that the screening order results in a grave injustice, he
20 fails to assert fact which would state a cognizable civil rights claim.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

1  Therefore, IT IS HEREBY ORDERED that, upon reconsideration, this court's
2  order of July 7, 2006 is affirmed.
3
4  DATED: September 27, 2006
5  _____
   LAWRENCE K. KARLTON
   SENIOR JUDGE
6  UNITED STATES DISTRICT COURT