1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                  FOR THE EASTERN DISTRICT OF CALIFORNIA

8    THOMAS CLINTON,

9              Plaintiff,                    No. CIV S-05-1600 LKK CMK P

10         vs.

11   CALIFORNIA DEPARTMENT OF
     CORRECTIONS, et al.,

12            Defendants.                    ORDER

13   _____/

14            Plaintiff, a former state prisoner proceeding pro se, has filed this civil rights

15   action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States

16   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

17            On May 8, 2007, the magistrate judge filed findings and recommendations herein

18   which were served on all parties and which contained notice to all parties that any objections to

19   the findings and recommendations were to be filed within ten days.  Plaintiff has filed objections

20   to the findings and recommendations.

21            In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-

22   304, this court has conducted a de novo review of this case.  Having carefully reviewed the

23   entire file, the court finds the findings and recommendations to be supported in part and the court

24   declines to adopt them in part.

25   **A.    Failure to Exhaust**

26            The defendants have moved to dismiss several of the plaintiff's claims, alleging his

                                              1

1  failure to exhaust administrative remedies. The plaintiff has argued in his opposition to the

2  motion to dismiss that he was prevented by the defendants from exercising his administrative

3  remedies for his second, fifth, seventh, ninth, and thirteenth claims. Specifically, he alleges that

4  the defendant of each of these causes of action did not provide him with the appeals forms

5  necessary to pursue his administrative remedies.

6        In showing that a plaintiff did not exhaust his administrative remedies, the defendant

7  must demonstrate that the proposed relief was available to the plaintiff. Brown v. Valoff, 422

8  F.3d 926, 936-37 (9th Cir. 2005)(citing Brown v. Croak, 312 F.3d 109 (3rd Cir. 2002)). An

9  administrative remedy is not available, for example, if corrections officials have told the plaintiff

10  he is unable to file a grievance or if the grievance procedures are sufficiently confusing as to lead

11  the plaintiff to reasonably believe that he could not file a grievance. Id. at 937 (citing Croak, 312

12  F.3d at 113 and Giano v. Goord, 380 F.3d 670, 673-74 (2d Cir. 2004)). Although the Ninth

13  Circuit appears not to have confronted the issue, other circuits have held that an administrative

14  remedy is not "available" under 42 U.S.C. § 1997e if prison officials have refused to provide the

15  plaintiff with the forms needed to pursue his grievances. See Ziemba v. Wezner, 366 F.3d 161,

16  163-64 (2d Cir. 2004); Mitchell v. Horn, 318 F.3d 523 (3rd Cir. 2003); Kaba v. Stepp, 458 F.3d

17  678, 685-86 (7th Cir. 2006); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001). Defendants

18  have not sufficiently shown that the administrative remedies the plaintiff was required to exhaust

19  were in fact available to him. For this reason, the defendants' motion to dismiss for failure to

20  exhaust administrative remedies is denied as to the plaintiff's second, fifth, seventh, ninth, and

21  thirteenth claims.

22  **B.**    **Failure To State A Claim**

23        The Findings and Recommendations state: "[i]n the instant action, plaintiff alleges that

24  defendants Sherer, Tripp, Mullin, Prosper, Marshall, Arbini, Wilson, Barrientos, Woodford, and

25  Hickman violated his civil rights by not giving him the two-for-one credits he had been earning

26  before the alleged assault of November 24, 2004." The court declines to adopt this finding

insofar as it includes Defendants Prosper, Woodford, and Hickman. In his ninth, twenty-fifth, and twenty-sixth claims, the plaintiff does not allege that these defendants failed to apply plaintiff's time credits. The court declines to adopt the Findings and Recommendations insofar as they erroneously characterize these claims as asserting a denial of plaintiff's time credits.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May 8, 2007, are adopted as to the dismissal of the plaintiff's third, eighth, fourteenth, sixteenth, seventeenth, twenty-fifth, and twenty-sixth causes of action on the basis of plaintiff's failure to exhaust. The findings and recommendations regarding the failure to exhaust are not adopted as to the dismissal of plaintiff's second, fifth, seventh, ninth, and thirteenth causes of action.

2. The findings and recommendations filed May 8, 2007, are not adopted, as to the dismissal of the ninth, twenty-fifth, and twenty-sixth claims insofar as the findings characterize these claims as asserting as a basis of relief defendants' denial of plaintiff's time credits.

3. The findings and recommendations filed May 8, 2007, are adopted as to the dismissal of the plaintiff's first, ninth, and seventeenth claims for failure to state a claim.

4. Consequently, the defendants' motion to dismiss is GRANTED as to plaintiff's first, third, sixth, seventh, eighth, ninth, fourteenth, sixteenth, seventeenth, twenty-fifth, twenty-sixth, forty-third, forty-fourth, and forty-fifth causes of action. The defendants' motion to dismiss is DENIED as to plaintiff's second, fifth, and thirteenth causes of action.

IT IS SO ORDERED.

DATED: September 27, 2007.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1]The court observes that the Findings and Recommendations it adopts have provided an alternate basis for dismissal of the plaintiff's ninth, twenty-fifth, and twenty-sixth causes of action.