IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CLINTON, | No. CIV S-05-1600-LKK-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are a number of motions and/or requests filed by plaintiff.  These motions/requests include: Request/Motion to Accept Interference (Doc. 65), Request/Motion to Accept Information Relative to Reason for Exception (Doc. 66), Request for Production of Documents (Doc. 74), Request/Motion to Clarify Order (Doc. 79), Request for Change of Venue (Doc. 80), Notice of Appeal to District Judge (Doc. 81), Request for Return of Plaintiff's Hard Copy Documents (Doc. 82), Request/Motion for Hearing by Phone (Doc. 83), Motion to File an Amended Complaint (Doc. 85), and Objections of Courts Failure to Respond or Acknowledge Plaintiff Previous Motions (Doc. 87).  Also pending before the court is a motion to dismiss filed by defendant Meyers (Doc. 70).

**I.  Procedural History**

Prior to addressing the specific motions/requests listed above, the undersigned finds it necessary to summarize the status of this case.  Plaintiff filed his original civil rights complaint on August 11, 2005 (Doc. 1).  Plaintiff then filed an amended complaint on March 23, 2006 (Doc. 27).  This amended complaint was dismissed and plaintiff was granted leave to file a second amended complaint (Doc. 28).  Plaintiff's second amended complaint was filed on April 17, 2006 (Doc. 30).  This second amended complaint was dismissed on June 1, 2006 and plaintiff was again granted leave to file an amended complaint (Doc. 33).  Plaintiff filed his third amended complaint on June 21, 2006 naming 45 defendants (Doc. 35).  This court then issued a screening order pursuant to 28 U.S.C. § 1915A (Doc. 36).  The undersigned found service to be appropriate for only 21 defendants.  This order was affirmed by the District Judge on September 27, 2006 (Doc. 49).  As of the date of this order, the only defendants to this action were the following: Sherer, Desantis, Barnes, DOE (correctional officer), Riley, Tripp, Mullin, Dixon, Prosper, Cooper, Rice, DOE (chief medical doctor), Pomazal, DeForest, Woodford, Hickman, Marshal, Myers, Arbini, Wilson, and Barrientos.[1]  The corresponding claims in the third amended complaint that survived screening were: 1, 2, 3, 4, 5, 6, 7, 8, 9, 13, 14, 15, 16, 17, 25, 26, 29, 38, 43, 44, and 45

On January 25, 2007, defendants Arbini, Barnes, Barrientos, Cooper, Deforest, Desantis, Dixon, Hickman, Marshall, Mullin, Pomazal, Prosper, Rice, Riley, Sherer, Tripp, Wilson and Woodford filed a motion to dismiss (Doc. 60).  Plaintiff filed an opposition to the motion to dismiss as well as supporting documentation, all of which were considered by the court (Docs. 61, 62, 63).  The undersigned then issued Findings and Recommendations on May 8, 2007, recommending the motion to dismiss be granted (Doc. 67).  On September 27, 2007, the District Judge issued an order adopting the Findings and Recommendations in part (Doc. 84).

---

[1] The Clerk of the Court will be directed to update the docket in this case to reflect the correct defendants in this action.

The effect of this order was that the defendants' motion to dismiss was granted in part and denied in part. The motion to dismiss was granted as to claims 1, 6, 7, 8, 9, 14, 16, 17, 25, 26, 43, 44, and 45, and these claims have been dismissed. The motion was denied as to claims 2, 5, and 13. Accordingly, the only remaining defendants to this action are Desantis, Riley, Cooper, Meyers, Marshall, DOE (correctional officer) and DOE (chief medical doctor). The only remaining claims to this action are claims 2, 4, 5, 13, 15, 29, and 38. Defendants Cooper, Desantis, and Riley filed an answer on October 12, 2007.

After the Findings and Recommendations were issued on this matter, plaintiff filed several request/motions, in addition to his objections to the Findings and Recommendations. These were filed prior to the District Judge's Order Adopting Findings and Recommendations. The requests/motions plaintiff filed included the following:

1. Request for Production of Documents (Doc. 74) filed June 25, 2007;
2. Request for to Clarify Order Granting Defendants' Motion for Protective Order (Doc. 79) filed July 20, 2007;
3. Request for the Court to Change Venue (Doc. 80) filed August 10, 2007;
4. Appeal to Court Decision (Doc. 81) filed September 4, 2007;
5. Request for Order to Clerk for Return of Plaintiff's Hard Copy Documents (Doc. 82) filed September 4, 2007;
6. Request for Hearing by Phone (Doc. 83) filed September 4, 2007.

Plaintiff has also filed a motion for leave to file an amended complaint and objections to this court's perceived failure to respond to plaintiff's motions.

**II. Plaintiff's Motions**

Prior to issuing his order, the District Judge conducted a de novo review of the entire file pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304. The court did not determine that relief was appropriate on any particular request. To the extent plaintiff is requesting a specific ruling on each of the requests/motions, the undersigned will discuss each of them.

**A. Request for Production of Documents (Doc. 74).** Plaintiff filed a request that he be allowed to conduct discovery prior to discovery being opened in order to show

exhaustion of his administrative remedies, or his attempt to exhaust. However, the District Judge found plaintiff was prevented from exhausting his administrative remedies on five claims, and denied the motion to dismiss for failure to exhaust administrative remedies on those claims. In addition, after conducting a de novo review of this case, the District Judge did not determine any specific ruling was required.

**B.  Request to Clarify Order Granting Defendant's Motion for a Protective Order (Doc. 79).**  Plaintiff's request to clarify and objection to the Court's granting a protective order relieving defendants from responding to his request for production of documents again centers on his argument that he was prevented from properly exhausting his administrative remedies. As discussed above, the District Judge found he was prevented from exhausting on five of his claims. In addition, the District Judge reviewed the case de novo and did not determine additional information was required to issue his order.

**C.  Untitled Request/Motion (Doc. 80).**  Plaintiff filed a request he claims is pursuant to Federal Rules of Civil Procedure 26, 37, and 401. Petitioner is requesting this Court transfer this action to another court and suggests the Central District of California. However, the federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The only court in which venue is proper is this court. Therefore, transferring this action to a different court is not an option for plaintiff.

However, it appears that plaintiff's real issue is with this Court's adverse rulings and/or perceived delay in issuing rulings. Therefore, the Court will construe this request as a motion for recusal or motion to disqualify under 28 U.S.C. § 144, which provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Berger v. United States, 255 U.S. 22 (1922), is the seminal case interpreting § 144.  See U.S. v. Azhocar, 581 F.2d 735, 738 (1976).  As a preliminary matter, the Court in Berger held that the judge against whom a disqualification motion is brought may pass on its legal sufficiency.  See Berger, 255 U.S. at 233.  To be sufficient, the motion must state facts which, if true, fairly support the allegation of bias or prejudice which stems from an extrajudicial source and which may prevent a fair decision.  See Azhocar, 581 F.2d at 740-41.  Thus, the Supreme Court in Berger also held that adverse rulings alone cannot constitute the necessary showing of bias or prejudice.  See Berger, 255 U.S. at 34.

To the extent plaintiff's motion is a request for recusal, this request is denied. Plaintiff's grievance appears to relate to adverse rulings by this Court and the amount of time required of this Court to rule on his motions/requests.  This Court has a full docket and rules on motions in due time.  Plaintiff has not been singled out by the Court to delay the prosecution of his case or cause him difficulty in obtaining a fair hearing.  No motion or request by plaintiff has been filed longer than four months without a ruling.  In addition, as discussed above, adverse rulings are insufficient to show bias or prejudice against plaintiff.  Plaintiff has provided no grounds for which a request for recusal could be granted.

**D. Appeal to Court Decision (Doc. 81).**  Plaintiff is requesting the District Judge to consider additional supporting information and review the Findings and Recommendations issued by the undersigned.[2]  This document was filed prior to the District Judge's Order and was

---

[2] Plaintiff also states that he is concerned this court has not received his filings and has not responded to his motions.  This court has received plaintiff's filings and rules on appropriate motions in due time.  Plaintiff should be aware that if he wishes to receive endorsed/filed copies of his filings, he must provide the Clerk of the Court with a self addressed stamped envelope in addition to an extra copy of his filings.

part of the record when the District Judge conducted his de novo review. Therefore, this document was considered by the District Judge and no further response is necessary.

**E. Request/Motion for Hard Copy documents (Doc. 82).** Plaintiff is requesting this Court return all hard copies of documents plaintiff filed in order to appeal this Court's final determination of this case. However, original filings become part of this Court's record and remain with this Court. Upon plaintiff's filing of an appeal with the Ninth Circuit Court of Appeal, a request will be made by that Court for documents filed in this case. Copies of all documents requested by the Ninth Circuit will be forwarded directly to that Court. Therefore, petitioner's request for the return of documents will be denied.

**F. Request/Motion for Hearing by Phone (Doc. 83).** Petitioner is requesting a "hearing by phone to defend Defendants defense" so the court will fully understand defendants are interfering with his administrative remedies. Pursuant to Local Rule 78-230(m), motions in prisoner cases are submitted on the record without oral argument unless the Court orders otherwise. If the District Judge found oral argument to be appropriate in this matter, he would have set the matter for hearing. However, no hearing was set and the District Judge issued his order after conducting a de novo review of this case, which included this request.

**G. Other Motions.** Plaintiff has objected to this court's failure to specifically rule on his Request/Motion to Accept Interference (Doc. 65) and his Request/Motion to Accept Information Relative to Reason for Exception (Doc. 66). The documents were filed prior to the undersigned's Findings and Recommendations and were considered prior to issuing that order. No specific ruling was required for either document.

**H. Motion to Amend and Accept Fourth Amended Complaint.** Plaintiff has requested leave of court to file a fourth amended complaint following the partial grant of defendants' motion to dismiss. Plaintiff's motion is not, however, accompanied by a proposed amended complaint. As a prisoner proceeding in forma pauperis, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. §§ 1915(e)(2)

and 1915A(a). Because plaintiff did not submit a proposed amended complaint, the court is unable to evaluate it as required by law. Plaintiff's motion for leave to amend (Doc. 85) must, therefore, be denied. In addition, plaintiff is cautioned that if he files another motion for leave to amend, the Court will only entertain such a motion if plaintiff is attempting to amend the surviving claims in his complaint or he has identified the DOE defendants. Attempts to amend the claims that were dismissed pursuant to the granting of defendants' motion to dismiss will not be entertained.

Plaintiff again claims he is not receiving copies of his filed documents returned to him. Plaintiff has indicated he has provided the clerk with a second copy of his documents presented for filing so that he may receive a copy back for his records. Plaintiff has not indicated whether he has also provided the clerk with a self-addressed stamped envelope in which to receive these documents. A self-addressed stamped envelope is required for plaintiff to receive a copy of his filed documents.

**I. Objection of Courts Failure to Respond or Acknowledge Plaintiff Previous Motions.** Plaintiff is again complaining about his perceived failure of this court to timely respond to his motions and failure to receive a copy of his filed documents. As set forth above, this Court has a full docket and rules on motions in due time. Plaintiff has not been singled out by the Court to delay the prosecution of his case or cause him difficulty in obtaining a fair hearing. No motion or request by plaintiff has been filed longer than four months without a ruling. Furthermore, as stated above, plaintiff must provide the Clerk of Court with a self-addressed stamped envelope if he wishes to receive filed copies of his documents.

**III. Defendant Meyers' Motion to Dismiss (Doc. 70)**

Defendant Meyers filed a Motion to Dismiss on May 17, 2007. The basis of this motion is that plaintiff has failed to state a claim upon which relief can be granted. Defendant Meyers claims no factual allegations in the complaint pertain to him. Upon review of plaintiff's third amended complaint, the Court finds there is a possible error. On the list of defendants,

defendant Meyers is listed for claim number 38.  However, in the body of the complaint, claim number 38 states John Anderson was plaintiff's chief medical doctor who failed to treat a nail fungus on his toe.  Therefore, the court is requesting clarification from the plaintiff as to which defendant is the proper defendant for this claim, Meyers or Anderson.

Plaintiff shall file a notice with this court within 30 days as to which defendant is the proper defendant for claim number 38.  Defendant Meyers will then have 30 days in which to respond.  If plaintiff indicates that defendant Meyers is the proper defendant for claim number 38, defendant Meyers shall file either an amended motion to dismiss regarding the allegations at claim 38 or an answer.  If defendant files an answer, the existing Motion to Dismiss (Doc. 70) will be deemed withdrawn.  If plaintiff contends that the proper defendant for claim 38 is Anderson, plaintiff may file an objection to defendant Meyers' motion to dismiss within 30 days of the date of this order.  This court will then provide plaintiff the necessary documents for service of Anderson.[3]

**IV.  Remaining Defendants**

On September 27, 2007, the District Judge issued an order in which defendants' motion to dismiss was granted in part and denied in part.  The motion was denied as to claim numbers 2, 5, and 13, which include defendants Desantis, Riley and Cooper.  In addition, claims 4, 15, 29, and 38, regarding DOE defendants and defendants Marshall and Meyers/Anderson also survived screening and have not been dismissed.[4]  Defendants Desantis, Riley, Cooper and Marshall were moving parties on the motion to dismiss which has now been resolved.

/ / /

/ / /

---

[3]   This Court has already found claim number 38 to be sufficient.  However, no defendant by the name of Anderson has been served.

[4]   Defendant Meyers and/or Anderson was addressed above and will not be addressed again.

1  Defendants Desantis, Riley and Cooper filed their answer on October 12, 2007.  Defendant
2  Marshall did not join in that answer.  Therefore, defendant Marshall is directed to file an answer
3  within 30 days of the date of this order.
4         Defendants DOE, Correctional Officer, and DOE, Medical Doctor, have not yet
5  been identified and/or served.  Plaintiff has been directed to provide additional information to
6  serve these defendants (Doc. 68).  Plaintiff is reminded that now that an answer has been filed,
7  discovery will opened, by separate order, and he will be able to seek such information through
8  discovery as well as the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or
9  other means available to plaintiff.  If access to the required information is denied or unreasonably
10 delayed, plaintiff may seek judicial intervention.  Once additional information sufficient to effect
11 service is obtained, plaintiff shall notify the court whereupon plaintiff will be forwarded the
12 forms necessary for service by the U.S. Marshal.  Plaintiff is cautioned that failure to effect
13 service may result in the dismissal of unserved defendants.  See Fed. R. Civ. P. 4(m).  After a
14 reasonable amount of time, if the identity of these defendants have not been discovered, this
15 court will issue an order to show cause why these two defendants should not be dismissed.

17         Accordingly, IT IS HEREBY ORDERED that:
18         1.    Plaintiff's request for transfer and/or recusal is denied;
19         2.    Plaintiff's request for return of documents is denied;
20         3.    Plaintiff shall file a notice with this court within 30 days as to which
21 defendant is the proper defendant for claim number 38;
22         4.    Defendant Meyers will then have 30 days to file a response;
23         5.    If the proper defendant for claim 38 is Anderson, plaintiff may file an
24 objection to defendant Meyers' motion to dismiss within 30 days of the date of this order;
25         6.    If the proper defendant to claim 38 is Meyers, plaintiff will have 30 days
26 from the date of any amended motion to dismiss to respond to the motion;

7. Plaintiff's motion for leave to file an amended complaint (Doc. 85) is denied;

8. Defendant Marshall is directed to file an answer to plaintiff's third amended complaint within 30 days of the date of this order;

9. Plaintiff shall promptly seek the identity of any doe defendant named in his third amended complaint; and

10. The Clerk of the Court is directed to update the docket to reflect the remaining defendants to this action are Desantis, Riley, Cooper, Marshall, and Meyers.

DATED: November 15, 2007

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE