IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CLINTON, | No. CIV S-05-1600-LKK-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Meyers' motion to dismiss (Doc. 70).

Plaintiff named defendant Meyers in the caption of his third amended complaint, but named a different individual, Anderson, in the body of his complaint. The court requested from plaintiff clarification as to which was the proper defendant to this action. In response, plaintiff informed the court that he wishes to "strike Defendants Meyers and Anderson from the Complaint." (See Doc. 95 at 1). The court will construe this as a notice of no opposition to the motion to dismiss.[1]

---

[1] Anderson was not properly named as a defendant in the third amended complaint. As plaintiff has indicated he does not wish to pursue any action against Anderson, there is no

1

The motion to dismiss is based on plaintiff's failure to state a claim against defendant Meyers. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In this case, plaintiff does not allege any facts connecting defendant Meyers to any alleged deprivation of a constitutional right. As such, plaintiff has failed to state a claim as to defendant Meyers.

Accordingly, the undersigned recommends that

1. Defendant Meyers' motion to dismiss (Doc. 70) be granted;
2. Defendant Meyers be dismissed from this action; and
3. This action proceed against defendants Desantis, Riley, Cooper and Marshall.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

---

need for any action in regards to this individual, who is not a defendant in this action.

Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  January 3, 2008

                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE