**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

THOMAS CLINTON,                                          No. CIV S-05-1600-LKK-CMK-P

            Plaintiff,

   vs.                                                    <u>ORDER</u>

DESANTIS, et al.,[1]

            Defendants.

_____/

        Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are the following motions:

        Doc. 100      Plaintiff's motion to compel;

        Doc. 101      Plaintiff's motion to compel re: request for production of documents, set no. nine;

        Doc. 103      Plaintiff's motion to compel re: request for production of documents, set nos. one through six;

        Doc. 106      Plaintiff's motion to compel re: request for production of documents, set no. eleven;

---

[1]     This action proceeds against defendants Desantis, Riley, Cooper, and Marshall only.  As the first remaining defendant listed on the court's docket, Desantis is the lead defendant for purposes of the caption.

| | | |
|---|---|---|
| Doc. 107 | Plaintiff's motion to compel re: request for production of documents, set no. ten; | |
| Doc. 108 | Plaintiff's motion to compel re: request for production of documents, set no. eight; | |
| Doc. 109 | Plaintiff's motion to compel re: request for production of documents, set no. seven; | |
| Doc. 117 | Addendum to plaintiff's motion to compel re: request for production of documents, set no. thirteen; | |
| Doc. 118 | Plaintiff's motion to compel re: request for production of documents, set no. thirteen; | |
| Doc. 138 | Plaintiff's motion for issuance of a subpoena; | |
| Doc. 139 | Plaintiff's motion for an order directing defendants to verify their responses to discovery requests; | |
| Doc. 142 | Plaintiff's motion for an order acknowledging the authenticity and admissibility of evidence; | |
| Doc. 146 | Plaintiff's motion for an order acknowledging the authenticity and admissibility of evidence; | |
| Doc. 147 | Plaintiff's motion for an order acknowledging the authenticity and admissibility of evidence; | |
| Doc. 148 | Plaintiff's motion for an order acknowledging the authenticity and admissibility of evidence; | |
| Doc. 149 | Plaintiff's motion for an order acknowledging the authenticity and admissibility of evidence; | |
| Doc. 150 | Plaintiff's motion for an order acknowledging the authenticity and admissibility of evidence; | |
| Doc. 151 | Plaintiff's motion for an order acknowledging the authenticity and admissibility of evidence; | |
| Doc. 156 | Plaintiff's motion to compel re: request for production of documents, set no. fourteen; | |
| Doc. 166 | Defendants' motion to exclude testimony or compel plaintiff's attendance at deposition; | |
| Doc. 170 | Plaintiff's motion to compel re: special interrogatories, set no. one; | |
| Doc. 172 | Plaintiff's motion for "court order number: one"; | |

Doc. 173        Plaintiff's motion for "court order number: two"; and

Doc. 182        Defendants' motion to modify the scheduling order.

## I. PLAINTIFF'S ALLEGATIONS

The court outlined the general factual allegations in findings and recommendations issued on May 8, 2007, as follows:

> At all times relevant to the events described in this complaint, plaintiff was an inmate at California Correctional Center (CCC) in Susanville, California. Plaintiff alleges that he was sexually assaulted by another inmate on November 24, 2004. He states that he reported the assault. After the assault, plaintiff was removed from CCC and placed in administrative segregation for his own protection. Plaintiff states that a confidential memorandum containing details of the assault was released into the general prison population, further endangering his safety and further necessitating housing in administrative segregation. Plaintiff was later transferred to the California Men's Colony in San Luis Obispo.
> Plaintiff alleges that he was denied medical care after the alleged assault and alleges that he was retaliated against for reporting the assault. He claims that correctional staff should have allowed him to continue to receive two-for-one credits even after being removed from his prison job. He claims that the denial of these credits resulted in him being incarcerated nine months longer than he otherwise would have been.

In their various oppositions to plaintiff's motions, defendants provide the following summary of the specific factual allegations against each remaining defendant:[2]

> . . .Cooper denied Clinton access to his personal property, including his legal materials.  In addition, Cooper refused to comply with a doctor's orders to give plaintiff an extra blanket chrono and failed to comply with doctor's orders to give him his tennis shoe to help keep his feet warm.
> Desantis released into the general population a confidential memorandum that showed Clinton had accused another inmate of rape, thereby endangering his safety.  In addition, Desantis failed to inform medical personnel that Clinton had been raped and needed a "rape kit" performed.
> Marshall allowed retaliation against Clinton by correctional officers to continue after he was told by Clinton's mother that this was occurring.

---

[2]        Citations to the third amended complaint omitted.

3

> Riley failed to summon medical care for Clinton some time after the rape, and falsified unspecified documents to cover up for officers who publicized the rape.

Plaintiff does not challenge the accuracy of this summary.

## II.  SUMMARY OF PENDING MOTIONS

Doc. 100

Plaintiff states that, on January 12, 2008, he received "incomplete and disorganized documents from Deputy Attorney General Jeff Steel" and that the "documents have no order, and where [sic] thrown into an oversize box . . . to prevent Plaintiff from discovering what documents have been produced and what has not."  Plaintiff adds:

> The "ploy" by the defense is to dump chaos onto Plaintiff, to try to figure out, while pro se, what document Defendants are stating they complied with and what document defendants state that they refuse to produce.  This is a "game" to circumvent Discovery and overburden this Plaintiff and this Court.

Plaintiff seeks an order requiring defendants to produce documents "in the proper format." Plaintiff has not attached to his motion a copy of his discovery request or proof of service thereof, or a copy of defendants' responses.

Doc. 101

Plaintiff seeks an order compelling further responses to his request for production of documents, set no. nine, served on defendants on November 5, 2007.  Plaintiff has attached to his motion copies of his original discovery request and defendants' responses.

In request no. one, plaintiff asked defendants to "[p]roduce evidence and documentation that the following grievance by plaintiff, as a prison rape survivor and protecting his right to correspond to the Office of Sexual Abuse in Detention Elimination Ombudsperson was not obstructed pursuant to Penal Code 2641."  It appears that plaintiff attached to the discovery request a copy of the referenced grievance  Plaintiff specifically requested the following documents from "the following state and organizations and that his grievances were

4

mailed and received":

    1.    The Confidential Legal Mail log proving that this document was logged prior to being mailed;

    2.    A photocopy of the document with the envelope to prove it was received;

    3.    A CDC 193 Trust Withdraw slip proving that the Postage was applied to the envelope and prove that the postage was placed on plaintiff inmate trust as a lean on his account; and

    4.    The itemized deduction of the postage that was metered from zip code 93403 and to the receiving zip code, and as tracked by CDCR meter postage system called Pitney Bowes.

Defendants provided the following response:

    Responding Parties object to this request for production on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  In addition, the request is vague and ambiguous because it refers to "evidence from the following state and organizations," but does not name any.

    In request no. two, plaintiff sought "evidence and proof that plaintiff large box of legal documents was mailed, when he was immediately released, and because CDCR did not apply 2196 days towards his prison sentence."  In particular, plaintiff requested:

    1.    The Confidential Legal Mail log proving that this document was logged prior to being mailed;

    2.    A CDC 193 Trust Withdraw slip proving that the Postage was applied to the envelope and prove that the postage was placed on plaintiff inmate trust as a lean on his account; and

    3.    The itemized deduction of the postage that was metered from zip code 93403 and to the receiving zip code 72956, and as tracked by CDCR meter postage system called Pitney Bowes.

Defendants responded as follows:

    Responding Parties object to this request for production on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and is argumentative in that it assumes facts and propositions of law that are subject to dispute.

/ / /

In the third request, plaintiff asked for "documentation that plaintiff Petition for Writ of Habeas Corpus was mailed and sent to Beverly Hills Superior Court."  Plaintiff's request references "Exhibit 5," presumably attached to the discovery request.  As with his prior requests, plaintiff specifically sought the following:

> 1.   A CDC 193 Trust Withdraw slip proving that the Postage was applied to the envelope and prove that the postage was placed on plaintiff inmate trust as a lean on his account; and
>
> 2.   The itemized deduction of the postage that was metered from zip code 93403 and to the receiving zip code 90210, and as tracked by CDCR meter postage system called Pitney Bowes.

Defendants provided the following response:

> Responding Parties object to this request for production on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and is argumentative in that it assumes facts and propositions of law that are subject to dispute.  In addition, no Exhibit 5 was attached to Plaintiff's request for production of documents.

Doc. 103

Plaintiff seeks an order compelling further responses to his request for production of documents, set nos. one through six.  In these six discovery requests, plaintiff propounded a total of 118 separate requests for production of documents.  Specifically, in set no. one, plaintiff propounded 29 separate requests; in set no. two, plaintiff propounded 14 separate requests; in set no. three, plaintiff propounded 37 separate requests; in set no. four, plaintiff propounded 21 separate requests; in set no. five, plaintiff propounded 65 separate requests; and, finally, in set no. six, plaintiff propounded 32 separate requests.[3]

In his motion to compel, plaintiff states generally as to set no. one:

> Plaintiff request in Production of Documents Set Number One are reasonable because it will provide the court evidence if Plaintiff was actually involved in a sexual misconduct alleged by Defendants or, was Plaintiff really a rape victim the staff attempted to cover up to exonerate fellow staff of misconducts.  Mr. Steel's defense for Defendants is that it

---

[3]   The record does not reflect that defendants ever sought a court order pursuant to Federal Rule of Civil Procedure 26(b)(2)(A) limiting the number of discovery requests.

was Plaintiff's own "conduct" which caused the controversy.  If the dates of the files and documents do no match, it may provide this court with evidence, if in deed, Plaintiff was a publicized rape victim that staffs are attempting to portray the victim as a sexual deviant, if Plaintiff actually alerted staff prior to Plaintiff being publicized about his reported victimization, if Defendants have manipulated facts and reports to cover up their liability, and only after the publicizing by fellow staff that created such a serious controversy.

As to set no. three, plaintiff states generally:

It makes it impossible to conclude what a prison official what supposed to do and did not do, and without reviewing their signed job description.  It will provide Plaintiff clues if certain actions and constitutional violations where not within their job description or, was within their job description but it was due to corruption and code of silence that they did not act or, what roll they are actually responsible for.  Therefore, Plaintiff should be entitled to review their duties while acting under the color of the law. . . .

As to set no. six, plaintiff generally states:

Part of Defendants argument is that Plaintiff has an adequate administrative remedy to use.  Plaintiff will prove to this court that it is not adequate, and appellants face constant reprisals.  Even though the following requests are unusual, it is because Plaintiff has had first hand experience, and knows where the evidence is hidden. . . .

Plaintiff does not provide any introductory statement with respect to any of the other sets which are the subject of this motion to compel.  The court has been provided with copies of the discovery requests and responses at issue for sets one through five.[4]

/ / /

/ / /

/ / /

/ / /

/ / /

---

[4]    The discovery requests and responses are provided with defendants' oppositions.  Defendants, however, did not file an opposition as to set six.  While plaintiff provides the court with a copy of his request for production, set no. six, he does not provide defendants' responses.

In set no. one, plaintiff sought various memoranda and documents written by correctional officers, as well as the computer "properties" files associated with some of the requested memoranda and other documents.  As to the "properties" files, plaintiff argues in his motion to compel:

> . . . This staff, actually downloads these files onto a backup at least once a year, and audits all computer's to ensure that the state owned computer is not being used for personal use.  It is self evidence that if Microsoft can provide a copy of the properties file, that Defendants can to. . . .

Defendants responded to the requests in set no. one in one of three ways:  (1) they stated that they were not in possession or control of the requested documents; (2) they produced the documents; or (3) they objected based on relevance.

In set no. two, plaintiff sought, among other things, copies of his prison central and medical files.  He also sought:

1.  All video surveillance tapes showing his transfer to and from the "Lassen Yard Dental" and all incident reports relating to him submitted from November 23, 2004, through August 17, 2006;

2.  All "logs, duty rosters, and log entries" showing the dates and names of all correctional officers entering and exiting his housing unit between November 23, 2004, and March 17, 2005;

3.  All legal mail logs completed while he was at Trinity River Conservation Camp #3 in Lewiston, California, and the California Men's Colony in San Luis Obispo, California;

4.  A document showing the names of inmates who worked with plaintiff at the California Correctional Center, Sierra Yard, in Susanville, California;

5.  A copy of "Department Operation Manual Section 52080.20";

6.  A copy of "police reports, convictions, serious rule violations, disciplinary 128 A chrono's, classification 128 G chronos" for inmate Victor Mathieu; and

7.  A copy of a letter sent to J.S. Woodford on or about March 2005;

Defendants either produced requested documents or responded that the requested documents were not in their control or possession.

In set no. three, plaintiff sought production of the "signed job description" for various correctional officers (request nos. 1-27).  He also sought  "a document of Head Clerk Robert Morgan, where he was not granted computer access as a clerk, and due to his convictions of fraud" (request no. 28), and a copy of his job descriptions when he was at California Correctional Center (request nos. 29-35).   Additionally, plaintiff sought copies of any disciplinary infractions issued against defendants (request no. 36).  Finally, plaintiff sought copies of suits, grievances, and discipline reports filed against a list of 26 correctional officers.  As to request nos. 10, 14, and 29, defendants interposed no objections and produced documents.  As to request nos. 1-9, 11-13, and 15-27, in which plaintiff sought production of the job descriptions for correctional officers who are not defendants to this action, defendants objected on, among other grounds, the basis of relevance.  As to request nos. 28 and 30-35, defendants stated that they were not in possession or control of responsive documents.  As to request nos. 36 and 37, defendants objected that the documents sought were confidential personnel information.

In set no. four, plaintiff sought production of maintenance records and photographs.  Defendants responded that no responsive documents were in their possession or control.

In set no. five, plaintiff propounded 65 requests for production covering a variety of topics.  Defendants responded in one of several ways:  (1) that they did not have custody or control of responsive documents; (2) that the requested documents were not reasonably calculated to lead to the discovery of admissible evidence; (3) the discovery request is vague and ambiguous; (4) the discovery requests seeks confidential documents and violates the privacy rights of third parties; (5) the documents are equally available to plaintiff; or (6) documents were produced.

/ / /

/ / /

/ / /

1    And, finally, in set no. six, plaintiff sought documents relating to his inmate

2    grievances and administrative remedies.[5]

3    Doc. 106

4    Plaintiff seeks an order compelling further responses to his request for production

5    of documents, set no. eleven, in which he propounded nine requests for production of documents.

6    In his motion to compel, plaintiff states:

7    The purpose of these production of documents is to provide
     evidence of what prison officials knew or should have known about
     Plaintiff's untreated prisoner rape, and enforces accountability and
8    responsibility for state official's deliberate indifference while acting under
9    the color of the law.

10   As to request no. 1, defendants responded that the request sought privileged information and was

11   vague and/or ambiguous.  As to request nos. 2 and 4-7, defendants stated that they do not have

12   any responsive documents in their possession, custody, or control, and as to request no. 8.,

13   defendants produced documents.  As to request nos. 3 and 9, defendants objected that the request

14   was vague and/or ambiguous.  The court has been provided with copies of the discovery requests

15   and responses at issue in Doc. 106.

16   Doc. 107

17   Plaintiff challenges defendants' responses to his request for production, set no.

18   ten, in which he propounded ten separate requests.  As to request nos. 2, 3, 8, and 10, defendants

19   stated that they do not have any responsive documents in their custody or control.  As to request

20   nos. 7 and 9, defendants produced documents.  As to request nos. 1 and 4, defendants objected

21   that the request was vague and ambiguous.  As to request no. 5, defendants objected that the

22   request was overbroad.  As to request no. 6, defendants objected that the information sought was

23   protected by the attorney-client privilege.  In his motion to compel, plaintiff does not address

24

25   [5]    As indicated above, plaintiff has not provided a copy of defendants' response and
     defendants did not file an opposition to plaintiff's motion regarding set no. six.  Therefore, the
26   court does not know how defendants responded.

10

1   defendants' specific responses.  Instead, he offers a statement for each request purporting to

2   support the relevance of the requested information.  The court has been provided copies of the

3   discovery requests and responses thereto.

4                    Doc. 108

5                    This motion concerns defendants' responses to plaintiff's request for production

6   of documents, set no. eight, in which he propounded 38 document requests.  Defendants

7   responded in several ways:  (1) as to request nos. 1-6 and 18-21, in which plaintiff sought

8   production of photographs, and request nos. 7, 8, 10-13, 15-17, 23-25, 27-31, and 38, defendants

9   responded that they do not have in their possession or control any responsive photographs or

10  documents; (2) as to request no. 37, in which plaintiff sought production of portions of California

11  regulations, defendants objected because the request was argumentative and also because no

12  regulations purporting to establish what plaintiff sought exist; (3) as to request nos. 26, 32, and

13  36, defendants produced documents; (4) as to request no. 9, defendants objected because the

14  request was vague and because it was not reasonably calculated to lead to admissible evidence;

15  and (5) as to request nos. 14 and 33-35, defendants objected that the request was not reasonably

16  calculated to lead to admissible evidence.

17                    In his motion to compel, plaintiff states generally as follows:

18                         The purpose of these productions of documents is to provide the
        court with relatively simple ways to stop prisoner rape.  if Plaintiff can
19      provide simple and logical steps to reduce sexual violence and abuse in
        prison, it should then be obvious to the experts of the prison system, and
20      can provide evidence that Defendants nurture an environment what places
        Gay Bisexual Transgender and Questioning inmates at serious risk of
21      sexual violence and abuse.  These acts contribute to deliberate indifference
        factors, and can also be draw from similar inmates of the same protected
22      class in the state of California and their incident that are similar to
        homosexual Plaintiff's.

23

24  The court has been provided with copies of the discovery requests and defendants' responses.

25  ///

26  ///

Case 2:05-cv-01600-JAM-CMK   Document 185   Filed 09/16/08   Page 12 of 40

Doc. 109

Plaintiff challenges defendants' responses to his request for production of documents, set no. seven. Plaintiff attaches his discovery request to his motion, but does not provide a copy of defendants' responses. Defendants have not filed an opposition to plaintiff's motion to compel regarding set no. seven.

<u>Docs. 117 and 118</u>

These motions relate to defendants' responses to his request for production of documents, set no. thirteen, in which plaintiff propounded 45 document requests. As to request nos. 1-3, 5-13, 15, 19-21, 23-26, 28, 29, 31-34, 36-41, and 43-45, defendants objected because the requests were not reasonably calculated to lead to admissible evidence; as to request nos. 1-5, 8-12, 14-23, 25, 26, and 31-44, defendants responded that they did not have in their possession or control any responsive documents; as to request nos. 3 and 30, defendants responded that the request was vague; as to request no. 13, defendants added that the request was overly burdensome; and, as to request no. 27, defendants added that the request invades the privacy rights of third parties. The court has been provided with copies of the discovery requests and responses at issue.

<u>Doc. 138</u>

Plaintiff asks the court to "issue a subpoena or Order to Dr. Austin and his JFA Institute to produce the evidence which supports that his report that 100% of prisoner rapes in 2004 is accurate, and that he received that number from what individual at California Department of Corrections and Rehabilitation." Given that Dr. Austin is not a party to this action and plaintiff seeks production of documents, plaintiff's request is governed by Federal Rule of Civil Procedure 45, which sets for the rules for issuance of subpoenas. Defendants have not responded to this request.

/ / /

/ / /

1     <u>Doc. 139</u>

2          Plaintiff seeks a court order directing "Counsel and Defendants swear under

3   declaration of penalty of perjury that their responses to Requests for Production of Documents is

4   true and correct. . . ."  Defendants have not responded to this request.

5     <u>Docs. 142, 146, 147, 148, 149, 150, and 151</u>

6          Each of these motions is entitled "Motion for Court to Acknowledge Attached

7   Document as Genuine and as Admissible Evidence."  Attached to these motions are the

8   following documents:

9        1.   A survey commissioned by GLSEN and researched by Harris Interactive
            entitled "From Teasing to Torment:  School Climate in America" (attached
10          to Doc. 142);

11       2.   A report by the American Civil Liberties Union entitled "Still in Danger:
            The Ongoing Threat of Sexual Violence against Transgender Prisoners"
12          (attached to Doc. 146);

13       3.   A Bureau of Justice Statistics special report on California's Prison Rape
            Elimination Act of 2003 entitled "Sexual Violence Reported by
14          Correctional Authorities, 2004" (attached to Doc. 147);

15       4.   A report by the JFA Institute entitled "Sexual Violence in the Texas Prison
            System" (attached to Doc. 148);
16
         5.   A study by the University of California, Irvine, Center for Evidence-Based
17          Corrections entitled "Violence in California Correctional Facilities:  An
            Empirical Examination of Sexual Assault" (attached to Doc. 149);
18
         6.   A Bureau of Justice Statistics special report on California's Prison Rape
19          Elimination Act of 2003 entitled "Sexual Victimization in State and
            Federal Prisons Reported by Inmates, 2007" (attached to Doc. 150); and
20
         7.   A report by Stop Prisoner Rape entitled "In the Shadows:  Sexual Violence
21          in U.S. Detention Facilities" (attached to Doc. 151).

22   Defendants have not responded to these motions.

23   / / /

24   / / /

25   / / /

26   / / /

13

1    <u>Doc. 156</u>

2         Plaintiff seeks further responses to his request for production, set no. fourteen, in

3    which he propounded six document requests.  As to request nos. 1, 3, 5, and 6, defendants stated

4    that they have no responsive documents in their control or custody.  As to request no. 2,

5    defendants objected on the grounds that the request is compound, vague and/or ambiguous, and

6    responsive documents had previously been produced.  As to request no. 4, defendants produced

7    responsive documents.  In his motion to compel, plaintiff states:

8              Plaintiff has requested Defendants produce their responses to the
        Bureau of Justice Statistics, and which states that 100% of all prisoners on
9       prisoner rapes were authenticated in the year 2004.  This contradicts
        official state records that are used for evidence and records and for this
10      suit.  It is going to be very difficult to hold a trial if the documents that
        must be used at trial cannot be considered reliable and accurate.
11             Plaintiff has also requested additional property files of other
        documents to ensure that they were not re-written after prison officials
12      developed personal liability, and should be entitled to prove if documents
        were destroyed to cause irreparable harm to Plaintiff's suit.  Plaintiff has a
13      right to question and challenge that the document to be used at trial are
        reliable and accurate.  Therefore, Plaintiff's following requests are
14      reasonable, and should be granted. . . .

15   Plaintiff has provided the court with a copy of his discovery requests and defendants' responses

16   thereto.

17   <u>Doc. 170</u>

18        Doc. 170 is entitled "Motion to Compel Special Interrogatories Set Number:

19   One."  However, this is not a motion compel in the sense that plaintiff served discovery requests

20   and defendants either did not respond or responses were incomplete.  Rather, plaintiff "requests

21   that Defendants Counsel have specific inmates complete the following documents as evidence

22   pertaining to this suit."  Attached to plaintiff's motion are questionnaires plaintiff would like to

23   have completed by inmates Donald Long and Reuben Roberts.  Defendants have not responded

24   to this motion.

25   / / /

26   / / /

Doc. 172

In his "Request for Court Order Number:  One" plaintiff seeks an order requiring "Defendant to prove that it teaches its inmates and staff to be tolerant and educate about anti violence."  Defendants have filed an opposition.

Doc. 173

In his "Request for Court Order Number:  Two" plaintiff seeks an order requiring "Defendant to prove its stand, with evidence supporting their defense, and that all of these policies existed in 2004-2005."  Defendants have filed an opposition.

Doc. 166

Defendants state that they properly noticed plaintiff's deposition for May 14, 2008, in Sacramento, California, but that plaintiff did not file a motion for protective order and simply failed to attend.  Defendants seek an order either precluding plaintiff from offering his own testimony as a sanction, or compelling him to appear for a deposition and to pay sanctions for his prior failure to attend.  Plaintiff's response to defendants' motion is attached to Doc. 170.

Doc. 182

Defendants seek an order modifying the court's January 4, 2008, scheduling order "to allow all parties to complete discovery, and file and respond to dispositive motions." Pursuant to the current scheduling order, discovery closed on June 27, 2008, and all dispositive motions were due to be filed within 60 days of that date.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# III.  DISCUSSION

## A.    **Plaintiff's Discovery Motions**

Before addressing plaintiff's specific motions, the court will outline the legal standards generally applicable to discovery motions.  With respect to motions to compel where no responses have been served, Federal Rule of Civil Procedure 37(d) provides, in pertinent part, as follows:

> If a party...fails...to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or...to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraph (A), (B), and (C) of subdivision (b)(2) of this rule.

Further, the rule provides that the failure to serve timely responses to discovery may not be excused on the ground that the discovery sought is objectionable unless the party so asserting has a motion for a protective order pending.  See Fed. R. Civ. P. 37(d).

With respect to motions to compel further responses, discovery may generally be obtained  "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1).  Relevancy in the discovery context has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is in the case.  See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)).  Therefore, a discovery request directed at discovering a matter which is not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Federal Rule of Civil Procedure 26(b)(1).  See id. Consistent with this rule, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.  See id. at 351.  Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits.  See id.

1    Discovery may not be obtained regarding matters which are privileged.  See Fed.

2  R. Civ. P. 26(b)(1).  Thus, if a discovery privilege exists, information may be withheld, even if

3  relevant to the case.  See Baldridge v. Shapiro, 455 U.S. 345 (1982).  The question of privilege is

4  determined by reference to the Federal Rules of Evidence.  See Campbell v. Gerrans, 592 F.2d

5  1054 (9th Cir. 1979).  Generally, questions of privilege "shall be governed by the principles of

6  the common law as they may be interpreted by the courts of the United States in the light of

7  reason and experience."  Fed. R. Evid. 501.  However, in civil actions which do not raise a

8  federal question, the question of privilege is determined by state law.  See Fed. R. Evid. 501.

9  But, "when state privilege law is consistent, or at least compatible with, federal privilege law, the

10  two shall be read together in order to accommodate the legitimate expectations of the state's

11  citizens."  Pagano v. Oroville Hosp., 145 F.R.D. 683, 687 (E.D. Cal. 1993).

12    Relevant non-privileged discovery may be limited if:  (1) the discovery sought is

13  unreasonably cumulative or duplicative, or is obtainable from some other source that is more

14  convenient; or (2) the burden or expense of the proposed discovery outweighs its likely benefit,

15  taking into account the needs of the case, the amount in controversy, the parties' resources, the

16  importance of the issues at stake in the litigation, and the importance of the proposed discovery

17  in resolving the issues.  See Fed. R. Civ. P. 26(b)(2).

18    The court next turns to each of plaintiff's discovery motions.

19    Doc. 100

20    In this motion, plaintiff appears to complain about the method in which

21  defendants' counsel responded to his various requests for production of documents.  Plaintiff

22  seeks an order requiring counsel to produce documents "in the proper format."  Because plaintiff

23  does not reference any particular discovery request or response thereto, there is no relief the court

24  can grant on this motion, which will be denied.

25  ///

26  ///

1    Doc. 101

2        Relevant to the discovery request which is the subject of this motion, defendants

3    provide the following background from plaintiff's complaint:

4            Clinton claims that Desantis released into the general population a
        confidential memorandum that showed Clinton had accused another
5        inmate of rape, thereby endangering his safety.  In addition, Desantis
        allegedly failed to inform medical personnel that Clinton had been raped
6        and needed a "rape kit" performed.  (Pl.'s Third Am. Compl. pp. 1-2).
            Clinton claims that Marshall allowed retaliation against Clinton by
7        correctional officers to continue after he was told by Clinton's mother that
        this was occurring.  (Pl.'s Third Am. Compl. p. 20).
8            Finally, Clinton claims that Riley failed to summon medical care
        for Clinton some time after the rape, and falsified unspecified documents
9        to cover up for officers who publicized the rape.  (Pl.'s Third Am. Compl.
        pp. 3-4).

10

11   Defendants argue that their responses to plaintiff's request for production of documents, set no.

12   nine, were sufficient.

13       As to plaintiff's first request in set no. nine, the court sustains defendants'

14   objection that the request is vague and ambiguous.  In particular, plaintiff refers to "the following

15   state and organizations" but doe not provide any specificity.  As such, the request was not

16   adequate for defendants to provide a meaningful response.  Additionally, the request appears to

17   relate to documents establishing that defendants interfered with plaintiff's ability to pursue a

18   prison grievance.  Such a claim, however, is not part of this action.

19       As to the second and third requests – which seek documents establishing that

20   defendants interfered with his legal mail and/or access to the court – defendants are correct that

21   no such claims are present in the operative complaint in this case.  Therefore, defendants'

22   objection that the requests are not calculated to lead to admissible discovery is sustained.

23       Plaintiff's motion to compel at Doc. 101 will be denied.

24   / / /

25   / / /

26   / / /

1                  <u>Doc. 103 (re: set no. one)</u>

2                  Defendants' opposition to plaintiff's motion indicates that they responded to the

3  requests in plaintiff's set no. one in one of three ways:  (1) as to request nos. 1, 2, 3, 5, 9, 10, 11,

4  12, 13, 14, 15, 17, 18, 19, 20, 22, and 23, they indicated that they were not in control of

5  possession of responsive documents; (2) as to request nos. 4, 6, 7, 8, 16, 21, 24, and 25, they

6  interposed no objection and produced documents; and (3) as to request nos. 27, 28, and 29, they

7  objected on the ground of relevance.  As defendants indicate, responding that documents are

8  neither in their possession or control is an adequate response and plaintiff bears the burden on a

9  motion to compel of establishing that the documents are in fact in defendants' possession or

10  control.  Plaintiff has not met this burden.  As to request nos. 4, 6, 7, 8, 16, 21, 24, and 25,

11  defendants produced the documents and plaintiff has not presented any argument to persuade the

12  court that the documents produced were non-responsive to the requests.

13                  As to request nos. 27, 28, and 29, defendants contend the documents sought are

14  not reasonably calculated to lead to the discovery of admissible evidence.[6]  In request no. 27,

15  plaintiff sought documents relating to claims of wrongdoing by correctional officer Geovenetti.

16  Geovenetti is, however, not a defendant to this action.  In request no. 28, plaintiff sought

17  document relating to allegedly retaliatory prison transfers.  Plaintiff does not, however, claim that

18  any of the remaining defendants were responsible for prison transfers.  In request no. 29, plaintiff

19  sought documents relating to "staff" housing assignments.  Again, plaintiff does not claim that

20  any of the remaining defendants were responsible for such assignments.  For these reasons,

21  defendants objection is sustained.

22                  Plaintiff's motion to compel at Doc. 103 will be denied with respect to request for

23  production, set no. one.

24  / / /

25

26       [6]      Defendants also asserted other objections.

1        Doc. 103 (re: set no. two)

2             As indicated above, defendants responded to the requests in set no. two by either

3    producing documents or stating that the requested documents were not in their control or

4    possession.[7]  Specifically, defendants produced plaintiff's central prison file.  As to all other

5    requests, defendants stated that the documents sought were not in their control or possession and

6    plaintiff has not met his burden of establishing that this is not true.

7             Plaintiff's motion to compel at Doc. 103 will be denied with respect to request for

8    production, set no. two.

9        Doc. 103 (re: set no. three)

10            As to request nos. 10, 14, and 29, defendants interposed no objections and

11   produced documents.  Plaintiff has not established in his motion to compel that the documents

12   produced were non-responsive to these requests.  As to request nos. 1-9, 11-13, and 15-27, in

13   which plaintiff sought production of the job descriptions for correctional officers who are not

14   defendants to this action, defendants objected on, among other grounds, the basis of relevance.

15   Given that none of the requested documents relate to individuals who remain as defendants, this

16   objection is sustained.  As to request nos. 28 and 30-35, defendants stated that they were not in

17   possession or control of responsive documents.  Again, plaintiff has not established that this is

18   not so.  Finally, as to request nos. 36 and 37, defendants objected that the documents sought were

19   confidential personnel information and this objection is sustained.

20            Plaintiff's motion to compel at Doc. 103 will be denied with respect to request for

21   production, set no. three.

22   / / /

23   / / /

24   / / /

25

26        [7]        Defendants also interposed various objections.

Doc. 103 (re: set no. four)

In set no. four, plaintiff propounded 21 requests for production.  In request nos. 1-13 and 16-21, plaintiff sought photographs.  In request nos. 14 and 15, plaintiff sought maintenance records.  Defendants responded that the requested documents were not in their possession or control and plaintiff has not met his burden of establishing otherwise.

Plaintiff's motion to compel at Doc. 103 will be denied with respect to request for production, set no. four.

Doc. 103 (re: set no. five)

Defendants responded to plaintiff's request for production of documents, set no. five, in one of several ways:  (1) that they did not have custody or control of responsive documents; (2) that the requested documents were not reasonably calculated to lead to the discovery of admissible evidence; (3) the discovery request is vague and ambiguous; (4) the discovery request seeks confidential documents and violates the privacy rights of third parties; (5) the documents are equally available to plaintiff; or (6) documents were produced.  While plaintiff's motion to compel does not specifically argue that defendants' responses were inadequate, it appears that plaintiff nonetheless seeks further responses.  The court will address each of defendants' responses in turn.

As to request nos. 2, 12, 14-18, 21, 24, 26, 28-31, 33, 36, 44-48, and 53, defendants indicated that they do not have custody or control of responsive documents.  Plaintiff has not met his burden of establishing otherwise.

In response to request nos. 3-7, 25, 49, 56, 61, and 63, defendants objected on the grounds that the documents sought are not reasonably calculated to lead to the discovery of admissible evidence because plaintiff does not allege that any of the documents relate to the remaining defendants.  For example, defendants argue:

> Requests for Production 5, 6, and 7 call for production of records pertaining to an inmate named Vincent Ramirez, who allegedly was punished for having long hair, then released from prison when the

21

punishment was reversed. . . .  [Plaintiff] does not explain, however, why his situation was similar to that of inmate Ramirez, and it appears from Clinton's recitation of the facts that it was not.  Clinton does not explain why the claimed reversal of Ramirez's punishment for wearing long hair has any bear[ing] on any of his allegations against Cooper, Desantis, Riley, or Marshall, nor does he state what acts of omissions by Cooper, Desantis, Riley, or Marshall resulted in discriminatory treatment. . . .

Similarly, request no. 4 sought records relating to a telephone call between R. Arbini and the Director of Corrections regarding plaintiff's release date but plaintiff does not indicate how this information would relate to any of plaintiff's claims against the remaining defendants.  Upon reviewing defendants' relevance objections and the specific document requests prompting them, the objections are sustained.

In response to request nos. 8-11 and 43, defendants stated that the requests were too vague and/or ambiguous for them to formulate a substantive response.  The court agrees.  In request no. 8, for example, plaintiff sought:

Produce any and all complete documents of California Department of Corrections and Rehabilitation copy provided to them by law and to ensure that inmates are protected by Due Process, and the date provided to the by law of assembly bill 3000 year 2001-2001, and appropriate California Code of Regulations, Penal Code, and laws that were passed in relation to that bill and which explains in detail the Due Process for each and every section that inmates have a non adverse transfer of Conservation Camp Prisoners.

In request no. 11, plaintiff sought:

Produce any and all complete documents that were used to ensure the adequate processing of plaintiff prisoner rape that he reported under the custody of California Correctional Center, Susanville, California, and that would have been used from November 23, 2004, through March 17, 2005.

These examples demonstrate the confusing nature of many of plaintiff's requests.  The court sustains defendants' objections that requests 8-11 and 43 are too vague and/or ambiguous.

/ / /

/ / /

/ / /

1     As to request no. 13, defendants objected on the grounds of relevance and privacy.

2  Defendants also indicated that they do not have possession or control of responsive documents.

3  In request 13, plaintiff sought:

4         Produce any and all complete certificate of completion in relation
        to the rape training manuals, which was used to ensure that staff were
5         adequately trained in processing of prisoner rape, at California Correction
        Center, Susanville, from dates November 23, 2004 through March 17,
6         2005, and for each and every defendant named in plaintiff's Complaint.

7  As to the 41 defendants who are no longer parties to this action, the court agrees with defendants

8  that the discovery request seeks confidential personnel information and invades the privacy rights

9  of non-parties.  In addition, plaintiff has not met his burden of establishing that defendants do in

10  fact have possession or control of responsive documents.

11         In request no. 19, plaintiff sought:

12         Produce the complete policies, procedures, written customs,
        memorandums, rules and regulations, documents, and/or whatever else is
13         determined necessary to provide, with specificity, what Warden John
        Marshall uses as case factors, when determining if he will accept the
14         transfer of an inmate from another institution to California Men's Colony
        State Prison.

15

16  Defendants objected, and did not produce documents, on the grounds of relevance and

17  vagueness.  The court agrees that it is vague in that no time period is specified.  In response to

18  plaintiff's motion, defendants state that they "do not object to producing documents in their

19  possession, custody, or control showing the criteria used for accepting or rejecting prisoners

20  during [the relevant] time period."  Defendants further state that the relevant time period is "the

21  period of time that Clinton was at CMC."  Defendants will be directed to produce these

22  documents if they have not already done so.

23         In request nos. 20 and 23, plaintiff sought copies of California statutory law.  The

24  court sustains defendants' objection that this information is equally available to plaintiff.

25         In response to request nos. 22, 42, and 54, defendants produced documents and

26  plaintiff has not established that the documents produced are inadequate or non-responsive.

23

In request no. 27, plaintiff sought:

> . . . Produce any and all complete documents created or already in use with the date, time, place, serious rules violation with log number, name of the inmate aggressor and CDC number of the inmate that violated these rules of conduct, for the years 2001-2006, and to prove that CDCR enforces these policies to protect prisoners from hostile violence and victimization based on sexual orientation.

The court agrees with defendants that this request is burdensome in that it would require defendants to search for responsive documents from every California prison.  Further, as defendants note, the request seeks documents relating to non-parties which are confidential.  Defendants' objections are sustained.

As to request 32, defendants objected because the discovery sought is not reasonably calculated to lead to admissible evidence and because the request is vague and/or ambiguous.  In request no. 32, plaintiff sought:

> Produce any and all documents when Warden K. Prosper, at California Correctional Center, Susanville, California is in mutual agreement and in compliance with all the evidence necessary by the District Attorney, to prosecute inmates violated for prisoner rape, which would fall between the dates of November 23, 2004, through March 17, 2005, for Lassen County District Attorney's Office.

The court agrees that the phrase "in mutual agreement and in compliance with all the evidence necessary by the District Attorney" is vague and/or ambiguous.  Defendants could not know what plaintiff was seeking.  Defendants' objection is sustained.

Regarding request nos. 34 and 25, defendants objected because the discovery sought is not reasonably calculated to lead to admissible evidence, because the request is unduly burdensome, and because the request seeks confidential third-party information.  In request no. 34, plaintiff sought information concerning a sexual assault by inmate Hayes upon inmate Snyder.  In request no. 35, plaintiff sought documents relating to inmate Hayes.  The court sustains defendants' objection that the requests invade the privacy rights of third parties.

/ / /

24

In request nos. 37 and 38, plaintiff sought information from the personnel files of every correctional officer at California Correctional Center and California Men's Colony.  In request nos. 39 and 40, plaintiff sought the personnel files of each of the 45 original defendants to this action even though only four remain.  Not only are these requests unduly burdensome, they are overbroad and seek confidential personnel information.  Defendants' objections are sustained.

In request no. 41, plaintiff sought:

> Produce the prison staff's names in their official and individual capacity, that are in a supervisory position in Sacramento, are responsible for providing, ordering, and ensuring that information from the Prison Rape Elimination Act 2003 and it's commission, National Institution of Corrections, and Department of Justice video's are watched and its sub institutions and created an action plan to protect prisoners from prisoner rape.

The court agrees with defendants that this request, as a request for production of documents, is vague in that it does not specify what documents are sought.[8]  Defendants' objection is sustained.

In their opposition to plaintiff's motion to compel, defendants' counsel indicates that no document responsive to request nos. 50 and 51 are in defendants' possession, control, or custody.  Defendants will be required to supplement their responses to request nos. 50 and 51, if they have not already done so, to reflect this.

In request no. 52, plaintiff seeks the names of correctional officers at California Correctional Center who participated in certain training programs.  Because none of the remaining defendants worked at California Correctional Center at the time relevant to this complaint, the request necessarily does not seek training information pertaining to defendants. As such, the court agrees with defendants that the request is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants' objection is sustained.

/ / /

---

[8]   This discovery request may more appropriately have been propounded as an interrogatory.

1     In request no. 55, plaintiff sought "transfer sheets" for inmates transferred "from

2  one cell to another" on "that day" without specifying the inmates, prison, or date.  Therefore, the

3  court sustains defendants' objection that the request is vague and ambiguous.

4     As to request nos. 57 and 64, defendants agree to supplement their responses to

5  provide the requested documents.

6     In request nos. 58 and 59, plaintiff sought information regarding the processing of

7  his property upon his release on parole in August 2005.  Defendants objected that the discovery

8  sought is not reasonably calculated to lead to admissible evidence because plaintiff does not

9  claim in this case that any defendants violated his civil rights with respect to processing his

10  property.  The court agrees that the discovery sought is not relevant and sustains the objection.

11     In request no. 60, plaintiff sought:

12         Produce any and all complete documents with the names of the
    Officer in Charge on the date that homophobic correctional officers copied
13         plaintiff confidential memorandum detailing a prisoner rape by an
    opposing race, and releasing that documents to have plaintiff killed by
14         prisoners.

15  Defendants objected on the grounds that, among others, the request is argumentative and vague.

16  The court agrees.  Certainly, the request is argumentative in that it refers to "homophobic

17  correctional officers" who allegedly acted with the intent to "have plaintiff killed by prisoners."

18  Further, the request is vague as to date and place.  Defendants' objections are sustained.

19     In request no. 62, plaintiff sought:

20         Produce a full and complete document that shows the name of the
    Correctional Officer that was assigned to Correctional Officer Coopers
21         post, in California Correctional Center Administrative Segregation Unit,
    and from February 1st through 24th of 2005.

22

23  Defendants objected on the basis that the request is vague and/or ambiguous.  The court agrees

24  and cannot discern any relevance to this request.  Defendants' objection is sustained.

25  ///

26  ///

26

1    In request no. 65, plaintiff sought:

2    Produce any and all full and completed statements signed, typed or
written by any Defendant's or individuals pertaining to plaintiff's
3    punishment and for staff publicizing the plaintiff's prisoner rape.

4    As with request no. 60, this request is argumentative in that it references the alleged "publicizing

5    of plaintiff's prisoner rape." The request is also vague in that plaintiff does not identify the

6    specific acts or events about which he seeks information. Defendants' objections are sustained.

7    Except where defendants are directed to produce documents and/or supplement

8    their responses, as discussed above, plaintiff's motion to compel at Doc. 103 will be denied with

9    respect to request for production, set no. five.

10    Doc. 103 (re: set no. six)

11    As indicated above, plaintiff has not provided the court with defendants'

12    responses to this discovery request. Therefore, it is impossible to determine whether defendants'

13    responses were adequate. For this reason, plaintiff's motion to compel at Doc. 103 will be

14    denied with respect to request for production, set no. six.

15    Doc. 106

16    Plaintiff's motion at Doc. 106 concerns his nine requests for production in set no.

17    eleven. As to request no. 1, defendants responded that the request sought privileged information

18    and was vague and/or ambiguous. As to request nos. 2 and 4-7, defendants stated that they do

19    not have any responsive documents in their possession, custody, or control, and as to request no.

20    8., defendants produced documents. As to request nos. 3 and 9, defendants objected that the

21    request was vague and/or ambiguous.

22    In request no. 1, plaintiff sought:

23    Produce the guidelines, procedures, memorandums, rules and
regulations, policies, or what ever document is necessary to provide
24    evidence of the required duties of administrative segregation correctional
staff, for the years of 2004-2005, to be informed as to why each inmate is
25    in the Administrative Segregation Unit, so they can protect and manage
the inmate in protective custody, and why they are in protective custody.

26

27

1    Defendants objected on the grounds that the request sought privileged information and was vague

2    and/or ambiguous.  In response to plaintiff's motion to compel, defendants argue:

3
         The dispute of Request 1 highlights the validity of Defendants'
4      objection that the request calls for privileged official information and is
     vague and ambiguous.  Defendants claimed the privilege because the
5      request potentially encompasses post orders that contain information that,
     if disclosed, could endanger the safety and security of the institution.
6      Clinton opposes the privilege claim by arguing that he is asking only for
     job descriptions, not post orders.  (Pl.'s Mot. to Compel, pp. 3-4).  If that
7      is the limit of the request, Defendants agree that the official information
     privilege does not apply.  If that is the limit of the request, however, there
8      is nothing to produce.  As Clinton points out, he has access to the general
     job descriptions for correctional officers on the internet.  (Pl.'s Mot. to
     Compel, p. 3).
9

10   The court finds defendants' argument persuasive.  If plaintiff is limiting his request to job

11   descriptions, as he indicates in his motion to compel, then the information sought in request no. 1

12   is already available to him.  To the extent the request is not limited, the official information

13   privilege would seem to apply.

14        As to request nos. 2 and 4-7, defendants responded that they do not have

15   responsive documents in their custody or control and plaintiff has not met his burden of

16   establishing otherwise.  As to request no. 8, defendants produced documents and plaintiff has not

17   shown that the documents produced are non-responsive or incomplete.

18        As to request nos. 3 and 9, defendants objected that the requests were vague and

19   ambiguous.  The court agrees.  In request no. 3, plaintiff stated:

20
         In Plaintiff's prison rape hearing by the Department of Justice Mr.
21      McFarland stated, "These are addressed to either of you, whoever wishes
     to address them.  What prisoner information do you request from the
     sheriff's officer failed they are sending?"  Mr. Dovey stated, "It varies on
22      counties.  ***If it were up to us, we would request everything we can.***"
     (emphasis in original).
23

24   This request is indeed vague in that it does not describe any documents to be produced.  In

25   request no. 9, plaintiff lists 22 names, including the governor and current and former director of

26   the California Department of Corrections and Rehabilitation, and appears to seek the following

documents as to each listed individual:

       1.    Documentation as to when they were assigned to a particular post;

       2.    Documentation as to job duties for assignments to administrative segregation; and

       3.    Time cards between November 2004 and February 2005.

As plaintiff indicates regarding request no. 1, he has access to job descriptions. Job posting assignments and time cards are privileged and/or confidential. For these reasons, the court will deny plaintiff's motion to compel.

       Plaintiff's motion to compel at Doc. 106 will be denied.

       <u>Doc. 107</u>

       Plaintiff's motion at Doc. 107 concerns defendants' responses to his request for production, set no. 10, in which he propounded ten document requests. As to request nos. 2, 3, 8, and 10, defendants stated that they do not have any responsive documents in their custody or control and plaintiff has not met his burden of showing otherwise. As to request nos. 7 and 9, defendants produced documents and plaintiff has not demonstrated that the documents were non-responsive or incomplete.

       As to request nos. 1 and 4, defendants objected that the request was vague and ambiguous. The court agrees. In request no. 1, plaintiff sought:

       Produce California Department of Corrections and Rehabilitation, contract agreement with the Department of Justice, to implement and adequate administrative remedy within the prison, and to ensure that inmates can comply with the Prison Litigation Reform Act, and from the years of 2004 to present.

In their opposition to plaintiff's motion to compel, defendant state – for the first time – that they are not aware of any contract with the Department of Justice and that this is why they believe the request is vague. As to compliance with the Prison Litigation Reform Act, defendants directed plaintiff's attention to California Code of Regulations, title 15, section 3-084, et seq., which describes the administrative grievance procedure. Because defendants did not specify in their

original response to plaintiff's discovery request that they are unaware of any contract between the California Department of Corrections and Rehabilitation and the Department of Justice, they will be required to serve supplemental responses to this effect.

As to request no. 5, defendants objected that the request was overbroad. The court agrees. In request no. 5, plaintiff sought:

> Produce any and all e-mails from any California State agency, corrections, departments, and etc. that pertains to plaintiff lawsuit, prison rape, and anything pertaining to plaintiff whatsoever.

This request is clearly overbroad in that, for example, it is not limited as to time. It is also overbroad in that it seeks documents from state agencies which are completely unrelated to plaintiff's case. Defendants' objection is sustained.

As to request no. 6, defendants objected that the information sought was protected by the attorney-client privilege. In request no. 6, plaintiff sought:

> Produce any and all correspondence between the Department of Justice and California Department of Corrections and Rehabilitation, and in relation to plaintiff.

To the extent plaintiff refers to the state Department of Justice, a division of which is the state Attorney General's office representing defendants in this case, the request does in fact seek privileged information.

Except where defendants are directed to supplement their responses, as discussed above, plaintiff's motion to compel at Doc. 107 will be denied.

Doc. 108

Plaintiff's motion challenges defendants' responses to his 38 requests in his request for production of documents, set no. eight. As to request nos. 1-6 and 18-21, in which plaintiff sought production of photographs, and request nos. 7, 8, 10-13, 15-17, 23-25, 27-31, and 38, defendants responded that they do not have in their possession or control any responsive photographs or documents. This is an adequate response and plaintiff has not demonstrated that the requested photographs and documents are in fact in defendants' possession or control. As to

1   request no. 37, in which plaintiff sought production of portions of California regulations,

2   defendants objected because the request was argumentative and also because no regulations

3   purporting to establish what plaintiff sought exist.  This response is also adequate.  As to request

4   nos. 26, 32, and 36, defendants produced documents and plaintiff has not raised any argument

5   that the documents produced are incomplete or non-responsive.  Defendants' objections are

6   sustained.

7          As to request no. 9, defendants objected because the request was vague and

8   because it was not reasonably calculated to lead to admissible evidence.  In request no. 9,

9   plaintiff sought:

10                 Produce a full and complete copy of California Men's Colony State
                   Prison – West Facility Anger Management Program offered at the Chapel.
11

12   While this request does not seem particularly vague and/or ambiguous, the court agrees with

13   defendants that it is not reasonably calculated to lead to admissible evidence.  In particular, as

14   defendants note, plaintiff does not claim in this action that any of the remaining defendants were

15   involved with any anger management program or that they improperly denied plaintiff access to

16   such a program.  Defendants' objection is sustained.

17          As to request nos. 14 and 33-35, defendants objected that the requests were not

18   reasonably calculated to lead to admissible evidence and were argumentative in that they assume

19   disputed facts and propositions of law.  In request no. 14, plaintiff sought:

20                 Produce a document providing evidence that Correctional Sgt.
                   Geovenetti was/is assigned to California Men's Colony State Prison –
21                 West facility, Unit II, Second Watch.

22   In request no. 33, plaintiff sought:

23                 Produce CDCR Policy that proves that CDCR has created a Prison
                   Rape Elimination Act Inmate Advisory Council at each institution,
24                 composed on inmates that are targeted and prone to victimization and
                   violence, and to permit each institution to stop prisoner rape and violence
25                 at their local institution.  Proving that CDCR is serious about prisoner rape
                   being a top priority as ordered by the Director of Corrections and the
26                 Sexual Abuse in Detention Elimination Act.

1    In request no. 34, plaintiff sought:

2                CDCR has mandatory Education Programs for inmates that do not
        have their G.E.D., High School Diploma Equivalence, and/or have less
3        than a T.A.B.E. score of 8.0.  Produce the policy within the education
        department in which these inmates must read reports by Stop Prisoner
4        Rape, National Gay and Lesbian Task Force and Human Rights Watch,
        and Anti-Violence reports.  To educate prisoners to be tolerant towards
5        sexual orientation, diversity, not to target these inmates with sexual
        violence, and must read an assigned document and give a report on the
6        document in front of the class.

7    Plaintiff then listed five Internet addresses.  In request no. 35, plaintiff sought:

8                Produce a full and complete copy of the revised Sexual Abuse in
        Detention Elimination booklet that is given to all inmates revised from
9        2005.

10   The court agrees that these requests are not calculated to lead to admissible evidence.  As to

11   request no. 14, Geovenetti is not a defendant to this action.  As request nos. 33 and 34, they

12   appear to assume that the remaining four defendants were responsible for implementing prison

13   education policy or creating prison education programs.  As to request no. 35, plaintiff was

14   released from prison before the booklet referenced in the request was revised.  Therefore, the

15   revised edition is irrelevant to any claims he raises in this case, which relate to his time in prison.

16   Defendants' objections are sustained.

17               Plaintiff's motion to compel at Doc. 108 will be denied.

18               Doc. 109

19               As indicated above, plaintiff has not provided the court with defendants'

20   responses to his request for production, set no. seven, which is the subject of this motion.

21   Therefore, it is impossible to determine whether defendants' responses were adequate.  For this

22   reason, plaintiff's motion to compel at Doc. 109 will be denied.

23   / / /

24   / / /

25   / / /

26   / / /

1      Docs. 117 and 118

2           This motion relates to plaintiff's request for production of documents, set no.

3   thirteen, containing 45 document requests.  As to request nos. 1-3, 5-13, 15, 19-21, 23-26, 28, 29,

4   31-34, 36-41, and 43-45, defendants objected because the requests were not reasonably

5   calculated to lead to admissible evidence.  The court has reviewed these requests and agrees with

6   defendants.  These requests largely relate to hormone therapy and accommodations for

7   transgender inmates and several reference a particular transgender inmate.  Given that plaintiff

8   does not allege that he was a transgender inmate or that he was entitled to but denied hormone

9   therapy or accommodation, these requests are not calculated to lead to admissible evidence.

10  Further, the requests are not relevant to the extent they reference a particular inmate who is not a

11  party to this action.  Defendants' objections are sustained.

12          As to request nos. 1-5, 8-12, 14-23, 25, 26, and 31-44, defendants responded that

13  they did not have in their possession or control any responsive documents.  This is an adequate

14  response and plaintiff has not provided any showing that defendants are in possession or control

15  of responsive documents.

16          As to request no. 30, defendants responded that the request was vague.  In request

17  no. 30, plaintiff sought:

18          Produce a full and complete copy of any procedure, rules and
            regulations, policies, that provide inmates that are Lesbian Gay Bisexual
19          and/or Transgender a Correctional Staff that is qualified to assess,
            arbitrate, and/or help staff process one of these inmates with unique and
20          sensitive needs (like an expert or ombudsperson), and like what is
            provided for heterosexual inmates.
21

22  The court agrees that this request is vague and ambiguous as to what plaintiff means by "assess"

23  "arbitrate" "process" and "unique and sensitive needs."

24          Plaintiff's motion to compel at Docs. 117 and 118 will be denied.

25  / / /

26  / / /

1    Doc. 156

2         Plaintiff seeks further responses to his request for production, set no. fourteen, in

3    which he propounded six document requests.  As to request nos. 1, 3, 5, and 6, defendants stated

4    that they have no responsive documents in their control or custody.  Plaintiff has not met his

5    burden of showing otherwise.  As to request no. 2, defendants objected on the grounds that the

6    request is compound, vague and/or ambiguous, and responsive documents had previously been

7    produced.  In his motion to compel, plaintiff offers no argument as to why documents already

8    produced by defendants are not responsive to this request.[9]  As to request no. 4, defendants

9    produced responsive documents.

10        Plaintiff's motion to compel at Doc. 156 will be denied.

11   Doc. 170

12        Plaintiff  "requests that Defendants Counsel have specific inmates complete the

13   following documents as evidence pertaining to this suit."  Attached to plaintiff's motion are

14   questionnaires plaintiff would like to have completed by inmates Donald Long and Reuben

15   Roberts.  Plaintiff's motion reveals that he served the questionnaires on defendants' counsel on

16   June 6, 2008, and asked that counsel facilitate obtaining responses from inmates Long and

17   Reuben.  The instant motion was filed on July 7, 2008.  Pursuant to the court's January 4, 2008,

18   scheduling order, all discovery was to be completed by June 27, 2008.  Specifically, the order

19   required that requests for discovery be served no later than 60 days prior to this date, and that any

20   motions relating to discovery be filed by the cut-off date.  Because plaintiff's questionnaires were

21   not served at least 60 days prior to June 27, 2008, and because plaintiff's motion was filed after

22   this date, the discovery is untimely.  Plaintiff's motion at Doc. 170 will be denied.

23   / / /

24

25       [9]    The responsive documents are part of plaintiff's central file, which was produced.
     In his motion plaintiff states that he returned the documents to defendants' counsel "for not being
26   in compliance with Plaintiff's requests."

1     **B.**    <u>**Plaintiff's Other Motions**</u>

2          In addition to the various motions to compel discussed above, plaintiff brings

3 other motions, ostensibly related to discovery and evidence.

4          <u>Doc. 138</u>

5          Plaintiff seeks an order directing issuance of a subpoena pursuant to Rule 45

6 commanding the production of documents.  Specifically, as revealed by the proposed subpoena

7 attached to plaintiff's motion, plaintiff seeks a subpoena as follows:

8                  You are hereby ORDERED by SUBPOENA to produce all
information supporting the accuracy of your report titled:  SEXUAL
9              VIOLENCE IN THE TEXAS PRISON SYSTEM, Department of Justice
Grant No. 2004-RP0BX-0003, specifically page 11, and that 100% of the
10             California prisoner rapes were substantiated in 2004.

11 Plaintiff seeks to have this subpoena issued to James Austin, Ph.D., President of the JFA Institute

12 in Washington, DC.  Defendants will be required to respond to plaintiff's request for a subpoena.

13          <u>Doc. 139</u>

14          Plaintiff requests a court order directing defendants to swear by declaration,

15 signed under penalty of perjury, that their responses to discovery requests are true and correct.

16 Pursuant to Federal Rule of Civil Procedure 26(g)(1), unrepresented parties responding to

17 discovery requests must sign the response, and attorneys must sign on behalf of represented

18 parties.[10]  The signature is a certification that the response is consistent with the rules, warranted

19 by existing law or a non-frivolous argument to extend the law, and not interposed for an

20 improper purpose.  <u>See</u> Fed. R. Civ. P. 26(g)(1)(B); <u>see also</u> Fed. R. Civ. P. 11.  The rules do not

21 require discovery responses to be verified under penalty of perjury and the court declines to

22 require any certification other than what is required by the rules.

23 / / /

24 / / /

25

26      [10]    A review of the responses attached to defendants' oppositions to plaintiff's motions to compel reflects that all responses have been signed by defendants' counsel.

35

1              Docs. 142, 146, 147, 148, 149, 150, and 151

2              In these seven motions, plaintiff seeks court orders to "accept the document

3   attached as genuine, and to be accepted as admissible evidence in Plaintiff's prisoner rape case."

4   In the alternative, plaintiff seeks an order for issuance of subpoenas to "acquire genuine copies"

5   of the documents attached to the motions.  The court construes these motions as requests for

6   judicial notice under Federal Rule of Evidence 201.  Under Rule 201(b), the court may take

7   judicial notice of any fact which is not subject to reasonable dispute "in that it is either

8   (1) genuinely known within the territorial jurisdiction of the trial court or (2) capable of accurate

9   and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

10  At trial, the jury is instructed to accept as conclusive any fact judicially noticed.  See Fed. R.

11  Evid. 201(g).  Defendants will be required to respond to plaintiff's seven requests for judicial

12  notice.  If they do not respond within the time permitted by this order, their non-response may be

13  construed as a stipulation that the various documents attached to plaintiff's requests may be

14  admitted into evidence.

15             Docs. 172 and 173

16             Plaintiff seeks orders requiring defendants ". . . to prove that it teaches . . . inmates

17  and staff to be tolerant and educate about anti violence" and ". . . to prove [their] stand, with

18  evidence supporting their defense, and that all of these policies existed in 2004-2005."  The court

19  cannot order defendants to prove plaintiff's case.  It is up to plaintiff to litigate his claims, not the

20  court.  Therefore, plaintiff's motions at Docs. 172 and 173 will be denied.

21    **C.**    **Defendants' Motions**

22             Doc. 166

23             Defendants seek sanctions for plaintiff's failure to attend a prior noticed

24  deposition set to take place in Sacramento, California.  The docket reflects that plaintiff currently

25  resides in Arkansas.  According to a copy of an email attached to defendants' motion, plaintiff

26  informed counsel for defendants prior to the noticed deposition that he could not afford to travel

to Sacramento for the deposition.  Plaintiff did not, however, seek a protective order from this court.[11]  While the court can order that the deposition of a party be taken in the district in which he or she resides, such an order normally issues <u>prior</u> to the noticed deposition in the context of a protective order.  Absent a protective order, the rules allow a deposing party to notice a deposition anywhere they choose.

Rather than take the extreme step of precluding plaintiff from offering his testimony as an appropriate sanction, the court will direct that plaintiff appear for a deposition to be scheduled to take place within 90 days of the date of this order upon at least 75 days notice by defendants.  If the parties stipulate, the court will permit the deposition to be taken by telephone or other remote means.  <u>See</u> Fed. R. Civ. P. 30(b)(4).  If the parties cannot so stipulate, and if defendants refuse to notice plaintiff's deposition for a location within the district in which he resides, plaintiff must attend the deposition wherever noticed by defendants unless, on plaintiff's motion, he first obtains a protective order setting a different location or allowing the deposition to be taken pursuant to Rule 30(b)(4).

In order to provide the court with sufficient time to address any motion for a protective order before expiration of the 90-day period specified above, any such motion shall be briefed according to the following schedule:  any motion for a protective order must be served and filed within 15 days of the notice of deposition; and opposition to any such motion shall be served and filed within 15 days after the date of service of the motion.

Turning to defendants' request for sanctions, defendants are correct that the rules require a party who willfully fails to attend a deposition to pay reasonable attorney's fees incurred by the noticing party.  <u>See</u> Fed. R. Civ. P. 37(d)(3).  The language of the rule is mandatory, not discretionary.  In this case, defendants seek sanctions in the amount of $474.00,

[11]     On April 18, 2008, plaintiff filed a document with the court entitled "Response to Defendants' Notice of Taking Deposition and Request for Production of Documents," but did not seek any specific relief in the form of a court order.

representing three hours at the reasonable rate of $158.00 per hour.  The court finds this amount

reasonable and will order plaintiff to pay the California Department of Corrections and

Rehabilitation $474.00 as a sanction for his failure to appear at his prior deposition without first

obtaining a protective order.

Doc. 182

Defendants seek modification of the scheduling order to allow for additional

discovery, including taking plaintiff's deposition, and the filing of dispositive motions.

Discovery is closed and, except for discovery permitted by this order, the court declines to re-

open discovery.  As to the dispositive motion deadline, the court will vacate that portion of the

scheduling order.  By separate order issued at a later stage in these proceedings, the court will

direct the parties to submit reports on the status of this case.  Following the submission of such

reports, the court will issue an order setting a new dispositive motion filing deadline.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.      Except as discussed above and outlined below, plaintiff's motions to

compel (Docs. 100, 101, 103, 106, 107, 108, 109, 117, 118, 156, and 170) are denied;

2.      Within 30 days of the date of this order, defendants shall serve a

supplemental response to request no. 19 propounded in plaintiff's request for production, set no.

five, and produce responsive documents in their custody, possession, or control, if they have not

already done so;

3.      Within 30 days of the date of this order, defendants shall serve

supplemental responses to request nos. 50, 51, 57, and 64 propounded in plaintiff's request for

production, set no. five, if they have not already done so;

/ / /

/ / /

4.      Within 30 days of the date of this order, defendants shall serve a supplemental response to request no. 1 propounded in plaintiff's request for production, set no. ten, if they have not already done so;

5.      Plaintiff's motions for court orders (Docs. 172 and 173) are denied;

6.      Plaintiff's motion for an order requiring defendants to verify their discovery responses under penalty of perjury (Doc. 139) is denied;

7.      Defendants' motion to exclude testimony and for sanctions (Doc. 166) is granted in part and denied in part;

8.      Upon at least 75 days notice, defendants may take plaintiff's deposition within 90 days of the date of this order;

9.      Any motion for a protective order relating to plaintiff's deposition must be served and filed within 15 days of service of the notice of deposition and any opposition thereto will be due within 15 days of the date of service of the motion;

10.     Within 30 days of the date of this order, plaintiff shall send to counsel for defendants a check in the amount of $474.00, payable to the California Department of Corrections and Rehabilitation, as a sanction for his failure to appear at his duly noticed deposition without first obtaining a protective order;

11.     Defendants' motion to modify the scheduling order (Doc. 182) is granted in part;

12.     The dispositive motion cut-off date is vacated and will be re-set by separate order following the submission of status reports;

13.     Within 30 days of the date of this order, defendants shall serve and file a response to plaintiff's motion for issuance of a subpoena (Doc. 138 ); and

/ / /

/ / /

/ / /

39

1          14.     Within 30 days of the date of this order, defendants shall serve and file a

2   response to plaintiff's requests for judicial notice (Docs. 142, 146, 147, 148, 149, 150, and 151).

3

4   DATED: September 12, 2008

5

6                                                  _____
                                                   **CRAIG M. KELLISON**
                                                   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26