IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CLINTON, | No. CIV S-05-1600-LKK-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are two of plaintiff's recent filings (Docs. 171 and 189). Plaintiff's first filing is titled "Motion to Re Visit Prior Defendants" (Doc. 171), filed on July 7, 2008.[1] His second is titled "The Court is Bound to Dismiss this Case with Prejudice Against the Defendant as a Matter of Law" (Doc. 189), filed on October 6, 2008. Both of these filings will be construed as requests for reconsideration.

///

---

[1] The court notes plaintiff's motion was filed on July 7, 2008, but plaintiff signed the proof of service, and therefore presumably delivered to prison authorities for mailing to the court, on June 26, 2008.

1

The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment). The motion must be filed no later than ten days after entry of the judgment.[2] See Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[3] See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes. Relief under this rule can be granted on the court's own motion and at any time. See Fed. R. Civ. P. 60(a). However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending. See id.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. A motion for reconsideration on any of these ground must be brought within a

---

[2] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 10-day period from the date the motion was delivered to prison authorities for mailing to the court. Otherwise, the 10-day period is calculated based on the date the motion for reconsideration is actually filed.

[3] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2). A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

reasonable time and no later than one year of entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

Pursuant to Eastern District of California Local Rule 78-230(k), when a party asks for reconsideration of a order granting or denying a motion, the party is to set forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including "(3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

Here, plaintiff first filing requests the court to reconsider its September 27, 2007 order (Doc. 84) granting in part the defendants' motion to dismiss and dismissing several defendants and claims. This order is not a final judgment, so the court construes plaintiff's motion as a Rule 60(b) motion. Accordingly, the plaintiff must show mistake, new evidence or fraud.

Although plaintiff makes several allegations of the defendants falsifying documents in regards to his rape, plaintiff has not brought forth any new information to support his motion for reconsideration. Instead, he argues the court erred in finding he failed to state a cognizable claim. The court finds its decision in granting defendants' motion to dismiss in part was properly decided. Plaintiff has not set forth any basis for the court to find error in that decision.

Plaintiff has also asked in this filing for a mistrial in his favor on the basis of spoliation and adverse inference. Plaintiff claims he can prove that the defendants falsified documents related to plaintiff's rape and that defendant Dovey has perjured himself.[4] Plaintiff claims that based on this, he can prove the defendants untrustworthy, and judgment should be entered in his favor.

---

[4] The court notes that Dovey is not a defendant in this action. This action proceeds against defendants Desantis, Riley, Cooper, Marshall only. Dovey has never been named as a defendant.

1   This case proceeds on plaintiff's third amended complaint (Doc. 35). The court
2   was required to screen the complaint pursuant to 28 U.S.C. § 1915A(a). On July 7, 2006, the
3   magistrate judge found the third amended complaint stated a claim against some of the
4   defendants and failed to do so as to others. Service was therefore ordered on several of the
5   defendants. Plaintiff filed a request for reconsideration of the court's screening order. The court
6   found no basis on which to grant that motion. The defendants then brought a motion to dismiss
7   (Doc. 60). This motion was granted as to some of plaintiff's claims upon a finding that
8   plaintiff's factual allegations failed to state a claim for which relief could be granted (Docs. 67
9   and 84).

10   Plaintiff is now arguing that because he can prove certain documents have been
11   falsified, he should be granted judgment in his favor. Plaintiff's arguments are best addressed
12   either at trial or in a motion for summary judgment. At this stage of the proceedings, the veracity
13   of documents supporting either party has not been determined. The claims that have been
14   dismissed have been dismissed for failure to state a claim, not because plaintiff has failed to
15   prove the claim. In dismissing certain of plaintiff's claims, whether at screening or in granting
16   the motion to dismiss, the court accepted plaintiff's allegations as true and construed them in the
17   light most favorable to plaintiff. See Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738,
18   740 (1976). Thus, the documents plaintiff alleges have been falsified have not been brought
19   before the court. Plaintiff's request for judgment in his favor must be denied.

20   Therefore, to the extent plaintiff is requesting the court reconsider the dismissal of
21   certain claims based on falsified documents, that request is denied. Plaintiff has not provided the
22   court with any basis on which to grant that request. To the extent plaintiff is requesting the court
23   issue an order finding certain documents to be fraudulent, that is an issue for the jury at trial or
24   the court upon a motion for summary judgment. No order has issued regarding the finding of
25   facts related to any of plaintiff's claims.
26   / / /

1   Plaintiff's second filing is related to his motions to compel, which the magistrate
2 judge has denied. (See Doc. 185). Plaintiff is requesting the court "sanction the Defendant for
3 not keeping evidence" and refusing "to produce the property files of the documents that are in
4 question . . . ." He again requests the court dismiss this action with prejudice against the
5 defendants. To the extent plaintiff is objecting to the defendants' failure to produce documents
6 he requested, such an objection would properly be raised in a motion to compel. Pursuant to the
7 scheduling order issued in this matter (Doc. 97), all motions necessary to compel discovery were
8 to be filed by June 27, 2008. Plaintiff had the opportunity to raise his arguments in his
9 previously filed motions to compel, and any attempt to file a new motion to compel at this time
10 would be untimely.

11   To the extent this filing is requesting the court to reconsider the magistrate judge's
12 decision denying his motions to compel, that request must be denied as untimely. Pursuant to
13 Local Rule 72-303(b), "rulings by Magistrate Judges shall be final if no reconsideration thereof is
14 sought from the Court within ten court days . . . from the date of service of the ruling on the
15 parties." Here, the motion for reconsideration of the magistrate judge's order was signed on
16 October 2, 2008, which is more than 10 days from the date of service of the magistrate judge's
17 order of September 16, 2008.[5] Even if the court considered the merits of plaintiff's motion, the
18 motion would be denied. The magistrate judge's order was not "clearly erroneous or contrary to
19 law." See Local Rule 72-303(f).

20   Accordingly, IT IS HEREBY ORDERED that plaintiff's motions (Docs. 171 and
21 189), construed as motions for reconsideration, are denied.

22   DATED: November 4, 2008.

        /s/ Lawrence K. Karlton
        LAWRENCE K. KARLTON
        SENIOR JUDGE
        UNITED STATES DISTRICT COURT

---

[5] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court has calculated the 10-day period from the date the motion was delivered to prison authorities for mailing to the court. Otherwise, the 10-day period has been calculated based on the date the motion for reconsideration was actually filed.

5