IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CLINTON, | No. CIV S-05-1600-LKK-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's construed request for protective order (Doc. 186). Defendants have filed a response (Doc 206) and plaintiff has replied (Doc. 212).

Defendants noticed plaintiff's deposition for 10:00 a.m. on December 8, 2008 at the Office of the Attorney General of the State of California in Sacramento, California. In the notice of deposition, defendants have requested plaintiff produce documents supporting his claims and the documents he intends to use at trial. Plaintiff has been paroled, and was able to have his parole transferred to Arkansas, where he now resides. In response to defendants' notice of deposition, plaintiff states that he is "indigent . . . and it is 'improper' to expect an indigent

1

litigant to pay thousands of dollars to travel half way across the nation, and for the States deposition." (Doc. 186 at 1). He has informed the court that he is without employment and cannot afford to travel and send his documents to California for a deposition. "Plaintiff [sic] only source of income is Arkansas food stamps of $160.00 a month." (Doc. 212 at 8).

The deposition of a party may be noticed wherever the deposing party designates, subject to the court's power to grant a protective order. See Federal Rule of Civil Procedure 30(b). "A district court has wide discretion to establish the time and place of depositions." Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994). A party may move for a protective order to be protected "from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Rule 26(c). The court may grant such a protective order for good cause, specifying the time and place of a deposition. See id. The party seeking a protective order has the burden of showing that "good cause" exists for the order. See Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992). To establish good cause, the moving party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102n.16 (1981) (citations omitted).

This case arises from plaintiff's treatment while incarcerated in the State of California. Plaintiff was subsequently paroled and now resides in Arkansas. He is claiming he cannot afford the cost of traveling back to California to attend his deposition. Plaintiff is proceeding *in forma pauperis*, pursuant to 28 U.S.C. § 1915. However, that statute does not provide for the payment of fees or expenses. See Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993). Discovery always entails some burden or expense. Only undue burden or expense, which is beyond that normally necessary, will justify issuing a protective order. See United States v. $160,066.98 from Bank of America, 202 F.R.D. 624, 626 (S.D. Cal. 2001). Generally, a "plaintiff will be required to make himself available for examination in the district in which he has brought suit." Detweiler Bros., Inc. v. John Graham & Co., 412 F. Supp. 416, 422 (E. D. Wash. 1976) (citing 8 Wright & Miller § 2112 at 404-406). Here, plaintiff chose to bring this

action in California, where venue is proper.  After commencing this action, plaintiff requested his parole be transferred to Arkansas.[1]  It would be unfair to defendants in this circumstance to require them to bear the cost of bringing plaintiff back to California, where he chose to bring suit then to leave the state, for his deposition.

In order for plaintiff to be granted a protective order and for the court to require the defendants to pay the extra cost to depose plaintiff in Arkansas or transport him back to California, plaintiff has the burden of proving that undue hardship or exceptional or compelling circumstances justify his refusal to travel to his chosen forum.  See e.g., Matthews v. Watson, 123 F.R.D. 522, 523 (E.D. Pa. 1989); Clem v. Allied Van Lines Int'l Corp., 102 F.R.D. 938, 939-40 (S.D.N.Y. 1984); Hart v. Simons, 29 F.R.D. 146, 147 (E.D. Pa. 1961); Slade v. Transatlantic Fin. Corp., 21 F.R.D. 147 (S.D.N.Y. 1957).  To satisfy his burden of proof on this issue, plaintiff must submit proof on the record supporting his claim of hardship or compelling circumstances. de Dalmady v. Price Waterhouse & Co., 62 F.R.D. 157, 159 (D.P.R. 1973).  Plaintiff has submitted no documented support for his claim that to require him to travel to California constitutes the degree of hardship which would warrant departure from the application of this general rule.  Beyond plaintiff's summary allegations that he is indigent and on food stamps, he provides no specifics as to his actual financial situation.  His allegations are unsupported by documents or affidavit.  Therefore, plaintiff fails to meet his burden of providing undue hardship.

The court requested defendants address the possibility of taking plaintiff's deposition pursuant to Rule 30(b)(4).  Defendants have responded that taking plaintiff's deposition by remote or telephonic means would place them at an extreme disadvantage.  The inability to face plaintiff during his deposition would hinder the defendants' ability to ascertain plaintiff's truthfulness and judge his ability to relate to a jury.  In addition, conducting the

---

[1] Plaintiff argues he did not choose to return to Arkansas.  He states it was California's failure to protect him that forced him to return to Arkansas.  However, it appears to the court that regardless of the reasons for his request, plaintiff did in fact request that his parole be transferred to Arkansas.

1  deposition remotely would hinder defendants' ability to question plaintiff as to specific
2  documents.[2]  The court is satisfied that requiring defendants to take plaintiff's deposition by
3  remote means would in fact place them at a disadvantage by not allowing defense counsel to
4  adequately observe plaintiff's demeanor to prepare for trial.  The court declines to require
5  defendants to do so.
6           Accordingly,  plaintiff's request for a protective order is denied.  He is required to
7  attend the deposition as noticed by the defendants, and the defendant are not required to pay for
8  plaintiff's travel expenses.
9           IT IS SO ORDERED.

 DATED:  November 25, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[2]  The court also questioned defendants' use of a deposition notice rather than a request for production of documents to obtain copies of plaintiff's relevant documents. Defendants have indicated that this method was used in order to pear down the voluminous documents plaintiff would likely have produced with a request for production of documents.  The court is satisfied that the use of a request for production of documents would not have been as efficient in this case.