IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS CLINTON,                    No. CIV S-05-1600-LKK-CMK-P

    Plaintiff,

  vs.                              ORDER

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

                          /

        Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's request to postpone his deposition, currently set for Monday, December 8, 2008 (Doc. 226).

        Pursuant to the original discovery and scheduling orders issued in this case, discovery opened in October 2007 and remained opened until June 27, 2008. Plaintiff's original deposition was noticed for May 14, 2008. Plaintiff failed to appear for that deposition. As a result of plaintiff's failure to attend the noticed deposition, the defendants brought a motion to exclude plaintiff's testimony or compel his attendance at a deposition. Rather than taking the extreme step of precluding plaintiff from offering his testimony as an appropriate sanction, the court directed plaintiff to appear for a deposition upon notice by the defendants. Although discovery was closed at the time of that order, the court extended the discovery deadline, as to

1 plaintiff's deposition only, for 90 days. Defendants then noticed plaintiff's deposition for
2 December 8, 2008, on September 19, 2008.

3 In his request to postpone his deposition, plaintiff claims he does not have
4 sufficient time or money to make travel arrangements to appear at his deposition as currently set.
5 Plaintiff's claim of not having ample time to make travel arrangements is insufficient. Plaintiff has
6 known since at least the end of September that his deposition was set for December 8, 2008.
7 Plaintiff could have been making arraignments to come up with the funds and travel plans while
8 the court was considering the motion for a protective order. That plaintiff failed to do so is not a
9 sufficient reason for the court to extend the discovery deadline yet again.

10 Plaintiff's contention that he cannot afford to travel to Sacramento to attend his
11 deposition has previously been dealt with by this court's denial of his motion for a protective
12 order. As the court previously informed plaintiff "'[a]s a normal rule plaintiff will be required to
13 make himself available for examination in the district in which he has brought suit.'" Detweiler
14 Bros., Inc. v. John Graham & Co., 412 F. Supp. 416, 422 (D.C. Wash 1976) (quoting 8 Wright
15 and Miller, Federal Practice and Procedure § 2008 at 46-47); see also Clem v. Allied Van Lines
16 Intern. Corp., 102 F.R.D. 938, 939-40 (S.D.N.Y. 1894) (requiring "a non-resident plaintiff who
17 chooses this district as his forum to appear for deposition in this forum absent compelling
18 circumstances.").

19 Accordingly, plaintiff's request for a postponement of his deposition is denied.
20 Plaintiff is required to appear at his deposition as noticed by the defendants.
21 IT IS SO ORDERED.

DATED: December 3, 2008

*/s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE