# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS CLINTON,                              No. CIV S-05-1600-LKK-CMK-P

      Plaintiff,

  vs.                                                      ORDER

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.

                                  /

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are a number of motions and/or requests filed by plaintiff.  Included in these filings is a request for the undersigned to remove himself from this action (Doc. 242).

      A request for recusal or motion to disqualify falls under 28 U.S.C. § 144, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

/ / /

Berger v. United States, 255 U.S. 22 (1922), is the seminal case interpreting § 144. See U.S. v. Azhocar, 581 F.2d 735, 738 (1976). As a preliminary matter, the Court in Berger held that the judge against whom a disqualification motion is brought may pass on its legal sufficiency. See Berger, 255 U.S. at 233. To be sufficient, the motion must state facts which, if true, fairly support the allegation of bias or prejudice which stems from an extrajudicial source and which may prevent a fair decision. See Azhocar, 581 F.2d at 740-41. Thus, the Supreme Court in Berger also held that adverse rulings alone cannot constitute the necessary showing of bias or prejudice. See Berger, 255 U.S. at 34.

      Plaintiff's grievance relates generally to adverse rulings by this Court and his perception that he is being treated unfairly. Plaintiff argues that the undersigned has given defendants numerous postponements after discovery was closed. The extensions of time defendants were granted were generally related to responding to plaintiff's motions to compel. Plaintiff had filed several motions to compel as well as other motions which were all pending at the same time. Defendants' motions for additional time were granted to allow proper responses to these motions. In addition, discovery was extended for the limited purpose of allowing the defendants to take plaintiff's deposition after he failed to appear at his first noticed deposition. Plaintiff's real complaint is the court's denial of his request to have his deposition taken telephonically and granting defendants' request for sanction for plaintiff's failure to appear at his deposition.

      Plaintiff also argues the undersigned is attempting to cause him injury by failing to liberally construe plaintiff's filings as requests for protective orders and is denying him fairness based on his lack of legal knowledge. Plaintiff is proceeding in this case in pro per. As such, the court construes his filings as liberally as it can. However, "pro se litigants are bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (citing King v. Atiyeh, 814 F.2d 565, 567 (9th cir. 1987); see also Faretta v. California, 422 U.S. 806, 834 n.46 (1975). Although the court construes plaintiff's filings liberally, plaintiff is still required to follow proper

procedures and it is not the court's function "to supervise laymen in the practice of law." Springer v. Best, 246 F.2d 24, 25 (9th Cir. 1959). The court is not required to "inject itself into the adversary process on behalf of one class of litigant." Jacobsen v. Filler, 790 F.2d 1362, 1365 (9th Cir. 1986) (acknowledging the court's duty "to apply the requirements of the summary judgment rule with less than 'strict literalness'"). Doing so would minimize the court's ability to remain impartial. See id. at 1365 n.7.

Adverse rulings are insufficient to show bias or prejudice against plaintiff. Plaintiff has provided no grounds for which a request for recusal could be granted.

Plaintiff has also submitted several other requests and motions which remain pending. In addition, defendants have filed a motion for sanctions, which is addressed by separate order, for plaintiff's failure to appear at his second deposition. Until plaintiff's deposition issue has been addressed, the court will not rule on any of his other pending requests. Upon completion of plaintiff's deposition, the court will address each of plaintiff's filings.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for recusal is denied.

DATED: December 22, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE