IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CLINTON, | No. CIV S-05-1600-LKK-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |
| _____/ | |

At the time this case was filed, plaintiff was a state prisoner. Plaintiff alleges that he was raped by another prisoner. This suit was filed against the California Department of Corrections and Rehabilitation ("CDCR") and various CDCR employees, for causes of action generally arising out of plaintiff's treatment subsequent to his rape.

Defendants seek to depose plaintiff, and request that he bring with him the documents he will use to support his case. In response, plaintiff eventually requested a protective order that would excuse him from appearing at this deposition, requested to appear telephonically, and requested to postpone the deposition. The Magistrate Judge assigned to the case rejected each of these requests. The Magistrate also rejected plaintiff's request that the Magistrate recuse himself from this case. Plaintiff has filed numerous documents which the court interprets as requests for

reconsideration of these orders.  These requests are currently before the court.

## I. BACKGROUND

Because this case has a lengthy and confusing record, the court begins with a summary of the facts and relevant filings.

According to the allegations of plaintiff's Third Amended Complaint, another prisoner raped him while he was in state prison.  Plaintiff alleges that subsequent to the rape, prison officials inadequately responded to plaintiff's complaints, wrongly circulated a report regarding the incident among staff and other prisoners, committed related violations of plaintiff's rights, and then falsified documents and altered records to prevent review of these wrongdoings. Plaintiff's particular allegations are not at issue in the present motion.

Plaintiff filed suit on August 11, 2005.  At that time, he was still a state prisoner. Plaintiff proceeded pro se, and was granted leave to proceed in forma pauperis.  The complaint was subjected to the screening mandated by 28 U.S.C. § 1915A(a) and was properly amended in response to such screening three times.  Defendants filed a motion to dismiss the third amended complaint, which was granted in part.  Four defendants remain, all of whom are CDCR employees.

At some time after filing this suit, plaintiff was granted parole.  He alleges that after he was released, he was homeless, unemployed, and frequently assaulted.  Around November 2006, he succeeded in having his parole transferred to Arkansas, where he apparently lives with family. Plaintiff declares that he remains unemployed, and that his only income is $160 a month in food stamps. (Pl.'s "Declaration of Hardship" and supporting exhibits, Doc. #236, December 8, 2008.)[1]

---

[1] Plaintiff's request for a protective order did not include evidence supporting his claims of his financial condition, although such evidence was apparently available to plaintiff at that time.  Accordingly, this court cannot properly consider such evidence in reconsidering the Magistrate Judge's order.  Nonetheless, the court discusses that evidence, since doing so does not alter its decision.

The parties commenced discovery on October 25, 2007. On April 9, 2008, defendants sent plaintiff notice that they would depose him on May 14, 2008, in Sacramento. The deposition notice requested that plaintiff produce the following documents at the deposition, pursuant to Fed. R. Civ. P. 32:

>    1.  Any and all letters, grievances, or inmate appeals submitted by you in connection with the subject matter of this lawsuit.
>
>    2.  All documents which you have in your possession or control which relate to issues you allege are the subject matter of this lawsuit.
>
>    3.  All written statements you have received from any person concerning the issues you claim are the subject matter of this lawsuit.
>
>    4.  All documents in your possession or control which you intend to use at trial.

(Pl.'s Response to Defs.' Notice of Taking Deposition, Ex. 1, April 18, 2008). Plaintiff filed a response on April 18, stating that he could not afford to travel from Arkansas to Sacramento. Plaintiff also stated that the requested documents filled numerous banker's boxes, and that plaintiff therefore also could not afford to transport the documents to California with him.[2] Plaintiff proposed that defendants pay his travel expenses to enable him to attend the deposition.[3]

Defendants apparently declined to pay plaintiff's expenses, and plaintiff did not appear for the May 14, 2008 deposition. Defendants subsequently filed a motion to exclude plaintiff's testimony, or in the alternative to compel his appearance at a subsequent deposition, and seeking sanctions in the amount of defendants' attorney's fees resulting from plaintiff's non-appearance. (Defs.' Mot. to Exclude Pl.'s Testimony, Doc. #166, June 13, 2008)

Discovery in the case proceeded, and engendered numerous disputes. On September 16,

---

[2] Plaintiff did not verbally describe the number of documents. Instead, he submitted a photo, which appears to show at least twelve banker's boxes.

[3] Plaintiff has since argued that this response should have been construed as a request for a protective order. If this request had been construed as such, plaintiff argues, then his non-appearance at the May 14 deposition would have been excused pending resolution of this request, and sanctions for his non-appearance would have been inappropriate.

2008, the Magistrate issued an omnibus order. (Document #185) This order denied eleven separate motions to compel, two "requests for court orders," and a "motion to request a court order to have defendants swear under penalty of perjury the responses to discovery are true and correct," all filed by plaintiff. The order also required defendants to respond to plaintiff's seven separate requests for judicial notice and plaintiff's motion for issuance of a subpoena. Finally, it responded to defendants' motion regarding the deposition. It held that defendants could depose plaintiff within ninety days. It further ordered plaintiff to pay a $474.00 sanction for failing to appear at the earlier deposition without first obtaining a protective order.

Defendants filed a second notice for the taking of plaintiff's deposition, for December 8, 2008. On September 26, 2008, plaintiff filed a request for a protective order.[4] The Magistrate Judge ordered defendants to explain why plaintiff should be required to travel to Sacramento, why defendants did not seek the documents through a request for production, why a telephone deposition would be insufficient, and why the deposition could not occur in Arkansas. Defendants filed a response, which the Magistrate concluded was adequate as to each of these questions. Accordingly, on November 25, 2008, the Magistrate denied plaintiff's request for a protective order.

Plaintiff has since filed a request for reconsideration of the Magistrate Judge's November 25, 2008 order, along with numerous "objections to" that order and the Magistrate's subsequent related orders, which this court construes as additional requests for reconsideration.[5] Plaintiff

---

[4] Plaintiff's September 26, 2008 filing explicitly stated that it was not a request for a protective order, but nonetheless sought to impose limits on the taking of plaintiff's deposition. The Magistrate subsequently issued an order explaining to plaintiff what a protective order was, and construing the September 26 filing as a request for a protective order. Plaintiff has since agreed with this characterization.

[5] These filings consist of the following:
#230, 12/4/08, "Objection to Magistrate Order Denying Plaintiff Deposition by Telephone"
#232, 12/4/08, "Appeal Court's Decision" of #229
#234, 12/8/08, "Motion for Reconsideration" of #229
#241, 12/16/08, "Objections and Response to Magistrate's Order Docket 229"
#242, 12/16/08, "Response and Objection to Magistrate's Order Docket 229; Request That

4

seeks to have his deposition conducted telephonically, and to have the date of the deposition postponed. Plaintiff also filed several requests for the Magistrate to recuse himself, and seeks review of the Magistrate's denial of those requests.

## II. STANDARD FOR RECONSIDERATION OF MAGISTRATE'S ORDER

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be decided by a magistrate judge, subject to reconsideration by the district judge. See also Local Rule 72-303(f). The district judge shall, upon reconsideration, modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Id.; see also 28 U.S.C. § 636 (b)(1)(A).

Discovery motions are non-dispositive pretrial motions within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), and thus subject to the "clearly erroneous or contrary to law" standard of review. Rockwell Intern., Inc. v. Pos-A-Traction Industries, Inc., 712 F.2d 1324, 1325 (9th Cir. 1983) (per curiam). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); Anti-Monopoly, Inc. v. General Mills Fun Group, Inc., 684 F.2d 1316, 1318 (9th Cir. 1982).

## III. ANALYSIS

Plaintiff's requests for reconsideration seek to have the deposition conducted telephonically and postponed. Although plaintiff had earlier suggested that the deposition could be conducted in Arkansas, in the motions before the court Plaintiff does not challenge the place of the deposition other than to argue that it imposes a burden on plaintiff that justifies ordering

---

Magistrate Remove Himself from Plaintiff's Suit"
#258, 1/7/09, "Response and Objection to Magistrate's Order Docket 229; Request That Magistrate Remove Himself from Plaintiff's Suit"
#260, 1/9/09, "Response to Docket 249 Complaint Against Magistrate Kellison [Second One]"
#261, 1/9/09, "Complaint Against Magistrate Kellison [Second One]"
#262, 1/9/09, "Objection to January 21-22 or January 29-30 2009 Deposition"

that the deposition be conducted telephonically. Plaintiff also seeks reconsideration of the Magistrate's denial of plaintiff's request that he recuse himself.

**A.     Telephonic Deposition**

Two provisions that authorize courts to require that a deposition be conducted telephonically. Fed. R. Civ. P. 30(b)(4)[6] states that "the court may on motion order [] that a deposition be taken by telephone or other remote means**.**" Fed. R. Civ. P. 26(c)(1) authorizes a judge to issue a protective order specifying, <u>inter alia</u>, the time, place, and method of discovery upon a showing of, <u>inter alia</u>, "undue burden or expense."

Motions brought under Rules 30(b)(4) and 26(c)(1) are ordinarily subject to different standards. A Rule 30(b)(4) motion focuses on the prejudice that a telephonic deposition would impose, whereas a Rule 26(c) motion focuses on the prejudice plaintiff-deponent would suffer if compelled to appear in person. Accordingly, the court discusses the two rules separately.

**1.     Rule 30(b)(4) Motion**

Rule 30(b)(4) does not specify the standard for evaluating motions to have a deposition conducted telephonically. Most cases interpreting the rule have held that the party opposing the motion bears the burden of showing that it will suffer prejudice if the motion is granted. <u>See, e.g.</u>, <u>United States v. $160,066.98 from Bank of Am.</u>, 202 F.R.D. 624, 629 (S.D. Cal. 2001) ("<u>Bank of Am.</u>"), <u>Jahr v. IU Intern Corp.</u>, 109 F.R.D. 429, 431 (M.D.N.C. 1986).

Cases disagree, however, as to whether this general standard applies when the party requesting that the deposition be conducted by telephone is the plaintiff-deponent. Several cases have held that it does not, i.e., that a plaintiff-deponent is unlike other witnesses, and that a plaintiff must therefore comply with defendant's request for an in person deposition unless plaintiff can secure a protective order under Rule 26(c). <u>United States v. Rock Springs Vista Dev.</u>, 185 F.R.D. 603, 604 (D. Nev. 1999), <u>Clem v. Allied Van Lines Int'l Corp.</u>, 102 F.R.D. 938,

---

[6] This provision formerly appeared in Rule 30(b)(7).

940 (S.D.N.Y. 1984).[7]  On the other hand, other cases concerning 30(b)(4) motions have held that plaintiff-deponents are no different from other deponents.  Rehau, Inc. v. Colortech, Inc., 145 F.R.D. 444, 446 (W.D. Mich. 1993) (in the context of plaintiff-deponents, explicitly rejecting Clem and following Jahr), Anguile v. Gerhart, 1993 U.S. Dist. LEXIS 21408 (D.N.J. Oct. 7, 1993) (same).[8]

Absent controlling authority on this issue, this court concludes that the latter cases provide the better rule.  Rule 30(b)(4) serves to allow parties to control costs.  The rules should be interpreted to allow limiting the costs of litigation even in cases when those costs do not impose an abnormal burden.  Fed. R. Civ. P. 1 ("These rules . . . should be construed . . . to secure the just, speedy, an inexpensive determination of every action . . . .").  Therefore, a Rule 30(b)(4) motion should be granted absent a showing of prejudice to another party.

The Magistrate Judge held that defendants had shown that a telephone deposition would prejudice them in two ways.  First, defendants argued that they needed to be able to "face plaintiff during his deposition" and "ascertain plaintiff's truthfulness and . . . ability to relate to a jury."  As the Magistrate Judge noted, several cases have held that inability to observe facial expressions can justify denial of a Rule 30(b)(4) motion.  See Bank of Am., 202 F.R.D. at 630, Sampathachar, 2004 U.S. Dist. LEXIS 23978.  Of course, all "telephonic depositions inherently

---

[7] See also Mattar v. Cmty. Mem. Hosp., 2005 U.S. Dist. LEXIS 2515 (N.D. Ind. Feb. 18, 2005) (following Rock Springs), Duran v. M.R.R. Land Equity, Inc., 112 F.R.D. 648 (M.D. Fla. 1986) (following Clem without discussion).
  Several other cases have implicitly followed this approach, often because plaintiff-deponents themselves argued that undue hardship supported their motions.  See Hutchens v. Hutchens- Collins, 2005 U.S. Dist. LEXIS 46257 (D. Or. Dec. 15, 2005), Faerfers v. Caviar Creator, Inc., 2005 U.S. Dist. LEXIS 23862 (E.D. Cal. Oct. 17, 2005), A.I.A. Holdings, S.A. v. Lehman Bros., Inc., 97 Civ. 4978, 2002 U.S. Dist. LEXIS 9218 (S.D.N.Y. May 20, 2002), De Petro v. Exxon, Inc., 118 F.R.D. 523, 524 (M.D. Ala. 1988).
  Finally, various authorities have distinguished Rule 30(b)(4) motions brought by the party seeking a deposition from those brought by other parties, stating that the former should be more liberally granted.  Rock Springs and Clem appear not to have relied on this second distinction.

[8] See also McGinley v. Barratta, 2006 U.S. Dist. LEXIS 56109 (E.D. Pa. Aug. 11, 2006), Willis v. Mullins, 2006 U.S. Dist. LEXIS 18794, *7 (E.D. Cal. Apr. 3, 2006), Sampathachar v. Fed. Kemper Life Assur. Co., 2004 U.S. Dist. LEXIS 23978 (E.D. Pa. Nov. 24, 2004).

lack face-to-face questioning." Loughin v. Occidental Chem. Corp., 234 F.R.D. 75, 77 (E.D. Pa. 2005) (quoting Cressler v. Neuenschwander, 170 F.R.D. 20, 22 (D. Kan. 1996)).  However, it is not the case that in all telephonic depositions these qualities in a witness are at issue. Sampathachar, 2004 U.S. Dist. LEXIS 23978, see also Rehau, 145 F.R.D. at 447 (because deponent officers of corporate plaintiff not suspected to be untrustworthy, telephonic deposition would not prejudice defendant).  Therefore, allowing inability to observe a witness to constitute prejudice is not "tantamount to repealing [Rule 30(b)(4)]." Cressler, 170 F.R.D. at 22 (reaching the opposite conclusion).  The magistrate's conclusion that inability to face plaintiff was a form of prejudice was not clearly erroneous or contrary to law.

The second form of prejudice identified by the Magistrate Judge was an inability to question plaintiff about specific documents.  Parties may request that deponents bring documents to their depositions, and in this case, a telephonic deposition would deprive defendants of this opportunity.  Willis v. Mullins, 2006 U.S. Dist. LEXIS 18794 (E.D. Cal. Apr. 3, 2006).[9]  Thus, this second form of prejudice also supported denying plaintiff's Rule 30(b)(4) motion.

### 2. Protective Order under Rule 26(c)

While Rule 30(b)(4), as it has been interpreted, looks to the prejudice to the party opposing the motion, Rule 26(c) looks to harm to the moving party.  To receive a protective order, a party must certify that he has "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action," and that absent the protective order, he will suffer "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  The burden of proof is on the party seeking the order.  See

---

[9] In some cases, telephone or videoconference depositions can surmount this difficulty. In re Central Gulf Lines, Inc. & Waterman Steamship Corp., 1999 U.S. Dist. LEXIS 19070 at *4-*5 (E.D. La. Dec. 3, 1999) (witness ordered to produce documents 20 days prior to telephonic deposition date, and, if during deposition it appears that relevant documents were not forwarded, they are to be immediately transferred electronically so as to permit deposition to continue in speedy fashion).  However, no such option is apparent here.

Beckman Indus. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992). Proof must be based on "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (quoting 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035, p. 265 (1970)).

The parties and Magistrate apparently agree that plaintiff has satisfied the first requirement, and several of plaintiff's filings in this case constitute such communication. The magistrate denied the protective order on the ground that plaintiff had not shown undue burden or expense.

Plaintiff asserts that attending the deposition would pose a burden on him. His initial request for a protective order, however, did not include any evidence supporting this contention. Plaintiff has since submitted evidence indicating that he has no savings, that his income is limited to approximately $160 a month in food stamps, and that attending a deposition in Sacramento would cost him hundreds of dollars, if not more. This court cannot properly consider this additional evidence. Even if this court were to consider plaintiff's evidence of the burden travel would impose upon him, the court would uphold the Magistrate's finding that the burden was not undue.

The Magistrate Judge held that the burden was not undue for several reasons. He concluded that an "undue" burden was one "which is beyond that normally necessary." The normal rule is that a plaintiff "will be required to make himself or herself available for examination in the district in which suit was brought. Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition." 8A Wright and Miller, Federal Practice and Procedure, § 2112. See also Matthews v. Watson, 123 F.R.D. 522, 523 (E.D. Pa. 1989), Detweiler Bros., Inc. v. John Graham & Co., 412 F. Supp. 416, 422 (E.D. Wash. 1976). As such, the cost for a plaintiff to attend a deposition in the forum in which the

////

////

suit is brought is an ordinary, normally necessary cost of litigation.[10]

Several decisions have held that this normal rule does not apply when plaintiffs could not have filed suit elsewhere, and would suffer a significant financial burden if required to appear for a deposition in the forum. Kovalsky v. Avis Rent-A-Car, Inc., 48 F.R.D. 453, 454 (D.P.R. 1969) (when suit only could have been filed in Puerto Rico, plaintiff not required to travel there from New Jersey to be deposed), Robinson v. Tracy, 16 F.R.D. 113, 115 (D. Mo. 1954) (plaintiff not required to travel from Arizona to Missouri for deposition when suit could not have been filed elsewhere, travel would be a financial hardship, and plaintiff's testimony minimally relevant). At least one court, however, has held that even when a suit only could have been brought in one forum, the plaintiff still chooses that forum by choosing to file suit at all, and the plaintiff must therefore bear the costs of appearing for deposition in that forum. Minnesota Mining & Mfg. Co. v. Dacar Chemical Products Co., 707 F. Supp. 793, 795 (W.D. Pa. 1989).

This court cannot conclude that either approach is categorically correct as a matter of law. In each of these cases, the court balanced a number of factors, including the plaintiff's ability to pay, the content an importance of the plaintiff's testimony, and the type of claim. The need to balance these factors demonstrates the importance of a court's ability to exercise discretion in issuing a protective order. See Fed. R. Civ. P. 26(c), Martin v. D.C. Metropolitan Police Dept., 812 F.2d 1425, 1437 (D.C. Cir. 1987) rehearing granted, opinion vacated in part on other grounds 817 F.2d 144.

In light of the above, the court also cannot conclude that the magistrate abused his discretion in denying plaintiff's request for a protective order in this case. It appears that plaintiff could not have filed suit in any other district, and that appearing for a deposition at this time will impose a significant financial burden on plaintiff. It also appears, however, that plaintiff's

---

[10] The magistrate's November 15, 2008 order denying plaintiff's request for a protective order also noted that 28 U.S.C. § 1915, "Proceedings in forma pauperis," does not provide for payment of fees or expenses, implying that even IFP plaintiffs are expected to bear the burden of these expenses.

1  testimony at trial will be central to his case, and that other cases have involved even greater
2  burdens in travel.  Balancing these factors, the Magistrate excused plaintiff's non-appearance at
3  the scheduled December 8, 2008 deposition, and compelled defendants to accept plaintiff's
4  deposition during a number of other dates (January 20, 21, 29 or 30, 2009).  This court cannot
5  conclude that the Magistrate abused his discretion in adopting this solution and thereby denying
6  plaintiff's request for a protective order specifying that his deposition be conducted
7  telephonically.

**B.    Postponement of the Deposition**

Plaintiff also seeks to have the deposition postponed to an unspecified future time, so that plaintiff can acquire funds enabling him to travel.[11]  This request also constitutes a request for a Rule 26(c) protective order.  For the reasons stated above, the magistrate did not abuse his discretion in concluding that appearing at one of the times specified by the Magistrate (January 21-22 or 29-30 2009) would not impose an undue burden or expense on plaintiff.

**C.    Recusal**

Finally, the Magistrate Judge properly denied plaintiff's request for recusal.  Plaintiff's complaints are in regards to adverse rulings which are insufficient to show bias or prejudice.  Plaintiff's complaints that the Magistrate Judge is biased, because he has denied plaintiff's motions, fails.  See Berger v. United States, 225 U.S. 22 (1922).  Plaintiff also argues that the Magistrate Judge has lied in an order and insinuated that plaintiff is untrustworthy.  The court does not find any support in the docket for plaintiff's allegations.  The Magistrate Judge found that the defendants have the right to ascertain plaintiff's truthfulness.  In so doing, he did not pass judgment on plaintiff's trustworthiness.  Instead, he found the defendants' request to meet with plaintiff personally and determine how he will relate to a jury was a reasonable request.  As to plaintiff's complaint that the Magistrate Judge has lied, the court similarly finds this complaint

---

[11] Plaintiff does not explain any particular plans for how he will acquire these funds.

1  unsubstantiated. Plaintiff claims that the Magistrate Judge lied in stating that the November 25,
2  2008 order denied plaintiff's request for a telephonic deposition. However, by specifically
3  dealing with the appropriateness of a Rule 30(b)(4) order, the Magistrate did address this issue.[12]
4  Therefore, plaintiff's statement that the Magistrate Judge lied is unsubstantiated. Plaintiff has
5  not provided proper grounds to require the Magistrate Judge to be recused from this case, and
6  therefore has not shown that the Magistrate Judge's denial of that request was clearly erroneous
7  or contrary to law.

### IV. CONCLUSION

For the reasons stated above,

1) The motions for reconsideration of, responses to, and objections to the Magistrate's orders (Doc. Nos. 230, 234, 241, 242, 258, 260, 261, and 262) are hereby DENIED;

2) The Magistrate Judge's November 25, 2008, December 3, 2008, and December 23, 2008 orders (Doc. Nos. 221, 229, and 250) are AFFIRMED;

3) Plaintiff SHALL make himself available for his deposition in Sacramento, California, as ordered, either on January 21-22, 2009 or January 29-30, 2009.

IT IS SO ORDERED.

DATED: January 20, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[12] To the extent that plaintiff did not understand the significance of the Magistrate Judge's references to Rule 30(b)(4), any harm done by this misunderstanding has been remedied by reconsideration of plaintiff's requests.