IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS CLINTON,                             No. CIV S-05-1600-LKK-CMK-P

    Plaintiff,

  vs.                                          ORDER

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

        Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Defendants' motion for dismissal sanctions (Doc. 318) for Plaintiff's failure to produce documents at his deposition. Plaintiff also has several motions pending, including motions to compel and motions for sanctions. He has filed an opposition to Defendants' motion (Doc. 325).

**I. BACKGROUND**

        Pursuant to this court's scheduling order, issued January 4, 2008, all discovery was due by June 27, 2008. The parties requested a modification of the discovery deadlines set forth in the scheduling order, but with the exception of Plaintiff's deposition, the court has denied the requests. (See Doc. 97, 185). Prior to the close of discovery, both parties brought motions to

1

compel. Plaintiff's motion sought the production of documents, which was granted in part and denied in part. Defendants were to ordered to serve supplemental responses to several of plaintiff's requests for production, and to produce responsive documents in their custody, possession, or control, as to others (Doc. 185).

Defendants' motion sought to compel Plaintiff's appearance at a properly noticed deposition. Plaintiff's attendance at a deposition is specifically relevant to the instant motion. Plaintiff's original deposition was noticed for May 14, 2008. Plaintiff failed to appear for that deposition. As a result of Plaintiff's failure to attend the noticed deposition, the Defendants brought a motion to exclude Plaintiff's testimony or compel his attendance at a deposition (Doc. 166). Rather than taking the extreme step of precluding Plaintiff from offering his testimony as an appropriate sanction, the court ordered Plaintiff to appear for a deposition upon notice by the Defendants, and ordered Plaintiff to pay monetary sanctions in the amount of $474 for his failure to appear at the deposition (Doc. 185). Although discovery was closed at the time of that order, the court extended the discovery deadline, as to Plaintiff's deposition only, for 90 days. On September 19, 2008, Defendants noticed Plaintiff's second deposition for December 8, 2008. In the notice of deposition, Defendants requested Plaintiff produce documents supporting his claims and the documents he intends to use at trial. In response, Plaintiff filed a notice that he was not refusing to attend the deposition, but he did not have the financial means to attend a deposition in California while he was residing in Arkansas (Doc. 186). In addition, Plaintiff requested the Defendants take his deposition by remote, or telephonic, means. Defendants objected to taking Plaintiff's deposition remotely because the inability to face Plaintiff during his deposition would hinder the Defendants' ability to ascertain Plaintiff's truthfulness and judge his ability to relate to a jury, and it would hinder Defendants' ability to question Plaintiff as to specific documents which they had requested Plaintiff to produce at the deposition.

The court required Plaintiff to appear at his deposition in person as noticed. This decision was based in part on the Defendants' request for Plaintiff to produce documents at his

deposition. Plaintiff requested his December 8, 2008 deposition be postponed, which the court denied. Plaintiff was ordered to appear at his deposition as noticed by the Defendants. Plaintiff then failed to appear at the deposition on December 8, 2008. As a result, Defendants brought another motion for sanctions (Doc. 240). The court declined to rule on that request, and instead gave Plaintiff one last opportunity to appear for a deposition as noticed. The court stated that if Plaintiff failed to appear at his deposition as noticed, the court would grant the Defendants' motion for terminating sanctions. Plaintiff filed several motions for reconsideration of the undersigned's orders regarding his deposition. The District Judge denied the motions, specifically discussing Plaintiff's appearance at a deposition, and the request for documents (Doc. 273).

On January 30, 2009, Plaintiff did appear at his deposition, but failed to bring any documents with him as required by the deposition notice. Based on Plaintiff's appearance, the court denied Defendants' motion for sanctions without prejudice to Defendants' ability to bring a new motion for sanctions, if appropriate, based on what occurred or did not occur at the deposition (Doc. 296). Defendants' renewed motion for dismissal sanctions is based on Plaintiff's failure to follow court orders, failure to produce documents at his deposition as required, and his failure to pay the previously ordered monetary sanctions.

## II. MOTION FOR SANCTIONS

A. Relevant Law:

Under Rule 37 a party may bring a motion for sanctions based on another party's failure to comply with a court order and for the party's failure to respond to a request for inspection of documents. See Fed. R. Civ. Proc. 37(b), (d). The court also has an inherent power to issue sanctions for abusive litigation practices. See Leon v. IDX Systems Corp., 464 F.3d 951, 958 (9th Cir. 2006). In addition to monetary sanctions, non-monetary sanctions for a party's failure to comply with a court order include: (1) finding an issue to be established; (2) precluding evidence, a claim or a defense; (3) striking pleadings; (4) staying further proceedings; (5) dismissing the action; (6) rendering a default judgment; or (7) finding a party in contempt of

court. See Rule 37(b)(2). The imposition of dismissal sanctions are limited to where there is a finding of willfulness, fault, or bad faith. See Fjelstad v. Am. Honda Motor Co., Inc., 762 F.2d 1334, 1337 (9th Cir. 1985).

When deciding whether to impose dismissal sanctions, the court generally considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability less drastic sanctions." Anheuser-Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (citing Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993)). "Providing plaintiff with a second or third chance following a procedural default is a 'lenient sanction,' which, when met with further default, may justify imposition of the ultimate sanction of dismissal with prejudice." Malone v. U.S. Postal Serv., 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citing Callip v. Harris County Child Welfare Dept., 757 F.2d 1513, 1521 (5th Cir. 1985)).

### B. Defendant's Motion

As a result of Plaintiff's failure to bring any supporting documents with him to the deposition, Defendants have filed a renewed motion for dismissal sanctions. In their motion, Defendants argue that the court ordered Plaintiff to appear at his deposition as noticed. The deposition notice requested Plaintiff produce documents for inspection and copying at his deposition. Therefore, Plaintiff's failure to produce the requested documents was in violation of the court's order to appear as noticed. The deposition notice specifically requested Plaintiff produce the following:

> 1. Any and all letters, grievances, or inmate appeals submitted by you in connection with the subject matter of this lawsuit;
> 2. All documents which you have in your possession or control which relate to the issues you allege are the subject matter of this lawsuit;

///

> 3. All written statements you have received from any person concerning the issues you claim are the subject matter of this

4

lawsuit; and
    4.    All documents which you have in your possession or control which you intend to use at trial.

(Deposition Notice, Doc. 318-2, at 14).

Defendants argue that they have been prejudiced in the preparation of their defense by Plaintiff's failure to produce the documents as required. In addition, they argue less drastic sanctions for Plaintiff's violation of this court's orders are inadequate. Defendants contend Plaintiff failed to produce his documents willfully and in bad faith. They argue there is no reasonable possibility Plaintiff could have believed he was not required to bring the requested documents to his deposition. As to actual prejudice, they argue Plaintiff's refusal to produce the documents has interfered with their ability to fully investigate Plaintiff's claims. Without Plaintiff producing his documents, Defendants have not had an opportunity to examine them and determine the extent to which they corroborate or contradict other evidence.

Defendants further contend that less drastic sanctions are unavailing. This court has previously ordered Plaintiff pay monetary sanctions for his failure to attend his deposition. Although Plaintiff continues to argue that those sanctions are unjust and he has no financial means to pay them, those sanctions have been upheld by the District Judge on a motion for reconsideration. (See Docs. 201, 308 (finding plaintiff's request untimely)). To date, Plaintiff has not paid those monetary sanctions. In addition, even after the imposition of monetary sanctions for his failure to attend his deposition, Plaintiff failed to appear at a second deposition as ordered. It was not until this court issued a warning that his case would be dismissed if he failed to appear at another properly scheduled deposition was this court successful in compelling Plaintiff's appearance. Accordingly, Defendants argue less drastic sanctions are not appropriate, and this court should grant their request for dismissal sanctions.

/ / /

/ / /

C. Plaintiff's Opposition

In response, Plaintiff make several arguments unrelated to the motion for dismissal sanctions. As to those arguments actually addressing the motion, Plaintiff argues much of his evidence has been attached to various filings he has made in this court and that the Attorney General's office has the same documents he has which support his case. Therefore, Defendants cannot show prejudice. In addition, Plaintiff argues the court only ordered his appearance at a deposition, not that he produce documents, the deposition notice only "requested" the production of documents, and he did not receive the new deposition notice until after he was already in California without his documents. Finally, Plaintiff argues that the Defendants' motion is untimely, having been filed after the 30 days the court provided.

### D. Timeliness

Plaintiff's argument that Defendants' motion is untimely is unpersuasive. The court's order providing the time frame in which Defendants could file an appropriate motion based on what occurred or did not occur at Plaintiff's deposition was issued on February 27, 2009. The order provided Defendants 30 days in which to file an appropriate motion. That gave Defendants until March 29, 2009. However, as March 29, 2009, was a Sunday, Defendants had until the following business day, or March 30, 2009, in which to file their motion. See Fed. R. Civ. Proc 6(a). Defendants motion was filed on March 30, 2009, and thus was timely.

### E. Discussion

Plaintiff argues he was not aware he was required to bring his documents to his deposition. The court finds this argument lacks merit. As Defendants set forth in their motion, producing the documents requested was part of the court's decision in denying Plaintiff's request to hold the deposition telephonically. In Plaintiff's motion for protective order, one of Plaintiff's arguments was that he could not afford to transport all of his documents to the deposition. Defendants argued against having the deposition occur telephonically in part based on their request that Plaintiff produce the documents at the deposition to allow counsel to go through and question Plaintiff about specific documents. Therefore, the court finds that Plaintiff was well

aware that he was required to bring his documents with him to his deposition.

He also argues that the court did not order him to produce any documents, and that the deposition notice only "requested" that he bring documents with him. Defendants' Notice of Taking Plaintiff's Deposition gave Plaintiff notice that the deposition was set pursuant to Rules 28, 30, and 32. Rule 30 authorizes depositions by oral examination. It also provides for the production of documents at an oral deposition, specifically that "[t]he notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." See Fed. R. Civ. Proc. 30(b)(2). Rule 34 in turn provides that a "party to whom to request is directed *must* respond in writing within 30 days after being served" and "*must* either state that inspection or related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. Proc. 34(b)(2)(A), (B) (emphasis added). Thus, although the deposition notice employed the word "request," as do the Federal Rules of Civil Procedure relating to all discovery, compliance is not optional. A party is required to comply with the request, or set forth an objection. Here, plaintiff did neither.

In addition, Plaintiff has indicated that he has moved back to California from Arkansas. Even if he has not moved permanently back to California, he has certainly argued that he does not have the money to be traveling back and forth from Arkansas, so it is reasonable to presume that he is here in California for the duration of this case. As such, in order to prevail at trial, Plaintiff will likely have to have some of these documents to introduce into evidence. He therefore will have to get these documents from Arkansas to California somehow. Plaintiff has indicated that he drove his personal vehicle to California, but that his car is not big enough to hold all of his documents. However, it is reasonable to assume Plaintiff could have brought at least the most important of his documents with him. Had Plaintiff appeared at his deposition with some documents, he could argue he made a good faith effort to comply with the production request. But, Plaintiff failed to show any good faith effort to comply by appearing at his deposition without any documents. Had Plaintiff produced even a small amount of documents in response to the

deposition notice, Defendants would likely have found it unnecessary to bring this motion. As it is, Plaintiff failed to follow the court's order to appear at his deposition as noticed, which included the request to produce documents.

To the extent Plaintiff argues Defendants have the same documents he has, and that he has attached a "plethora of evidence" to his numerous filings, this argument is not well taken. Attaching documents to other filings is not a sufficient response to a request to produce documents at a deposition. Producing documents at a deposition is not necessarily a way for Defendants to discover new evidence, but rather it is a method in which they can determine how Plaintiff is going to support his claims at trial. Requiring the court or Defendants to comb through over 300 filings to determine where Plaintiff has attached documents is overly burdensome, especially given that many of Plaintiff's filings are inappropriate. Regardless, the issue before the court is not whether Plaintiff was required to produce the documents. That has already been decided. The issue currently before the court is whether Plaintiff violated the court order requiring him to produce the documents at his deposition.

Although the court does not find credible his argument that he did not understand he was required to bring documents to his deposition, the court will give Plaintiff the benefit of any possible doubt. The court will provide Plaintiff one last opportunity to produce the documents Defendant has requested. This will be Plaintiff's last chance. If Plaintiff fails to produce the documents within the time set forth herein, the undersigned will recommend this case be dismissed for Plaintiff's failure to follow court orders.

Plaintiff is cautioned that until he complies with this order, no further action will be taken in this matter, as discussed below. In addition, Plaintiff is directed not to file any additional documents with the court in support of his position or pending motions. This includes no filing of additional letters, declarations and/or affidavits in support of his case. This also includes no filing of reference documents, such as newspaper articles, Senate hearing transcripts, prison studies, or requests for this court to take judicial notice of his current medical condition.

The court will delay ruling on Defendants' motion, and provide Plaintiff this one last opportunity to produce the documents Defendants have requested. Plaintiff shall, within 30 days, submit the requested documents to the Defendants' attorney, at the Office of the Attorney General, 1300 I Street, Sacramento, California. Defense counsel shall notify plaintiff, by filing and serving a notice of unavailability, if there are any days within the next 30 days, when he will be unavailable to review Plaintiff's documents, or if he requests the documents be produced at a location other than the Office of the Attorney General in Sacramento. Plaintiff may comply with this order by either providing copies of the requested documents, or by producing his original documents for defense counsel to inspect and make copies deemed necessary. If Plaintiff produces the documents as ordered, within the time-frame set herein, defense counsel is to notify the court that the documents were produced. After Plaintiff produces the documents, Defendants will be provided an opportunity, if they find it necessary, to depose Plaintiff a second time regarding the documents produced. If Plaintiff fails to timely produce the documents, the undersigned will issue findings and recommendations that this action be dismissed.

### III. Plaintiff's Motions

Plaintiff has filed a number of documents, requests, notices and motions that this court has not responded to. These filings generally concern Plaintiff's request for additional discovery, contend Defendants have failed to respond to outstanding discovery, request sanctions against the Defendants for their failure to respond to discovery, and request judgment in his favor as a result of the Defendants' spoliation of evidence. Plaintiff expresses his discontent with this court for not responding to his filings. However, given plaintiff's filing history[1], the court does not have the resources to address every one of plaintiff's filings as they come in. The court will attempt to address some of these filings below, but until Plaintiff complies with the court's orders,

---

[1] By way of example of Plaintiff's filing history, during the two week period of March 2, 2009 through March 16, 2009, Plaintiff filed 11 documents requesting such things as sanctions, protective orders, taking judicial notice, discovery violations, and affidavits in support of his case. During the month of January 2009, plaintiff filed 24 such documents.

no further rulings on his filings and/or motions will be issued.

### A. Motions to Compel

Plaintiff continues to raise issues regarding discovery violations which have already been addressed, and which are untimely. Discovery in this case closed June 27, 2008. Plaintiff propounded a number of discovery requests on Defendants, including requests for the production of documents. When he did not receive the response he had hoped for, he filed several motions to compel. The court issued an order on September 16, 2008, granting in part and denying in part Plaintiff's motion. In that order, which addressed Plaintiff's motions as well as Defendants' motions, the court declined to modify the scheduling order as to all discovery, with the exception of Plaintiff's deposition. The court's decision to allow additional time for Defendants to conduct Plaintiff's deposition (including the request for document production included in the deposition notice) was based on Plaintiff's failure to appear at his timely noticed deposition. However, beyond Plaintiff's deposition, all other discovery was, and remains, closed.

Plaintiff apparently continued to propound discovery requests on the Defendants regardless of the court's ruling that discovery was closed. He sent additional requests for documents in October 2008, well after discovery had closed. He argues that he should be permitted to conduct additional discovery, even while recognizing that the court has ruled discovery is closed, because he does not have enough evidence to prove his case.

Once discovery is closed in a case, no further discovery may be conducted absent a court order modifying the scheduling order upon a showing of good cause. See Fed. R. Civ. Proc. 16(b)(4). Plaintiff propounded this additional discovery after the close of discovery, and without a court order reopening discovery. Accordingly, the Defendants' objection to the discovery requests on the basis that they were untimely was a satisfactory response. As to the discovery propounded after the close of discovery, Plaintiff's motion to compel will be denied. Plaintiff has not filed a proper request to reopen discovery. Absent such a request, and a showing of good cause, the court will not allow Plaintiff to continue to propound discovery. If, after

Plaintiff has complied with this order and produced the documents which should have been produced at his deposition, the court may entertain a properly filed motion to reopen discovery. However, until Plaintiff has complied with this order, the court will not entertain any such a request.

Plaintiff also argues that some of his previous motions to compel should have been granted. This issue has been dealt with (Docs. 185, 201, 308). In addition, Plaintiff is informed that he cannot compel the Defendants to produce documents which are not in their possession. Discovery requests, including requests to produce documents, are limited in scope. They are only applicable to the actual parties to a lawsuit. Plaintiff has sued individual correctional officers, employees of the California Department of Corrections and Rehabilitation (CDCR). These individual correctional officers may not be in possession of the same documents as the CDCR. Plaintiff had other tools available to him in order to obtain documents he deemed necessary which were in the possession of a non-party, such as a subpoena. See Fed. R. Civ. Proc. 34(c), 45. However, the court cannot order the Defendants' to produce something not within their actual possession. See Fed. R. Civ. Proc. 34(a)(1).

As stated above, discovery in this case closed on June 27, 2008. According to the scheduling order (Doc. 97), all motions to compel were to be filed by the close of discovery. Therefore, any discovery requests propounded and any motions to compel filed after that date are untimely. Plaintiff filed two motions to compel after the cutoff date. The first (Doc. 210) on November 14, 2008, and the second (Doc. 298) on March 2, 2009. Both of these motions are untimely and will be denied on that basis.

### B. Motion for Sanctions/Mistrial

Plaintiff also continues to argue in several filings that the defendants are falsifying and destroying evidence. Most of Plaintiff's arguments that the Defendants are falsifying and/or destroying evidence have been filed as requests for the court to take judicial notice of documents or "notices" by plaintiff as to the alleged destruction. He has, however, also filed a motion for

sanctions (Doc. 289) and a motion for mistrial (Doc. 324).

A party may move for sanctions against another for failure to obey a court order and for intentional destruction of evidence. See Fed. R. Civ. Proc. 37, Leon v. IDX Systems Corp., 464 F.3d 951, 958 (9th Cir. 2006). As discussed above, available sanctions include monetary and/or non-monetary sanctions, such as an adverse inference jury instruction, striking a claim or defense, excluding evidence from trial, and default or dismissal. See, e.g., Rule 37(b)(2). District courts have broad discretion in imposing discovery sanctions as part of their inherent power. See Anheuser-Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995).

The destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation is referred to as spoliation. See Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001). "The intentional destruction of evidence relevant to an issue at trial can . . . support an inference that the evidence would have been unfavorable to the party that destroyed the evidence." Ritchie v. United States, 451 F.3d 1019 1024 (9th Cir. 2006). "Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 916 (9th Cir. 1987). However, prior to the imposition of sanctions for destroying evidence, the party destroying the evidence has to be under a duty to preserve the evidence. See Kronisch v. United States, 150 F.3d 112, 126 (2nd Cir. 1998). "This obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation . . . ." Id.

The court expresses no opinion at this time as to the merits of plaintiff's motions. Nor does the court render an opinion as to the timeliness of plaintiff's motions. However, if Plaintiff complies with this order, and produces the documents required herein, the court may at that time consider his motions. If the court determines consideration of plaintiff's motions proper, it may request a response from the defendants. However, the court declines to issue such a

requirement at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall, within 30 days of the date of service of this order, produce the documents Defendants requested in their deposition notice to defense counsel, at the Office of the Attorney General, 1300 I Street, Sacramento, California, for inspection and/or copying, as outlined above;

2. Defense counsel shall notify Plaintiff, by way of filing and serving a notice of unavailability, within 10 days of the date of service of this order, if there are any days within the next 30 days he will be unavailable to inspect Plaintiff's documents, or if he requests the documents be produced at an alternate location;

3. Defense counsel shall notify the court that Plaintiff's documents were received, within 10 days of Plaintiff's production;

4. Defendants may notice and conduct a second deposition of Plaintiff, if they deem it necessary to question Plaintiff regarding his documents, within 30 days after receipt of Plaintiff's documents, providing Plaintiff at least 20 days notice;

5. If Plaintiff fails to produce the documents to defense counsel with the time frame set forth herein, defense counsel shall notify the court within 10 days of the deadline that Plaintiff has not complied with this order;

5. If Plaintiff fails to timely comply with this order to produce his documents, the undersigned will issue findings and recommendations that this case be dismissed;

6. Plaintiff's duplicative motions to compel (Docs. 210, 323) are denied as untimely;

7. Plaintiff's motions for sanctions and/or mistrial will be considered, if appropriate, after Plaintiff complies with this court order; and

///

8. The court sua sponte resets the dispositive motion deadline, currently set

13

for May 11, 2009, to August 17, 2009.

DATED: May 11, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE