IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS CLINTON,  No. CIV S-05-1600-LKK-CMK-P

    Plaintiff,

  vs.  ORDER

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

    Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On May 11, 2009, the undersigned issued an order providing Plaintiff one last opportunity to produce documents Defendants had requested in their deposition notice (Doc. 332). On May 19, 2009, Plaintiff filed objections to that order (Doc. 335).[1]

    The court is unsure what Plaintiff is requesting as a result of his objections. He states he does not object to providing the defense the documents requested. But he appears to indicate he is unsure what documents have been requested. He concludes by stating he will "produce all the requested evidence for Defendant" to the best of his ability.

---

[1] Plaintiff filed a duplicative document on May 28, 2009 (Doc. 336).

1

1           Plaintiff seems to indicate he may be unable to produce the "evidence" requested
2 without a full copy of his prisoner central file and medical files.  As such, he appears to be
3 attempting to relitigate an issue which has already been decided.  Plaintiff previously requested,
4 through a request for productions of documents, a copy of his central and medical files.  As to his
5 central file, the court found the defendants did produce a copy of his central file.  (See Doc. 185,
6 at 20.)[2]  While he argues that the format in which he received his central file was improper, that
7 issue is not currently before the court and does not negate the fact that Defendants did produce
8 the file.  In addition, the undersigned has tried to inform Plaintiff that there may be other ways to
9 obtain copies of the documents he has requested, such as a subpoena.  See Fed. R. Civ. P. 45.
10 His prisoner central and medical file may also be obtainable through a direct request submitted to
11 the custodian of records for the California Department of Corrections and Rehabilitation
12 (CDCR).[3]

13           A request to produce documents, such as that the Defendants have propounded
14 upon Plaintiff, is not a request for Plaintiff to produce documents that are not in his possession.
15 Rule 34 specifically states "[a] party may serve on the other party a request . . . to produce . . .
16 items in the responding party's possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  A
17 request to produce documents pursuant to Rule 34 is limited to those documents within the
18 party's possession.[4]  Defendants' request is for Plaintiff to produce all documents he intends to

---

[2]   Plaintiff's request for reconsideration of that order was denied as untimely.  See Doc. 201, at 5.

[3]   The court expresses no opinion on the propriety of obtaining copies of his files in this manner, and is simply informing Plaintiff that there may be other ways to obtain the documents he believes are necessary.

[4]   Plaintiff also raises an objection to the determination that Defendants do not have to produce documents outside their possession or control, citing to Clark v. Vega Wholesale, Inc., 181 F.R.D. 470 (D. Nev. 1998).  However, Clark does not support Plaintiff's position that the individual officers are in possession or control of all things in the possession or control of CDCR.  The court in Clark found that "control" includes the legal right to obtain documents, such as where "a party is able to command release of the documents by the person or entity in actual possession . . . ."  181 F.R.D. at 472 (concluding that a plaintiff cannot be compelled to

use at trial.  This request is broad, but not overly broad.  Plaintiff indicates there may be documents he intends to use at trial which are not currently in his possession.  Although he may have some difficulties relying on documents at trial that he does not produce to the Defendants, if there are documents Plaintiff is still trying to obtain, he may be able to produce them in a supplemental response after he obtains them.  Plaintiff is cautioned that if he is unsure of what documents to produce, he should err on the side of over producing so as to avoid the situation wherein he tries to rely on documents at trial which he did not produce.

Plaintiff further complains he is not being treated like a pro se plaintiff, but instead is being treated as if he should have the same knowledge as a 20-year legal veteran.  Plaintiff's argument is based on the undersigned's attempt at providing him every available opportunity to avoid dismissal of this case for his failure to follow court orders.  Plaintiff has previously been informed that even

> "pro se litigants are bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (citing King v. Atiyeh, 814 F.2d 565, 567 (9th cir. 1987); see also Faretta v. California, 422 U.S. 806, 834 n.46 (1975).  Although the court construes plaintiff's filings liberally, plaintiff is still required to follow proper procedures and it is not the court's function "to supervise laymen in the practice of law." Springer v. Best, 264 F.2d 24, 25 (9th Cir. 1959).  The court is not required to "inject itself into the adversary process on behalf of one class of litigant." Jacobsen v. Filler, 790 F.2d 1362, 1365 (9th Cir. 1986) (acknowledging the court's duty "to apply the requirements of the summary judgment rule with less than 'strict literalness'").  Doing so would minimize the court's ability to remain impartial. See id. at 1365 n.7.

(See Doc. 249, at 2-3).

/ / /

/ / /

/ / /

---

sign a medical release to obtain copies of her medical records in the possession of her physician).  Plaintiff has not made any showing that the individual correctional officers, who are the defendants in this case, have the ability to command release of the documents he is requesting, such as Plaintiff's medical file, from the custodian of those records.

Whether or not the undersigned found Plaintiff's arguments in opposition credible or not, the undersigned has provided Plaintiff the opportunity to produce his documents and avoid dismissal of this case. Plaintiff is being provided with this opportunity only because he is proceeding pro se. This opportunity would not likely be provided in a counseled case. What Plaintiff does with this opportunity is up to him.

Finally, Plaintiff has indicated again that he is unsure of what defenses Defendants will present at summary judgment. Plaintiff was previously informed of what to expect in regards to a motion for summary judgment. To the extent he is requesting that information again, Plaintiff is informed that:

> [p]ursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure: Such a motion is a request for an order for judgment in favor of defendants without trial. A defendant's motion for summary judgment will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are. Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion. If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the

defendants' motion.  If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed.

(See Doc. 51, at 4-5).

Accordingly, to the extent Plaintiff's "objections" are an attempt to request a protective order as to the documents to be produced, this request is denied.  Although the request to produce is broad, it is not an over broad request.  Plaintiff has indicated he will make a good faith effort to locate and produce those documents in his possession which he intends to rely on at trial.  This is all that is expected.

IT IS SO ORDERED.

DATED: June 8, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE