IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CLINTON, | No. CIV S-05-1600-LKK-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. / | |

Plaintiff, a former state prisoner proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for reconsideration (Doc. 340) of the Magistrate Judge's June 9, 2009 order (Doc. 339).

Plaintiff titled this document as "Appeal Courts Decision to Docket 339 and/or Objections." The court construes this as a request for reconsideration, although plaintiff does not directly criticize any of the magistrate's conclusions, as explained below. As this court has often explained in this case, a magistrate judge's order shall be upheld unless "clearly erroneous or contrary to law." Eastern District of California Local Rule 72-303(f).

The origin of the order plaintiff asks this court to reconsider lies in defendants' deposition of plaintiff. Defendants, various CDCR employees, sent a plaintiff a notice of deposition for

1

May 14, 2008. The deposition notice requested that plaintiff produce various documents at the deposition, namely:

> 1. Any and all letters, grievances, or inmate appeals submitted by you in connection with the subject matter of this lawsuit.
>
> 2. All documents which you have in your possession or control which relate to issues you allege are the subject matter of this lawsuit.
>
> 3. All written statements you have received from any person concerning the issues you claim are the subject matter of this lawsuit.
>
> 4. All documents in your possession or control which you intend to use at trial.

(Deposition Notice, Doc. 318-2, at 14). Plaintiff failed to appear at that deposition. After various filings by both parties, the magistrate ultimately extended the closure of discovery to allow plaintiff to appear for deposition on January 30, 2009. All other discovery closed on June 27, 2008. Plaintiff appeared for deposition on January 30, but did not provide any of the documents requested by the notice of deposition. Because of this failure, defendants renewed their prior motion for dismissal of this case as a sanction.

As a separate but related issue, since the close of discovery, plaintiff has filed numerous motions to compel production of documents. (Docs. 210, 298, 323.)

On May 11, 2009, the magistrate issued an order considering the renewed motion for a dismissal sanction and plaintiff's motions to compel. (Doc. 332.) The magistrate declined to dismiss the case, instead granting plaintiff thirty days to produce the documents. The magistrate denied plaintiff's motions to compel production of documents as untimely, in that discovery had closed prior to the filing of these motions.[1] The magistrate stated that once plaintiff had produced the documents sought by defendants, he would be willing to entertain a motion to reopen discovery. However, the magistrate would not consider such a motion, nor any other

---

[1] In separate portions of the order, the magistrate refers to the motions listed as Docs. 210, 298, and 323. The magistrate denied all three motions to compel as untimely.

motion, until plaintiff had produced the required documents. The magistrate also stayed resolution of plaintiff's motions for sanctions and a mistrial.

Plaintiff then filed "objections" to the magistrate's order. (Doc. 339, June 5, 2009.) Plaintiff argued that he could not produce the documents sought by defendants until defendants in turn produced the documents sought by plaintiff, because plaintiff intends to use the latter documents at trial. The magistrate issued an order explaining the scope of plaintiff's obligations, including that plaintiff's obligation extended only to documents currently in his control. Doc 339, June 9, 2009.

Plaintiff then filed the document currently before this court, titled "Appeal Courts Decision to Docket 339 and/or Objections." (Doc. 340, June 17, 2009.) This document poses four questions to the court, all of which concern the merits of plaintiff's motions to compel, namely, defendants' control over and ability to produce the documents plaintiff seeks. Neither of the magistrate's orders potentially under reconsideration, Docs. 332 and 339, made any determination as to these issues. Because the motions to compel were denied as untimely--a conclusion plaintiff does not challenge, and which was in any event correct--no such determination was required. Thus, this court does not address plaintiff's questions at this time.

To the extent that plaintiff seeks review of the magistrate's decision to order plaintiff to produce documents within thirty days or the decision to stay all other matters in this case, those decisions were neither clearly erroneous nor contrary to law.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for reconsideration (Doc. 340) is denied;

2. The Magistrate Judge's June 9, 2009 order, Doc. 339, is affirmed; and

3. No further motions for reconsideration of this order will be considered.

DATED: July 2, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT