IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CLINTON, | No. CIV S-05-1600-LKK-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On May 11, 2009, the court issued an order requiring Plaintiff to produce documents on or before June 10, 2009. The court also ordered Defense counsel to notify the court whether Plaintiff had produced the documents within 10 days of Plaintiff's production, or within 10 days of the deadline if Plaintiff failed to comply. The time for Defense counsel to notify the court has passed, and the court has not received any notification.

Accordingly, Defense counsel will be required to show cause in writing, within 20 days of the date of this order, why monetary sanctions should not be imposed for failure to follow a court order.

///

In addition, the court ordered that if Plaintiff fails to produce his documents, the undersigned would recommend dismissal of this action for Plaintiff's failure to follow court orders. As the court was not notified that Plaintiff failed to produce the documents, as required, the court finds no grounds for dismissing this case. The defense motion for dismissal sanctions will therefore be denied.

The undersigned is aware that there are numerous pending motions and/or filings pending before the court. Given the length of the docket in this case, the court will require the parties to brief the court as to the status of this case. The court will require the parties to file and serve status reports which address the following: (1) which motions are outstanding, giving the court a brief summary of each pending motion and referencing the docket number[1], (2) whether responsive pleadings are appropriate or necessary as to any outstanding motion, (3) whether this case is ready for dispositive motions[2],(4) how much time the parties need to prepare the dispositive motions,(5) whether, besides dispositive motions, they are considering filing any other motion, and (6) whether this case is amenable to mediation. The parties may also submit additional information as to the status of this case, but they are cautioned that the court expects the status reports to be brief. Status reports are not the means by which to argue the merits of any outstanding motion, but are designed to inform the court as to what issues are outstanding. The parties are also cautioned that their status reports are not to exceed ten pages in length, and are not to have exhibits attached. If either party decides additional briefing of any pending motion is necessary, they may inform the court in their status report providing the court with an estimate of how much time is necessary to file further briefs.

///

---

[1] The summary for each pending motion should be no longer than one short paragraph. The court will provide Plaintiff with a copy of the recent docket sheet for reference.

[2] The court is aware that it has set a dispositive motion deadline for August 17, 2009. However, depending on the status reports, the court may find it appropriate to reset that deadline.

Finally, until the status reports are submitted and the court has addressed the status of this case, Plaintiff remains under the previous requirement that he file no additional documents in support of his position or pending motions, including letters, declarations, affidavits, reference documents, newspaper articles, studies, etc.  This restriction is not intended to restrict the filing of a proper motion, but rather is a restriction on the filing of pleadings not contemplated by the Federal Rules of Civil Procedure.  See Fed. R. Civ. Proc. 7.  Plaintiff has already filed numerous motions raising the same or similar arguments.  The court will address those, following the submission of the status reports, but cautions Plaintiff not to file any additional duplicative motions.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for dismissal sanctions (Doc. 318) is denied;

2. Defense counsel shall show cause in writing, within 20 days, why monetary sanctions should not be imposed for failure to follow a court order;

3. The Clerk of the Court is directed to provide Plaintiff with a copy of the Docket Sheet report, from April 1, 2008, to the present;

4. Plaintiff shall file a status report, as detailed above, within 30 days of the date of this order; and

5. Defendants shall file a status report, as detailed above, within 20 days of the date Plaintiff's status report is filed.

DATED: July 8, 2009

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE