**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

THOMAS CLINTON,                    No. CIV S-05-1600-LKK-CMK-P

        Plaintiff,

   vs.                               <u>ORDER</u>

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

       Defendants.

_____/

      Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

      Pending before the court are several of Plaintiff's motions/requests for discovery sanctions in the form of a default judgment.  Plaintiff claims "spoliation of evidence" based on the argument that Defendants and defense counsel are destroying, concealing, and refusing to produce evidence.  He claims there have been twenty-eight instances where the defendants have destroyed documents or manipulated discovery so as not to produce requested documents. Plaintiff is basically arguing that the defense is not acting in good faith.

/ / /

/ / /

1

1

**I.      Plaintiff's Summary of Motions**

2          Plaintiff summarizes his requests for default judgment based on spoliation of

3   evidence as follows[1]:

4                   1.      APPEAL TO COURT DECISION. OBJECTION OF
                    COURTS FINDINGS AND RECOMMENDATIONS;
5                   PLAINTIFF QUALIFIES FOR AN EXCEPTION TO THE PLRA.
                    Judge Karlton agreed that prison staff obstructed Plaintiff's proper
6                   exhaustion of his administrative remedies, and which would
                    prevent him from filing suit against them. (Docket #81) (Docket
7                   #91, p.4, lines 1-3).

8                   2.      MOTION FOR MISTRIAL 100% IN PLAINTIFF'S
                    FAVOR ON THE BASIS OF SPOLIATION AND ADVERSE
9                   INFERENCE.  Within this document Plaintiff proved with
                    undeniable evidence that his prison records are falsified, and that
10                  other California prison officials informed the federal government
                    that his rape was substantiated in 2004. [¶] This raises the serious
11                  question as to what else is falsified within Plaintiff's prison
                    records, and if the Magistrate can trust any of Plaintiff's prison
12                  documents. (Docket #324).

13                  3.      REQUEST FOR SANCTION; REQUEST FOR
                    MISTRIAL IN FAVOR OF PLAINTIFF; RESPONSE TO
14                  DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO
                    COMPEL FURTHER PRODUCTION OF DOCUMENTS, SET
15                  14.  Within this document Plaintiff proves that Defendant
                    destroyed the electronic evidence of Sergeant Casner's CDC 1030,
16                  property file, and to prevent Plaintiff from proving that that
                    document was rewritten to discredit Plaintiff's prisoner rape.
17                  Plaintiff needed that evidence to prove that these discrediting
                    documents were re written, after staff gave Plaintiff's prison rape
18                  documents to other inmates to read. (Docket #323) [actually 322].

19                  4.      THE COURT IS BOUND TO DISMISS THIS CASE
                    WITH PREJUDICE AGAINST THE DEFENDANT AS A
20                  MATTER OF LAW.  THE DISCOVERY FOR THIS SUIT MAY
                    BE UNNECESSARY.  In this response to Defendants refusal to
21                  produce the property files on the computer generated documents.
                    Plaintiff produced an excerpt from his diary that he kept, and
22                  where he was informed by John Doe staff that prison officials were
                    re-writing his prison documents to exonerate themselves of their
23                  misconducts in publicizing Plaintiff's prisoner rape to inmates.
                    Plaintiff's presented evidence creates a reasonable doubt that
24                  prison staff did re-write some of his prison documents to discredit
                    and conceal his rape.  In this document Plaintiff challenged the

25

26       [1]      See Doc. 348.

Court to explain how he "knew" that Defendants were re-writing his prison documents years before, and provided an excerpt from his diary were [sic] John Doe staff warned Plaintiff what prison officials were doing.  (Docket #189).

5.      MOTION TO COMPEL PRODUCTION OF DOCUMENTS, SET NUMBER: 15, REQUEST FOR SANCTIONS, p. 4-5. [¶] In Production No. 1 and its Motion to Compel, Defendant lied and stated that the Confidential Memorandum on Plaintiff's rape, was released into prison population, and to cause injury to Plaintiff.  Could not be found, but Plaintiff proved that that document was referenced during classification. [¶] This proved that either Defendant has the document in their custody and control or refuses to relinquish it for trial or, that state officials are destroying Plaintiff's inmate records to prevent Plaintiff's suit from prevailing. [¶] Either way the law says that if Plaintiff proves deceitful practices by Defendant this suit must be dismissed and granted 100% in Plaintiff's favor. Obviously the Classification Hearing document references Confidential Memorandums to refer to, and which were the documents that were released publicizing Plaintiff's prisoner rape. Destruction of evidence (especially when California states it must be kept for 30 years) is undeniable spoliation, and this suit must be dismissed in favor of Plaintiff to prevent a miscarriage of justice. (Docket #328, Exh. A)(Docket #329) [actually Doc. #210].

6.      REQUEST FOR A PROTECTIVE ORDER AGAINST DOCUMENTS THAT ARE UNTRUSTWORTHY AND/OR A JUDICIAL NOTICE THAT DOCUMENTS ARE TO BE CONSIDERED UNTRUSTWORTHY.  Within this document Plaintiff provided undeniable evidence that Correctional Sergeant Sherer and Sergeant Casner documents were re-written and because the dates and timelines do not match with the Prison Classification Hearing documents.  [¶] Plaintiff provided undeniable evidence that Defendant's destroyed Plaintiff's prison documents so he could not identify John Does and provide evidence of constructive knowledge.  This is proven by the fact that the CDC 1030 actually references another document in which Defendant states does not exist.  Even though the state is required to keep Plaintiff's prison records for 30 years.  Proving prison staffs are destroying Plaintiff's documents to injure his suit and prevent the truth from being known.  (Docket #213).

7.      MOTION FOR MISTRIAL 100% IN PLAINTIFF'S FAVOR ON THE BASIS OF SPOLIATION AND ADVERSE INFERENCE. [Requesting] Judicial Notice that Plaintiff's prison rape documents were falsified.  (Docket #214)

8.      DESTRUCTION OF EVIDENCE, REQUEST FOR SANCTIONS, AND SUBJECT TO DEFAULT AS A MATTER OF LAW.  Within this document Plaintiff proved that the Prisons

CDC 1030 Confidential Disclosure Forms referenced other documents, and Defendant has admitted that the referenced documents have been destroyed.  Plaintiff has proven that the state is required to retain those documents in Plaintiff's prison record for no less than 30 years.  This proves that it is a willful destruction of Plaintiff's evidence to protect Defendants Desantis, Riley, Cooper, and the John Does that publicized Plaintiff's prisoner rape. (Docket #216).

9.      REQUEST FOR A SANCTION DUE TO DISCOVERY VIOLATION AND TO ACCEPT EVIDENCE TO SUPPORT DEFENDANT DESANTIS HISTORY OF MISCONDUCTS. Within this document Plaintiff proved that Defendant lied about producing photographs of staff to identify his John Does, and that staff do not have to take a photograph.  Those photographs already exist in staff personnel files.  This is a clear violation of discovery, and not to mention Defendant "lied" to Plaintiff and the Court again. [¶] Plaintiff provided character evidence against Defendant P. Desantis, and evidence on how others are adversely treated when a party files a grievance/suit against P. Desantis.  The staff turn on that person, to protect P. Desantis, and because he is the President of the prisons California Correctional Peace Officer's Association chapter at California Correctional Center, Susanville, California.  (Docket #215).

10.     SPOLIATION; DISCOVERY VIOLATION; SURVEILLANCE CAMERAS.  Within this document Plaintiff proved that CDCR does have surveillance cameras to produce evidence of Plaintiff's abuse and to identify his John Does, and that Defendant deliberately produced the wrong evidence of the records retention schedule to permit Plaintiff to know how long those tapes are to be retained as records. [¶] Defendant refuses to produce the electronic evidence in the form of the video tapes, and refuses to produce how long those tapes are retained.  The only logical reason for such acts is because: (1) Deliberately destroyed Plaintiff's evidence to prevent him from proving he was abused after he was raped; *or* (2) Deliberately not producing the evidence in their custody to permit Plaintiff to prove he was abused after he was raped.  (Docket #321).

11.     (TO RUN CONCURRENT WITH: SPOLIATION; DISCOVERY VIOLATION; SURVEILLANCE CAMERAS.) In this document Plaintiff proved that CDCR surveillance cameras actually "do" record, and that Defendant would have evidence to produce as Plaintiff requested.  Yet, Defendant continues to lie and state that they do not.  (Docket #223).

12.     (TO RUN CONCURRENT WITH: REQUEST FOR PROTECTIVE ORDER AGAINST DOCUMENTS THAT ARE UNTRUSTWORTHY AND/OR A JUDICIAL NOTICE THAT DOCUMENTS ARE TO BE CONSIDERED

4

UNTRUSTWORTHY.) In this document Plaintiff proved that Defendant lied about not having the requested electronic evidence, which that evidence must be retained for 30 years, and Defendant is either: (1) Defendant is refusing to relinquish it because it would prove that the documents were re-written; or (2) Unlawfully destroyed to prevent Plaintiff from proving his claim.  (Docket #224).

13.     REQUEST FOR A SANCTION DUE TO DISCOVERY VIOLATION IN DEFENDANTS OPPOSITION TO PRODUCTION OF DOCUMENTS SET NUMBER FOUR.  In this document Plaintiff proved that Defendant does not have to take photographs of Plaintiff's requested evidence, and that CDCR could just print the documents from their surveillance cameras. Plaintiff specifically produced the inmate cages that Defendant states that they have no photographs of, and to prove that it is impossible for a prison rape victim to request medical attention without disclosing he was raped to other inmates.  Thereby proving that raising the burden onto Desantis, Cooper, and Riley to inform medical that Plaintiff was raped and needs medical treatment. (Docket #227).

14.     ANOTHER VIOLATION OF DISCOVERY; REQUEST FOR SANCTION; REQUEST FOR JUDICIAL NOTICE (RESPONSE TO PRODUCTION OF DOCUMENTS SET NUMBER 5, REQUEST 29.).  Here Plaintiff produced evidence that the CDCR medical admits the date that Plaintiff's Los Angeles Men's Central Jail files were received by CDCR and Defendants became aware that Plaintiff has a history of vulnerability.  (Docket #248).

15.     DISCOVERY VIOLATION, REQUEST FOR SANCTIONS, ADVERSE INFERENCE, AND A JUDICIAL NOTICE (PRODUCTION OF DOCUMENTS SET NO. 1, REQUEST 17).  In this document Plaintiff proved that Defendant lied and stated that there is no such thing as a Simmons Decision Review, but Plaintiff has provided another inmate records to prove that there is.  This is the process in which Defendant was supposed to use to identify the John Doe staff that released Plaintiff's prison rape documents to other inmates, and proves that Defendants are "concealing" the identity of Plaintiff's John Does.  (Docket #247).

16.     REQUEST FOR INFERENCE; REQUEST FOR SANCTION; TO ACCEPT AS GENUINE; JUDICIAL NOTICE; AND DISCOVERY VIOLATION IN RESPONSE TO PRODUCTION OF DOCUMENTS SET NUMBER 11, REQUEST NUMBER 8.  In this motion Plaintiff proved that Defendant lied about the CDC 114-A document and that there is actually a CDC 114-A log and then there is a CDC 114-A "file" where Plaintiff's administrative documents are kept for Defendants to read.  Plaintiff has linked Defendants Riley and Cooper to

knowing that Plaintiff was raped but did not summon medical care but, without the file Plaintiff is prevented from linking Defendant Desantis and John Doe(s) to knowing about Plaintiff's prisoner rape and did not summon medical care.  (Docket #252).

17.     CD DOCUMENT AS EXHIBIT 2 SPOLIATION AND VIOLATION OF DISCOVERY, DISCOVERY VIOLATION IN RESPONSE TO PRODUCTION OF DOCUMENTS SET NUMBER 14, NUMBER 4.  In this violation of discovery Plaintiff proved that Defendant deliberately produced the wrong evidence to prevent Plaintiff from acquiring the evidence that they have the documents in their possession but are refusing to relinquish them [sic].  (Docket #282).

18.     DISCOVERY VIOLATION: DEFENDANTS RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS SET 3.  REQUEST SANCTION, JUDICIAL NOTICE, AND ADVERSE INFERENCE.  In this document Plaintiff proved that either prison officials are destroying Plaintiff's prison records that they are legally required to retain for a minimum of 30 years *or* Mr. Steel is refusing to produce evidence that Plaintiff is requesting to cause irreparable injury to Plaintiff's suit.  Plaintiff also proved that Mr. Steel presented false information and evidence and produced the wrong documents for the requested PRODUCTION of documents in an attempt to prevent alerting Plaintiff that his documents were being unlawfully destroyed.  (Docket #225) [actually Doc. #255].

19.     REQUEST FOR A SANCTION DUE TO SPOLIATION; PRODUCTION OF DOCUMENTS SET NO. TWO, NOS. 7, 8 & 9.  Here, Plaintiff proved by using the legal correspondence logs, that either Defendant is destroying his state records or refusing to relinquish them, most certainly Defendant is doing this [with] all of Plaintiff's requested evidence, and to prevent Plaintiff from prevailing with his suit.  (Docket #270).

20.     DISCOVERY VIOLATION; SPOLIATION; PRODUCTION OF DOCUMENTS SET NO. 2, REQUEST NO.: 13.  Here, Plaintiff proved that there was administrative correspondence alerting Former Director J. S. Woodsford about what was criminally going on at Trinity River Conservation Camp and California Correctional Center, by [sic] the administrative supervisors did nothing about it.  Plaintiff proved that either : (1) CDCR officials are destroying Plaintiff's evidence that California law requires them to retain; or (2) Are refusing to produce it to keep Plaintiff from proving his claims.  (Docket #269).

21.     REQUEST SANCTION OF ADVERSE INFERENCE THAT DEFENDANT HAS EVIDENCE IN THEIR CUSTODY AND CONTROL BUT IS REFUSING TO PRODUCE IT.  Defendant continues to state that there are no confidential documents to be produced for Plaintiff's discovery but, Plaintiff

produced a portion of the log were prison officials are signing in to read these documents that Defendant states do not exist in Response to Production of Documents Set No. One and Plaintiff has proven that such documents are clearly referenced in CDCR classification hearing documents.  Plaintiff also proved that such documents must be retained for a minimum of 30 years. (Docket #285) [actually Doc. #265].

22.     REQUEST FOR A SANCTION DUE TO DISCOVERY VIOLATION; REQUEST FOR JUDICIAL NOTICE; ADVERSE INFERENCE. (PRODUCTION OF DOCUMENTS SET NUMBER 7, REQUEST NO.: 7 & 8).  In this document Plaintiff proved that Deputy Attorney General Jeff Steel is manipulating Magistrate Kellison, Mr. Steele is not responding with an initial opposition, and still manipulating Magistrate Kellison to dismiss the requested document.  Violating Plaintiff's right to due process. Plaintiff undeniably proved that Mr. Steel violated discovery rules and due process, but Magistrate Kellison is ignoring these continued violations.  Plaintiff also proved that Defendants do have the evidence requested but are refusing to relinquish any evidence on how much violence occurs at California Correctional Center and Men's Colony.  (Docket #274).

23.     REQUEST FOR SANCTIONS; ADVERSE INFERENCE; AND JUDICIAL NOTICE THAT CDCR HAS THREATENED INMATES TO KEEP PLAINTIFF FROM EVIDENCE TO PROVE HIS CLAIMS.  DISCOVERY VIOLATION IN RESPONSE TO PRODUCTION OF DOCUMENTS SET NO.: 8, REQUEST NO.: 11.  Providing evidence that not only are prison officials refusing to relinquish evidence for Plaintiff to prove his claims, but also threatening inmates to keep them from finding the evidence within the prison for Plaintiff to prove that CDCR is withholding evidence.  (Docket #283).

24.     REQUEST FOR SANCTION FOR ANOTHER VIOLATION OF DISCOVERY; RESPONSE TO PRODUCTION OF DOCUMENTS EIGHT, NO.: 9.  Plaintiff undeniably proved that Defendant Marshall and Mr. Steel are withholding evidence to keep Plaintiff from proving his claims and prevailing in court. (Docket #298).

25.     WILLFUL VIOLATION OF DISCOVERY; SPOLIATION; REQUEST FOR SANCTIONS.  Here, Plaintiff used inmate Jason Rays evidence that prison staff state that requested evidence is in the Prison Law Library but, Defendant states that it either doesn't exist or is privileged information. Plaintiff proved that Defendant has lied and destroyed evidence, again, and to prevent Plaintiff from proving his claims.  (Docket #302).

26.     REQUEST DISMISSAL SANCTION FOR DEFENDANTS CONTINUED WILLFUL AND DECEITFUL VIOLATIONS OF DISCOVERY.  Here, not only did Plaintiff prove that Defendant and Mr. Steel are just "playing dumb" but another inmate produced the institutional flyer that proves that the Anger Management course is very "active" and the prisons are "very aware" of what Plaintiff requested.  (Docket #310).

27.     REQUEST THAT THE SUIT BE DISMISSED WITH PREJUDICE AGAINST THE DEFENDANTS TO PREVENT MAGISTRATE KELLISON FROM PARTICIPATING IN THE STATES CORRUPTION AND WILLFUL INTENT TO CAUSE MISCARRIAGE OF JUSTICE. (AFFIDAVITS FOR INSCOE AND TOTH HEREIN).  In here Plaintiff further discredited prison staff's prisoner rape investigation (for Plaintiff) by two other prison rape victims' affidavits.  "Apparently" by the two affidavits, in which the Magistrate is being "invited" to peruse their C-File, an "adequate" prisoner rape investigation takes "months" to complete, and which proves that Plaintiff's "one day" investigation was obviously a bogus investigation to discredit Plaintiff all to protect staff from liability.  (Docket #315).

28.     EVIDENCE THAT PRISON STAFF RE-WROTE PLAINTIFF'S PRISON RECORDS TO REMOVE LIABILITY AND CAUSE SPOLIATION.  Here, Plaintiff provided evidence that Plaintiff's prison rape documents from 2005 as seen in the above motions Exhibit 1 were re-written in or around the year 2006-2007 as seen in this motions Exhibit 2, Sub. Exhibit N. Plaintiff's testified against CDCR at the Prison Rape Elimination Act Department of Justice Hearing on November 14, 2006, and where Department of Justice inquiries began.  Supporting that Superior Staff began re-writing plaintiff's prison rape records only after the Department of Justice became involved.  (Docket #337). Supporting that Superior Staff began re-writing plaintiff's prison rape records only after the Department of Justice became involved. The only two significant things that occurred after 2005 are this suit and the testimony before the department of justice to inquire into Plaintiff's prisoner rape.

The court will address each of these arguments.[2]  The underlying theme to Plaintiff's claims is that the defense is not acting in good faith.

/ / /

---

[2]     Plaintiff's filings are not in sequential order, apparently due to mailing issues. The court will examine the filings in the order Plaintiff presents them, identifying the docket number.  However, those filings which are related will be addressed sequentially regardless of filing date or number.

8

1

      A.     **Standards**

2

      Plaintiff is asking the court to find Defendants have acted in bad faith during

3 discovery and, as a sanction for their actions, enter a default judgment against them, pursuant to

4 Rule 37.  Plaintiff cites Leon v. IDX Systems Corp, 464 F.3d 951 (9th Cir. 951), as support for

5 his argument.  The Ninth Circuit in Leon acknowledged dismissal as "an available sanction when

6 'a party has engaged deliberately in deceptive practices that undermine the integrity of judicial

7 proceedings . . . .'" Id. at 958 (quoting Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69

8 F.3d 337, 348 (9th Cir. 1995).

9

      The court must weigh five factors before imposing the harsh sanction of

10 dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

11 U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

12 interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

13 the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

14 their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,

15 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

16 appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

17 See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is

18 appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,

19 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to

20 comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

21 1260-61 (9th Cir. 1992).

22

      At a minimum, a finding of wilfulness, fault or bad faith is required prior to

23 dismissing an action.  See Leon, 464 F.3d at 958.  "A party's destruction of evidence qualifies as

24 willful spoliation if the party has 'some notice that the documents were potentially relevant to the

25 litigation before they were destroyed.'" Id. at 959 (quoting United States v. Kitsap Physicians

26 Serv., 314 F.3d 995, 1001 (9th Cir. 2002).

1    Here, Plaintiff argues the Defendants have engaged in the wilful destruction of

2   evidence in order avoid producing sufficient evidence through discovery for Plaintiff to prove his

3   claims.  However, as discussed below, Plaintiff is unable to show the actual destruction, or

4   modification, of the documents he requested.  Plaintiff argues the Defendants' admit the

5   documents he requested "do not exist."  Plaintiff has not supported this argument.  Many of

6   Plaintiff's discovery requests were vague or ambiguous, asked for documents unrelated to the

7   claims remaining in this case, or asked for documents which were not within the individual

8   defendants' "possession, custody or control."  Plaintiff appears to have misunderstood the

9   Defendants' response that the documents requested were not in their "possession, custody or

10   control."  Plaintiff seems to have interpreted this statement to mean the documents do not exist,

11   and reasoned that the Defendants must have destroyed the document.  The court does not

12   interpret Defendants' statements the same.  When the Defendants claim they are not in

13   possession, custody or control of documents, that is not to say the documents do not exist.  Some

14   documents which may exists within the CDCR may not be accessible to the Defendants, in which

15   case the claim that they are not in possession, custody or control is not deceitful.

16    While the court finds some issues need further development, most of the issues

17   raised in Plaintiff's filings are actually objections to the court's prior decision regarding

18   Plaintiff's motions to compel, which were generally denied.  To the extent Plaintiff is attempting

19   to re-litigate the issues resolved through his motions to compel, the court declines to do so.

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

**B.**    **Plaintiff's Claims**

Doc. 324 (MOTION FOR MISTRIAL 100% IN PLAINTIFF'S FAVOR ON THE BASIS OF SPOLIATION AND ADVERSE INFERENCE.  Plaintiff's #2.)[3]

In this motion, Plaintiff claims that prison officials falsified some of the documents relating to Plaintiff's rape claim, so the court cannot trust any position or statement that the Defendants and/or defense counsel offer.  Specifically, Plaintiff submits a statistical report related to the Prison Rape Elimination Act of 2003.  This report, Plaintiff argues, supports his claim that the prison documents addressing his rape allegation have been fabricated and rewritten.  Plaintiff alleges he was raped in November 2004.  Prison officials found his allegation to be unsubstantiated.   However, he argues, the California Department of Corrections and Rehabilitation (CDCR) informed the Department of Justice, as part of this statistical study, that in 2004 all reported prison rapes were substantiated.  As CDCR stated,  all prison rape reports were substantiated in 2004, yet Plaintiff's alleged rape was later found to be unsubstantiated.  To have arrived at this conclusion, Plaintiff maintains that his rape allegation report must have been altered.  He takes this argument one step further and argues that all documents in his prisoner central file, must have been altered or rewritten, therefore resulting in the conclusion that none of CDCR's documents are trustworthy.  He also claims that the investigation into the truth of his rape is a fabricated lie.

However, the investigation into his rape claim is not at issue here.  Instead, what is at issue in the present case is Plaintiff's claim that he was denied medical care, and was retaliated against for reporting his rape.  Assuming that the statistical report is admissible evidence, the report Plaintiff relies on does not support his claim.  The report found that in California, of the 23 allegations of inmate-on-inmate nonconsensual sexual acts, 23 were

---

[3]    Plaintiff's first "spoliation" argument he refers to are his objections to the undersigned's findings and recommendations issued regarding Defendants' motion to dismiss.  These objections have been addressed by the District Judge and will not be separately addressed here.  They have only been included as part of Plaintiff's summary.

1   sustained.   However, the report specifically states in a footnote that the statistics from California

2   only includes those rapes reported from January 1 to June 30, 2004.[4]  Plaintiff alleges his rape

3   occurred in November 2004.  Plaintiff's report of rape would therefore not be included in this

4   report. Therefore, the finding that his rape allegation was unsubstantiated is not inconsistent with

5   the report submitted.   On the information submitted, the court cannot find sufficient evidence

6   that Plaintiff's records have been falsified or destroyed.  Thus, there is no basis for the court to

7   issue the sanctions requested.

8

9           Doc. 214 (REQUEST THAT COURT ACCEPT THESE FACTS
            AS TRUE AND GRANT A JUDICIAL NOTICE [TO RUN
10          CONCURRENT WITH: MOTION FOR MISTRIAL 100% IN
            PLAINTIFF'S FAVOR ON THE BASIS OF SPOLIATION AND
11          ADVERSE INFERENCE].  Plaintiff's #7.)

12          This filing does not appear to be a separate motion or separate notice of

13   spoliation.  Instead, it appears to be Plaintiff's attempt to have the court take judicial notice of the

14   documents attached to his "motion," which was filed at Doc. 324.  He asks the court to find the

15   evidence and facts undeniably show that prison officials lied and said Plaintiff's prisoner rape

16   was unsubstantiated in 2004, but informed the government that it was substantiated, therefor

17   showing that documents have been falsified.  As discussed above, the documents attached to

18   Plaintiff's prior motion do not support Plaintiff's claim.  Plaintiff alleges his rape occurred in

19   November 2004, and the report indicates California's statistics are only for the first half of 2004.

20   The court cannot take judicial notice, based these documents, that Plaintiff's prison rape

21   documents were falsified.

22   / / /

23   / / /

24   / / /

25   _____
            [4]       See Doc. 324.  Plaintiff includes this study as exhibit 2.  The statistic he cites is
26   located in appendix table 1a.  Doc. 324, at 31.

1    <u>Doc. 322</u> (REQUEST FOR SANCTION; REQUEST FOR MISTRIAL IN
     FAVOR OF PLAINTIFF; RESPONSE TO DEFENDANT'S OPPOSITION TO
2    PLAINTIFF'S MOTION TO COMPEL FURTHER PRODUCTION OF
     DOCUMENTS, SET 14.  Plaintiff's #3.)
3

4           This filing relates to Plaintiff's previous motion to compel set number fourteen of

5    his request for production of documents.  Here, he claims the Defendants have destroyed the

6    electronic "properties file" relating to Sergeant Casner's CDC 1030 report.  Apparently what

7    Plaintiff is attempting to obtain is the summary from the word processing program on which

8    Sergeant Casner's report was generated in order to determine when the report was originally

9    created and whether it was subsequently modified.  Plaintiff did not clearly argue this issue in his

10   previous motion to compel.  However, even if he had, his request would have been denied.  His

11   request for the production of that type of file was certainly vague.  In addition, he has not shown

12   such an electronic "properties file" is available for the documents he is requesting.  Defendants'

13   failure to produce this type of document does not support Plaintiff's theory that the document

14   was modified after the fact.

15

16          <u>Doc. 189</u> (THE COURT IS BOUND TO DISMISS THIS CASE
            WITH PREJUDICE AGAINST THE DEFENDANT AS A
17          MATTER OF LAW.  THE DISCOVERY FOR THIS SUIT MAY
            BE UNNECESSARY.  Plaintiff's #4.)
18

19          Here, Plaintiff reiterates his argument that the Defendants failed to produce the

20   "properties file" for documents.  The court previously dealt with this motion.  The court

21   construed it as a request for reconsideration, which was denied by the District Judge.  (<u>See</u> Doc.

22   201).

23   / / /

24   / / /

25   / / /

26   / / /

Doc. 224 (TO RUN CONCURRENT WITH: REQUEST FOR
PROTECTIVE ORDER AGAINST DOCUMENTS THAT ARE
UNTRUSTWORTHY AND/OR A JUDICIAL NOTICE THAT
DOCUMENTS ARE TO BE CONSIDERED
UNTRUSTWORTHY.  Plaintiff's #12.)

Plaintiff continues to argue that Defendants' failure to produce the electronic

"properties file" supports his argument that documents have been re-written.  He reiterates his

arguments that Sgt. Casner's CDC 1030 form was computer generated and therefore should have

an electronic "properties file" which Defendants should have produced.  This issue has been

addressed, and Plaintiff fails to make the proper showing that a default judgment is an

appropriate sanction.

Doc. 210 (MOTION TO COMPEL PRODUCTION OF
DOCUMENTS, SET NUMBER: 15, REQUEST FOR
SANCTIONS, p. 4-5.  Plaintiff's #5.)  (Duplicate motions filed at
Doc. 323, 328, 329.)

Here, Plaintiff propounded additional discovery requests on Defendants after the

close of discovery.  The court previously denied this motion as untimely.  (See Doc. 332).

Discovery closed on June 27, 2008.  These additional requests for production of documents were

propounded on or about October 21, 2008.

However, one of Plaintiff's requests relates to a prior request.  Plaintiff had

requested a copy of Lieutenant Desantis' confidential memorandum regarding Plaintiff's

complaint of prison rape.  This is the confidential memorandum Plaintiff alleges was released to

the prison general population.  This document was originally requested as part of his request for

production of documents, set one, number ten.  Defendants responded thereto that they were

unable to locate the document, but will supplement their response and produce this document if it

is located.   The court will inquire as to the status of discovering this specific document.

Defendants will be required to inform Plaintiff and the court what steps have been take to recover

a copy of this document and produce it to Plaintiff.  In all other aspects, this motion has already

14

1   been denied.

3       Doc. 213 (REQUEST FOR A PROTECTIVE ORDER AGAINST
        DOCUMENTS THAT AR UNTRUSTWORTHY AND/OR A
4       JUDICIAL NOTICE THAT DOCUMENTS ARE TO BE
        CONSIDERED UNTRUSTWORTHY.  Plaintiff's #6.)

6           Here, Plaintiff argues additional documents are untrustworthy due to a

7   discrepancy in the dates they were signed, and the information therein.  Specifically, Plaintiff

8   argues that Sgt. Casner's December 1, 2004 "Confidential Information Disclosure Form," which

9   discusses the existence of Sgt. Sherer's confidential report dated November 25, 2004, is evidence

10  that the investigation into Plaintiff's rape claim was completed on November 25, 2004.  He

11  argues that this is inconsistent with the classification hearing chrono which states the

12  investigation was still pending as of December 16, 2004.  He claims that Sgt. Casner states the

13  investigation was "completed" on November 25, 2004.

14          Plaintiff's argument is unpersuasive.  The reports Plaintiff attaches as exhibits do

15  not support his argument.  The court does not find Sgt. Casner's December 1, 2004, report to

16  indicate the investigation was completed on November 25, 2004.  Instead, Sgt. Casner's report

17  states "Confidential report dated November 25, 2004 authored by Correctional Sergeant R.

18  Sherer.  Located in the confidential material folder in the Central File of Inmate Clinton."  (Doc.

19  213, at 24 "ex. 31").   This form does not appear to the court to be an indication as to the status

20  of the investigation.  Rather, it appears to be documentation regarding the existence of a

21  confidential report.  This does not support Plaintiff's argument that Sgt. Casner's report is in

22  conflict with another report that indicated the investigation was still pending.

23          Plaintiff also argues that the fact that he was not issued a CDC-115 for sexual

24  misconduct supports his argument that documents were re-written after the fifteen day period the

25  prison had to issue the 115 had passed.  The court does not find this argument persuasive either.

26  The absence of a disciplinary proceeding does not support Plaintiff's argument that documents

1  relating to his rape allegations were re-written.

2       Finally, Plaintiff raises an issue regarding the production of Sgt. Sherer's

3  confidential memorandum, which was referenced in Sgt. Casner's report.  Defendants have not

4  specifically responded to this filing.  It appears that Plaintiff previously requested this document

5  and the Defendants indicated they do not have possession, custody or control over it.  (Addressed

6  in the former motions to compel, Doc. 103, regarding set one.)  It would seem that this document

7  should be located in Plaintiff's prison records.   Defendants produced other documents contained

8  in Plaintiff's prison records.  The court will require a response from Defendants with some

9  explanation as to why they do not have Sgt. Sherer's confidential memorandum.

10

11       Doc. 216 (DESTRUCTION OF EVIDENCE, REQUEST FOR
         SANCTIONS, AND SUBJECT TO DEFAULT AS A MATTER
12       OF LAW.  Plaintiff's #8.)

13       Here, Plaintiff argues that Defendants lied about the existence of some documents

14  he requested.  Specifically, he states he requested a copy of Sgt. Sherer's confidential memo

15  investigating the rape (requested in set one, number two). This memo was identified in Sgt.

16  Sherer's CDC 1030 form (which was produced).  Plaintiff argues it does not make sense that

17  Defendants had Sgt. Sherer's CDC 1030 form but not the investigation report identified therein.

18  He also states he requested Defendant DeSantis' report (requested in set one, number ten), which

19  was not located and has not been produced.  Next, he states he requested DeSantis' CDC 1030

20  Disclosure Form regarding that confidential report (requested in set one, number twelve).

21  Defendants had responded they do not have possession, custody or control of this document.

22  Finally, Plaintiff states he had requested Sgt. Dixon's confidential memorandum regarding the

23  publicizing of Plaintiff's prison rape incident (requested in set one, number thirteen).  Defendants

24  respondent they were unable to locate this document, but will supplement their response if it is

25  located.

26  / / /

1    Sgt. Sherer's and DeSantis' memos were addressed above (Doc. 210, 213).  As

2    with the other documents, Defendants will be required to respond to the request for DeSantis'

3    CDC 1030 disclosure form (regarding his investigation into Plaintiff's rape claim) and Sgt.

4    Dixon's memorandum which not located.  Specifically, Defendants will be required to explain

5    why DeSantis' CDC 1030 disclosure form is not in their possession, custody or control, and what

6    steps have been taken to locate Sgt. Dixon's memorandum.

7

8    Doc. 265 (REQUEST SANCTION OF ADVERSE INFERENCE
     THAT DEFENDANT HAS EVIDENCE IN THEIR CUSTODY
9    AND CONTROL BUT IS REFUSING TO PRODUCE IT.
     Plaintiff's #21.)

10

11    In this filing, Plaintiff reiterates his previous arguments regarding the confidential

12    memorandums he requested.  To support his argument, he raises the issue of officers signing in

13    to read his documents on a confidential review log.  These confidential documents were

14    requested in Plaintiff's request for production of documents, set one, numbers two, ten, and

15    thirteen.  These documents are discussed above.  Nothing in this filing requires the court to alter

16    that discussion.

17

18    Doc. 215 (REQUEST FOR A SANCTION DUE TO
     DISCOVERY VIOLATION AND TO ACCEPT EVIDENCE TO
19    SUPPORT DEFENDANT DESANTIS HISTORY OF
     MISCONDUCTS.  Plaintiff's #9.)

20

21    Here, Plaintiff addresses his request for photographs of correctional officers.  In

22    his discovery requests, Plaintiff asked for 8x10 photographs of correctional staff in order to try to

23    identify his John Doe defendants.  Defendants responded with objections (not reasonably

24    calculated to lead to discovery of admissible evidence, overly burdensome, invades privacy rights

25    of third persons, vague and ambiguous).  Without waiving those objections, Defendants

26    responded they have no documents in their possession, custody or control responsive to

17

1  Plaintiff's requests, and they are not required to take photographs for his benefit.  In response to

2  the motion to compel, the court held Plaintiff failed to meet his burden of establishing

3  Defendants are in possession, custody or control of what he was requesting.  Plaintiff now argues

4  that the Defendants' response was a lie in that photographs do exists in staff personnel files and

5  identification cards.

6       Even if photographs do exist in all staff personnel files, Plaintiff has not shown

7  the individual defendants in this action are in possession, custody or control of those

8  photographs.  In addition, Plaintiff specifically requested 8x10 photographs.  If there are

9  photographs from staff identification cards, these photographs are not likely to be 8x10 as

10  requested.  In addition, even assuming there are digitally stored photographs of all correctional

11  staff located in personnel files, Plaintiff has not made any showing that the individual defendants

12  would have access to those files or that an 8x10 copy could be printed.  The court cannot make a

13  leap from the possibility of the existence of personnel photographs to a finding that Defendants

14  are lying and therefore default judgment is an appropriate sanction.

15       Plaintiff also requests the court accept evidence of Defendant DeSantis' character

16  based on a case brought against him by a co-worker for harassment.  While the court may be able

17  to take judicial notice of other court proceedings, the court is unwilling to accept character

18  evidence at this time.  Plaintiff does not specify what he would have the court do with this

19  "character evidence," and there is nothing pending before the court for which this information

20  could be used.

21

22       Doc. 321 (SPOLIATION; DISCOVERY VIOLATION;
        SURVEILLANCE CAMERAS.  Plaintiff's #10.)
23

24       Plaintiff claims he requested copies of video surveillance tapes (requested in set

25  two, number four).  Defendants objected that this request was overly burdensome and not

26  reasonably calculated to lead to discovery of admissible evidence.  Defendants also responded

they have no such video surveillance tape in their possession, custody or control.  The court

denied Plaintiff's motion to compel on the basis that Plaintiff did not meet his burden of showing

otherwise.  He now argues that if Defendants do not have these records, which had to be retained

for "Records Management," that must mean either Defendants have deliberately destroyed the

evidence or deliberately not produced the evidence in their custody.  This argument is not

persuasive.  Defendants stated the video surveillance tapes are not in their possession, custody or

control.  This is not the same as stating the video surveillance tapes do not exist or have been

destroyed.  Even if CDCR or the facility has the video surveillance tapes (from the California

Correctional Center (CCC)) Plaintiff requested, Plaintiff has offered no showing that the

individual defendants in this case have those tapes in their possession, custody or control.[5]  The

court cannot find Defendant's failure to produce documents which they claim is not in their

possession, custody or control is a sufficient basis for entering a default judgment against them as

a sanction.


        <u>Doc. 223</u> (TO RUN CONCURRENT WITH: SPOLIATION;
        DISCOVERY VIOLATION; SURVEILLANCE CAMERAS.
        Plaintiff's #11.)

        In support of the documents addressed above, Plaintiff attempts to compel the

court to accept another inmate's 602 inmate appeal to prove video surveillance is available to be

produced.  However, as discussed above, Defendants have not claimed the video does not exist,

but rather that they do not have possession, custody or control of any such video.  Even if the

court were to accept this filing as evidence, it does not show that the individual defendants have

possession, custody or control of video surveillance tapes from CCC.

---

     [5]     The court notes that the individual defendants in this matter are correctional
officers and the warden of California Men's Colony (CMC).  There is no indication from
Plaintiff that the individual correctional officers, who presumably are correctional officers at
CCC, would have access to the information Plaintiff is requesting, and Warden Marshall is not
located at CCC but rather at CMC.

1      Doc. 227 (REQUEST FOR A SANCTION DUE TO
DISCOVERY VIOLATION IN DEFENDANTS OPPOSITION

2      TO PRODUCTION OF DOCUMENTS SET NUMBER FOUR.
Plaintiff's #13.)

3

4      Similarly, Plaintiff argues here that his request for photographs of different parts

5 of the facility at CCC should have been complied with because the photographs could have been

6 printed from the surveillance video tapes.  In response to Plaintiff's request for production of

7 documents, in addition to the objections made, Defendants stated that they were not in

8 possession, custody or control of the requested photographs.  Plaintiff now claims that because

9 he found videos of different facilities on line, video of CCC must be available to be produced.

10 However, as addressed above, Plaintiff makes no showing that the video he is requesting is in the

11 individuals' possession, custody or control.  The court does not find that a default judgment

12 sanction is appropriate on these facts.

13

14      Doc. 282 (CD DOCUMENT AS EXHIBIT 2 SPOLIATION AND
VIOLATION OF DISCOVERY, DISCOVERY VIOLATION IN

15      RESPONSE TO PRODUCTION OF DOCUMENTS SET
NUMBER 14, NUMBER 4.  Plaintiff's #17.)

16

17      Here, Plaintiff argues that the Defendants deliberately produced the wrong

18 document.  In his request for production of documents set fourteen, number four, Plaintiff

19 requested Defendants "Produce the section in which governs Defendants records management

20 requirements and retention, of its electronic files, security camera surveillance recording, and e-

21 mail, and to be kept if they are involved in a serious controversy like Plaintiff's."[6]  Defendants

22 objected to that request on the basis that it was vague and ambiguous, and compound.  However,

23 Defendants also pointed Plaintiff to the Department Operations Manual (DOM) available on line.

24 In response to Plaintiff's motion to compel, Defendants reiterated they complied with the request,

25

26      [6]      See Doc. 156, at 13.

1 and that they had no other documents in their possession, custody or control responsive to his

2 request.  Plaintiff argues now that he was able to find additional records retention schedules for

3 electronic documents and video surveillance images, which he claims prove the Defendants are

4 deliberately producing the wrong evidence to prevent him from acquiring the evidence he needs.

5        Given the vague and confusing request, the court cannot find Defendants'

6 objection inappropriate.  In addition, although his request was not clear, Defendants did produce

7 what they believed was responsive to Plaintiff's request.  That they did not point to the exact

8 section of the DOM which Plaintiff was looking for, does not prove they deliberately failed to

9 produce responsive documents.  The court does not find sanctions appropriate.  Plaintiff was

10 apparently able to find what he was looking for on-line in any event.  Therefore, he was not

11 prevented from discovering the information he sought.

12

13       Doc. 247 (DISCOVERY VIOLATION, REQUEST FOR
SANCTIONS, ADVERSE INFERENCE, AND A JUDICIAL

14       NOTICE [PRODUCTION OF DOCUMENTS SET NO. 1,
REQUEST 17.] Plaintiff's #15.)

15

16        Another attempt to show Defendants are in possession of documents responsive to

17 his requests for production of documents which have been denied.  Here, Plaintiff argues he

18 requested a copy of the policies whereby correctional officers provide photographs to victims of

19 an offense if the victim does not know who his assailant is, which Plaintiff calls a Simmons

20 Decision Review.  Defendants objected to the request as argumentative and compound, but

21 responded that they do not have possession, custody or control of any responsive document.

22 Again, Plaintiff has made no showing that, even if there is such a written policy, the individual

23 defendants are in possession thereof.

24 / / /

25 / / /

26 / / /

1    Doc. 248 (ANOTHER VIOLATION OF DISCOVERY;
     REQUEST FOR SANCTION; REQUEST FOR JUDICIAL
2    NOTICE [RESPONSE TO PRODUCTION OF DOCUMENTS
     SET NUMBER 5, REQUEST 29.] Plaintiff's #14.)
3

4    In this filing, Plaintiff attempts to again re-litigate the denial of his motion to

5    compel.  Plaintiff had requested a document identifying the date that CCC received Plaintiff's

6    medical files from the Los Angeles County Jail, as well as a copy of those medical records.

7    Defendants objected to the request stating that it was not reasonably calculated to lead to the

8    discovery of admissible evidence.  Without waiving that objection, Defendants responded that no

9    responsive document is in their possession, custody or control.  Plaintiff fails to make a proper

10   showing that Defendants are in possession of any responsive documents.

11

12   Doc. 252 (REQUEST FOR INFERENCE; REQUEST FOR
     SANCTION; TO ACCEPT AS GENUINE; JUDICIAL NOTICE;
13   AND DISCOVERY VIOLATION IN RESPONSE TO
     PRODUCTION OF DOCUMENTS SET NUMBER 11,
14   REQUEST NUMBER 8.  Plaintiff's #16.)

15   Plaintiff argues that he requested information regarding when Administrative

16   Segregation staff became aware that Plaintiff was a prison rape survivor.  In response,

17   Defendants stated the only documents responsive to his request in their possession was in

18   Plaintiff's central file which had been produced.  Plaintiff now claims that what Defendants had

19   was a CDC 114-A log, but that there is also a CDC 114-A internal administrative segregation file

20   on Plaintiff.  He argues these are two different things and that Defendants only produced the log,

21   not the administrative file.   As Plaintiff is now arguing that the document produced was the

22   incorrect document, the court will require a response from the Defendant as to whether there is

23   also an administrative file in their possession, custody or control which can be produced.

24   Plaintiff claims this separate file is where administrative segregation documents are kept, and is

25   separate from his central file.

26   / / /

1         Doc. 255 (DISCOVERY VIOLATION: DEFENDANTS
RESPONSE TO REQUEST FOR PRODUCTION OF
2         DOCUMENTS SET 3.  REQUEST SANCTION, JUDICIAL
NOTICE, AND ADVERSE INFERENCE.  Plaintiff's #18.)
3

4         In this filing, Plaintiff argues that Defendants produced incorrect documents in

5 response to his request for production of documents set three.  The document at issue is his

6 prison job description.  Plaintiff had asked for the job description for his position as inmate clerk

7 at CCC.  What he claims was produced was from his job at CMC.  Defendants have not

8 specifically responded to this filing.  Defendants will be required to respond to Plaintiff's claims

9 that he had requested a different job description that what was produced.

10

11         Doc. 270 (REQUEST FOR A SANCTION DUE TO
SPOLIATION; PRODUCTION OF DOCUMENTS SET NO.
12         TWO, NOS. 7, 8 & 9.  Plaintiff's #19.)

13         Plaintiff again reiterates issues which were resolved in his motions to compel.  In

14 his request for production of documents, Plaintiff requested legal mail logs from three separate

15 institutions.  Defendants responded to these requests with objections, stating the requests were

16 overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

17 Without waiting those objections, Defendants responded that they are not in possession, custody

18 or control of responsive documents other than those contained in Plaintiff's central file which

19 was produced.  Plaintiff now argues that the Defendants claimed the mail logs do not exist.  A

20 response that documents are not in the Defendants' possession is not the same as stating the

21 documents do not exist.  Plaintiff overembellishes Defendants' statements, and the court cannot

22 find that they are "lying" as Plaintiff argues, or that default judgment sanctions are appropriate.

23 Plaintiff fails to show the logs are in the individual Defendants' possession.[7]

24

25         [7]     Again, having the documents exist within CDCR is not the same as the individual

26 defendants having possession, custody or control over them.

1          Doc. 269 (DISCOVERY VIOLATION; SPOLIATION;
        PRODUCTION OF DOCUMENTS SET NO. 2, REQUEST NO.:
2          13.  Plaintiff's #20.)

3          Plaintiff raises another issue previously resolved in his motion to compel.  Now he

4   claims that in regards to his request for production of documents, set two, number thirteen, he

5   asked for any response to a letter he sent to J. S. Woodford in March 2005.   Defendants

6   responded they are not in possession, custody or control of any responsive document other than

7   what is in Plaintiff's central file, which was produced.  Plaintiff now argues he has proven there

8   was an administrative correspondence and either CDCR officials are destroying Plaintiff's

9   evidence or they are refusing to produce it.  As discussed previously, whether CDCR has the

10  documents plaintiff is seeking is not the issue, but rather whether the individual defendants have

11  possession, custody or control of the documents requested.  Nothing in Plaintiff's filing shows

12  that the individuals have possession or control over a letter or response by the prior Director of

13  CDCR, who is not a defendant.  Just because there is a log entry proving he sent such a letter

14  does not show the Defendants have the letter or a response to produce.

15

16         Doc. 274 (REQUEST FOR A SANCTION DUE TO
        DISCOVERY VIOLATION; REQUEST FOR JUDICIAL
17         NOTICE; ADVERSE INFERENCE. [PRODUCTION OF
        DOCUMENTS SET NUMBER 7, REQUEST NO.: 7&8].
18         Plaintiff's #22.)

19         Here, Plaintiff argues his motion to compel regarding his request for production of

20  documents, set seven, should have been granted because Defendants failed to oppose the motion.

21  However, the court denied the motion to compel, not on it merits, but because Plaintiff failed to

22  provide the court with Defendants' responses to his requests.  The court found it was impossible

23  to determine whether Defendants' responses were adequate without knowing what those

24  responses were.  This is essentially a request for reconsideration of the order denying his motion

25  to compel.  However, Plaintiff has already filed motions for reconsideration, which have been

26  denied by the District Judge.  The court will not entertain belated motions for reconsideration.

1    Doc. 283 (REQUEST FOR SANCTIONS; ADVERSE
     INFERENCE; AND JUDICIAL NOTICE THAT CDCR HAS
2    THREATENED INMATES TO KEEP PLAINTIFF FROM
     EVIDENCE TO PROVE HIS CLAIMS.  DISCOVERY
3    VIOLATION IN RESPONSE TO PRODUCTION OF
     DOCUMENTS SET NO.: 8, REQUEST NO.: 11.  Plaintiff's #23.)
4

5          Here, Plaintiff argues the Defendants are trying to prevent him from proving his

6    claims.  He claims CDCR officials are threatening other inmates, destroyed Plaintiff's box of

7    evidence.  Nothing in this filing relates specifically to any of the individual defendants.  The

8    behavior of individuals not a party to this action is beyond the court's power to control.  Plaintiff

9    also argues that he requested the lock up order issued to another inmate, Ruben Roberts, in his

10   request for production of documents set eight, number eleven.  Defendants objected to this

11   request on the grounds that is was not reasonably calculated to lead to the discovery of

12   admissible evidence and invades the privacy rights of third persons.  Without waiving those

13   objections, Defendants also responded that they had no responsive documents within their

14   possession, custody or control.  The court denied Plaintiff's motion to compel relating to this

15   request, on the basis that Plaintiff failed to show the individuals had possession, custody or

16   control over responsive documents.  Plaintiff continues to argue that the documents he is

17   requesting do exist "but CDCR is just refusing to relinquish" them, and the Defendants continue

18   to lie to the court.  Again, CDCR is not a party to this action.  Regardless of Defendants'

19   objections, Plaintiff has not demonstrated the individuals who are parties have possession or

20   control over these documents.

21

22   Doc. 298 (REQUEST FOR SANCTION FOR ANOTHER
     VIOLATION OF DISCOVERY; RESPONSE TO PRODUCTION
23   OF DOCUMENTS EIGHT, NO.: 9.  Plaintiff's #24.)

24         Here again, Plaintiff is attempting to have the court reconsider its denial of

25   Plaintiff's motion to compel.  This request has been denied.  In regards to the specific arguments

26   raised in this filing, Plaintiff continues to argue the Defendants are withholding information,

information the Defendants denied having but that he found on line.  Specifically, he had

requested a copy of an anger management program.  Defendants objected to the request on the

grounds that it was not reasonably calculated to lead to the discovery of admissible evidence, was

overly burdensome and it was vague and ambiguous.  Defendants also stated it was unclear what

exactly Plaintiff was requesting.  Nothing in any of Plaintiff's filings have cleared up this

ambiguity.  Asking the Defendants to produce a full and complete copy of a program is not

requesting a specific document.  It is unclear whether Plaintiff is asking for a syllabus of the

program, class material the instructor provides the participants, or some other document.

Regardless of Defendants' objections on other grounds (such as the relevance of this

information) the court cannot order the Defendants to produce documents in response to such a

vague request.

Doc. 310 (REQUEST DISMISSAL SANCTION FOR
DEFENDANTS CONTINUED WILLFUL AND DECEITFUL
VIOLATIONS OF DISCOVERY.  Plaintiff's #26.)

Plaintiff continues his argument that the Defendants failed to produce the

information he requested relating to the anger management program.  He supports this argument

by providing the court with a flyer for the program, and arguing that the Defendants should have

been aware of the program, and deliberately refused to produce what was requested.  As

discussed above, Plaintiff was unclear as to what he was requesting in regards to this program.

Defendants did not claim no such program existed.  They stated they did not understand what

documents Plaintiff was requesting.  Plaintiff does not make his request any more clear in his

current filing, and as stated above, the court will not order the Defendants to produced documents

when the request is unclear.

/ / /

/ / /

/ / /

1          Doc. 302 (WILLFUL VIOLATION OF DISCOVERY;
      SPOLIATION; REQUEST FOR SANCTIONS.  Plaintiff's #25.)

2

3          Plaintiff's arguments in this filing are unclear.  It appears Plaintiff is reiterating

4    his arguments raised in other filings, including those regarding his request for documents

5    pertaining to a Simmons Decision Review, the CDC-114 file/log, and information regarding

6    what knowledge administrative segregation staff has.  Plaintiff argues that inmates have access to

7    this information in the prison law library, but because he is no longer in custody he does not have

8    access to the prison law library.  However, exactly what information he is requesting from the

9    prison law library, which would not be available from, for instance, a county law library, is

10   unclear.  To the extent this filing is a reiteration of his other filings, those have already been dealt

11   with, and the court will not address those arguments again.

12         Doc. 315 (REQUEST THAT THE SUIT BE DISMISSED WITH
      PREJUDICE AGAINST THE DEFENDANTS TO PREVENT

13         MAGISTRATE KELLISON FROM PARTICIPATING IN THE
      STATES CORRUPTION AND WILLFUL INTENT TO CAUSE

14         MISCARRIAGE OF JUSTICE. [AFFIDAVITS FOR INSCOE
      AND TOTH HEREIN].  Plaintiff's #27.)

15

16         In this filing, Plaintiff appears to be reiterating his argument that the investigation

17   into his rape allegation was feigned as it was completed in one day, prison records have clearly

18   been falsified, and is requesting a default judgment be entered against the Defendants as a

19   sanction for Defendants' bad faith.  This document is a reiteration of his previous arguments.

20   Other than the "affidavits" from other inmates, Plaintiff has not added anything new.  Plaintiff's

21   arguments have been address above, and will not be repeated here.

22

23         Doc. 337 (EVIDENCE THAT PRISON STAFF RE-WROTE
      PLAINTIFF'S PRISON RECORDS TO REMOVE LIABILITY

24         AND CAUSE SPOLIATION.  Plaintiff's #28.)

25         Here, Plaintiff again reiterates many of the claims addressed above.  In addition,

26   Plaintiff argues that there is an inconsistency in two of his classification chronos, both dated

February 2, 2005.  He has attached these two chronos to his filing.  The court agrees that there are some inconsistencies in these two chronos, which apparently derived from the same Classification Committee hearing.  It is unclear why there are two chronos from the same hearing and which one was drafted first.  However, one document references an inadvertent release from ad/seg and "that custody staff had given sensitive confidential information to another inmate." (See Doc. 337, at 47).  It is unclear exactly what "sensitive confidential information" was given to another inmate, but based on the claims in this case, it would appear that this information was the release of Plaintiff's rape allegations.  Plaintiff argues in this filing that the information contained in these documents is not important, other than to prove CDCR staff is re-writing documents.  Plaintiff focuses on the changes of the dates of the confidential memorandum.

Defendants have not filed a response to this document, and will be required to do so.  While it is not clear that the individual Defendants were involved in writing either of the chronos, they will be required to respond.  The court is unwilling to sanction the Defendants, as requested by Plaintiff, on the incomplete record before the court.

## II.   Other Pending Motions/Filings

In addition to those motions/filings summarized by Plaintiff regarding the many instances of spoliation, several other motions/filings remain pending.  Those appropriate for disposition at this time are discussed below.  If this matter does not settle at the settlement conference/mediation set before Judge Carter, the court will address any remaining motions at the appropriate time.

A.   Doc. 225 (Defendant Has Failed to Produce the Evidence Magistrate Has Ordered Defendant to Produce)

Plaintiff claims that he has not received a proper copy of his central file or medical records.  Defendants addressed this filing in their status report, and indicated they would

28

resend the discovery responses to Plaintiff.  This appears to be an adequate response.  If Plaintiff has not received a copy of his central and/or medical file he may contact counsel directly.  If he is unable to obtain a satisfactory response, and continues to claim the lack of receipt of these files, he may file a new motion/request within 30 days of the date of this order.  In addition, it appears Plaintiff is claiming that the documents Defendant was ordered to produce in response to the motion to compel, Defendant has not produced.  If there still remains any outstanding documents to be produced, Defendant is required to so with 10 days of the date of this order.  If Plaintiff has not received the documents, or an appropriate response from the Defendants, he may file a new motion/request within 30 days of the date of this order if necessary.[8]

        B.      <u>Doc. 239</u> (Rule 60; Motion to Identify John Does)

This filing is essentially duplicative of Doc. 215, and was addressed above.

        C.      <u>Doc. 289</u> (Motion for Sanction or Other Appropriate Relief)

This motion is a reiteration of the spoliation arguments raised and discussed above.  To the extent Plaintiff is requesting discovery sanctions in the form of a default judgment, as discussed above that request will be denied.  However, there are certain documents and issues discussed above which Defendants are required to address.  Upon receipt of Defendants' response, those specific issues will be addressed further.  To the extent this motion is a request for reconsideration of the order denying in part Plaintiff's numerous motions to compel, that order has already been reconsidered by the District Judge and affirmed.

---

[8]     This is not an invitation to revisit issues previously addressed.  The court is only allowing Plaintiff an opportunity to address those documents the court ordered Defendant to produce which have not been.  Plaintiff appears to have attempted to address this issue in his recent filings, Doc. 368 and 369.  The court will therefore request a response from the Defendants.

1          D.      Doc. 330 (Dispositive Motion)

2          This is Plaintiff's motion, wherein he reiterates his spoliation arguments, which

3   were addressed above, and again requests the court enter a default judgment dismissing this

4   action as a discovery sanction.  This document appears to have been filed in response to the

5   court's prior dispositive motion deadline.  However, the court construes this filing as another

6   motion for discovery sanctions.  As addressed above, the court finds a default judgment as a

7   sanction for discovery violations inappropriate at this time.  Defendants will be required to

8   address certain documents and issues Plaintiff has raised, but the court properly denied Plaintiff's

9   previous motion to compel and that issue will not be re-litigated.  To the extent Plaintiff's

10  "dispositive motion" is his attempt to file a motion for summary judgment, Plaintiff's motion

11  fails to meet the filing requirements set forth in Local Rule 260.

12          The dispositive motion (i.e. summary judgment) deadline has been reset due to the

13  parties' agreement to participate in mediation.  The current deadline, assuming this matter does

14  not settle at mediation, is February 22, 2009.  Plaintiff is advised that if he wishes to file a motion

15  for summary judgment, his motion must meet the filing requirements set forth in Local Rules

16  142, 156 and Federal Rule of Civil Procedure 56.

17

18          E.      Doc. 349 (Request for a Protective Order for Past Dockets)

19          Plaintiff argues herein that due to Defendant's failure to respond to numerous

20  filings, the court should grant his requests and issue a protective order.  Exactly what the

21  protective order should be directed to protect is unclear to the court.  Defendant drops a footnote

22  that two of his filings (Doc. 215 and 227) were objected to, but because the court did not decide

23  them he should be entitled to relief.

24          Plaintiff's arguments are unpersuasive.  The court's failure to address Plaintiff's

25  numerous filing within the time frame he desires is not a reason for the court to accept his filings

26  carte blanch, and the court refuses to do so.  Similarly, Defendant's failure to respond to all of

Plaintiff's filings (some of which the court has liberally construed as motions, even though they did not appear to be proper motions) will not result in the automatic granting of Plaintiff's requests therein.   Plaintiff's request for a protective order will be denied.

### F.   Requests for Judicial Notice

Plaintiff has filed numerous requests for this court to accept documents and/or affidavits as evidence and to take judicial notice thereof.  This request is denied without prejudice, and the Plaintiff may take such issues up with the District Court at time of trial. Generally, the court will not make evidentiary rulings in the abstract and will not take judicial notice of information, unless it is in connection with a pending motion (i.e. motion for summary judgment).  Plaintiff is hereby informed that the court will not take judicial notice at this time of documents and/or affidavits, nor will it accept Plaintiff's filing of documents as "evidence."  This decision will not preclude Plaintiff from introducing these documents, etc., at trial and/or in response or support of a motion for summary judgment; nor does it guarantee they will be admissible.  There is simply no reason to address these requests at this time.  Plaintiff is cautioned that the court is not a depository for his evidence.  If plaintiff attempts to file additional documents unrelated to a pending motion, the court will strike the filing from the docket.

This specifically relates to Plaintiff's latest filing (Doc. 365) wherein Plaintiff requests the court acknowledge a document as genuine and admissible evidence.  The court will deny this request, without prejudice to Plaintiff's ability to attempt to have the document admitted into evidence at the proper time.  However, the court expresses no opinion as to whether this document will be admissible as evidence.

### G.   Orders on Pending Motions

The parties are reminded that this case was filed while Plaintiff was incarcerated, and has continued to be treated as a prisoner case following Plaintiff's release.  The parties were

31

informed at the beginning of this action that motions filed herein would be governed by Local

Rule 230(l),[9] but that

> [i]f plaintiff is released from prison at any time during the
> pendency of this case, any party may request application of other
> provisions of Local Rule [230] in lieu of Local Rule [230(l)].  In
> the absence of a court order granting such a request, the provisions
> of Local Rule [230(l)] will govern all motions . . . . regardless of
> plaintiff's custodial status.  See Local Rule [102(d)].

See Doc. 51 at 3.

Therefore, until such time as request is made to alter the handling of motions filed

in this case, the court will continue to treat all motions filed herein as it does in other prisoner

cases.  Plaintiff has requested the court await his opposition to any motions for extensions of

time (Doc. 366).  The court will therefore require that the parties attempt to stipulate to any

future requests for continuances.  If either party requires a continuance of any deadline, they shall

make an attempt to obtain a stipulation therefor prior to filing a request with the court.  In the

event no stipulation is obtained, the moving party will be required to inform the court what effort

was made to communicate with the other party.

### H.    Subpoenas

The only remaining filings the court notes which need to be addressed are

plaintiff's requests for subpoenas.  The court will address these filings if this matter does not

settle at mediation.

### III.    Conclusion

The imposition of discovery sanctions, including the entry of a default judgment,

is discretionary.  See Von Brimer v. Whirlpool Corp., 536 F.2d 838, 844 (9th Cir. 1976).  Here,

Plaintiff fails to show the Defendants have destroyed, modified, or refused to produce documents

---

[9]    Eastern District of California Local Rules were updated on December 1, 2009.
The references herein are to the updated rule numbers.  The substance of the rules addressed
herein were not altered.

in their possession.  Plaintiff has misunderstood the Defendants' responses, misinterpreted a statistical study, and failed to show the Defendants have acted in bad faith, sufficient to support such sanctions.  However, the court will require a response from the Defendants regarding documents which should have been produced.

Accordingly, IT IS HEREBY ORDERED[10] that:

1.      Plaintiff's requests and/or motions for discovery sanctions of default judgment (Docs. 189, 214, 215, 223, 224, 227, 239, 247, 248, 265, 269, 270, 274, 282, 283, **289**, 298, 302, 310, 315, 321, 322, **324**, **330**) are denied;

2.      Defendants are required to file a response informing the court and Plaintiff the status of the production of documents responsive to his request for production of documents, set one, number ten (requesting Lt. DeSantis' confidential memorandum regarding Plaintiff's complaint of prison rape), including what steps have been taken to recover a copy of this document and produce it to Plaintiff (Doc. 210);

3.      Defendants are required to file a response to Plaintiff's request for a copy of Sgt. Sherer's confidential memorandum (Doc. 213);

4.      Defendants are required to respond to Plaintiff's request for Lt. DeSantis' CDC 1030 disclosure form and Sgt. Dixon's investigation report (Doc. 216);

5.      Defendants are required to respond to Plaintiff's claim that he requested an administrative segregation file, not the administrative log that was produced (Doc. 252);

6.      Defendants are required to respond to Plaintiff's claim that the job description produced was different from the job description he requested (Doc. 255);

7.      Defendants are required to respond to Plaintiff's claims regarding the re-writing of his February 2, 2005, classification chronos (Doc. 337);

8.      Defendants' required responses, as set forth above, are to be filed and

---

[10]      For the Clerk of the Court's benefit, the undersigned has emphasized in bold which documents are actually pending motions.

served on Plaintiff within 30 days of the date of this order;

        9.    Defendants are to produce any document the court previously ordered to be produced (pursuant to court order 185), within 10 days of the date of this order;

        10.    If Plaintiff contends there are still outstanding documents to be produce, which Defendant has not provided an appropriate response for, he may file a new motion/request within 30 days of the date of this order, if necessary;

        11.    Defendants are required to file a response to Plaintiff's recent filings (at Doc. 368 and 369) regarding failure to produce as required;

        12.    Plaintiff's request for protective order (Doc. **349**) is denied;

        13.    Plaintiff's request for the court to acknowledge a document as genuine and admissible evidence (Doc. **365**) is denied without prejudice to Plaintiff's ability to attempt to have the document admitted into evidence at the proper time; and

        14.    Plaintiff's request for time to respond to requests for continuances (Doc. **366**) is granted.  If either party requires a continuance of any deadline, they shall make an attempt to obtain a stipulation therefor; in the event no stipulation is obtained, the moving party is required to inform the court what communication was attempted with the opposing party.

DATED:  January 15, 2010

                                               _____
                                             CRAIG M. KELLISON
                                           UNITED STATES MAGISTRATE JUDGE