IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS CLINTON,                                         No. CIV S-05-1600-LKK-CMK-P

      Plaintiff,

  vs.                                                                     ORDER

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.

        Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's motion to order defendants to produce his central file and medical files in proper form (Doc. 405) and Defendants' response to a prior court order (Doc. 411).

        Plaintiff has requested copies of his central and medical file several times. Defendants, although contending they are not required to produce the files, have agreed to do so. In fact, the parties agree that a copy of the file was produced earlier in this litigation, but Plaintiff found the manner of such production objectionable. Defendants then agreed to produce a new copy. This second production was apparently completed on August 30, 2010. However, Plaintiff again objects to the manner in which the files were produced. Plaintiff had requested the file be produced as an exact duplicate of the file maintained by the California Department of Corrections and Rehabilitation (CDCR). He explicitly requested the produced documents be

1

contained in the same type of folder, and organized in the same manner, in order for him to be able to properly review the files. This apparently was not done, and the documents were produced with only a bates stamp to identify the order.

In addition, in response to the court's prior order, defense counsel has indicated that documents placed in a prisoner's central file are date stamped on the back when they are so placed. However, it appears that this date stamp does not appear on any of the copies counsel has nor on any of the copies produced to Plaintiff. As an area of contention in these proceedings, the date the documents were placed into his central file may be material to this litigation. Further, counsel has informed the court that Plaintiff's central file has been sent to an outside vendor to be scanned into an electric copy, and cannot be retrieved. This causes the court concern on several levels. The documents contained in Plaintiff's central file are necessarily evidence in this action, the originals of which will likely be necessary for trial. The court is unsure, based on counsel's statements, whether the file is currently marked for destruction following the electronic copy. However, Defendants are cautioned against such a move. In fact, counsel is required to insure the files are not destroyed. Destruction of the files at this point in the litigation could result in severe sanctions for destruction of evidence. If CDCR or defense counsel has no means of preserving the files, a request may be made to the court to have the files lodged and stored until such time as they are required for trial.

Rule 34 requires documents to be produced "as they are kept in the usual course of business." Fed. R. Civ. P. 34(b)(2)(E)(i). Plaintiff has explicitly requested the documents be produced as CDCR maintains them, including placing them in the same type of folder, organized in the same manner. The court agrees that the file should have been reproduced to Plaintiff in that manner. The court also finds that if the date the document is placed in the file is stamped on the back side of each document, then the date stamped back side should also have been produced, which apparently was not done. Therefore, Defendants will be required to expeditiously retrieve Plaintiff's central and medical file from the vender and reproduce the files as exact duplicates of

how they are maintained by CDCR. No documents are to be removed or destroyed from the files. Alternatively, Defendants may produce the file for Plaintiff's inspection at a location convenient to Plaintiff. If this alternative choice is made, Plaintiff shall be provided an opportunity to review the intact original file, and request copies of specific documents he deems necessary to support his case. Defendants will then be required to produced these specific documents at the time of inspection.[1] The choice of whether to reproduce the exact file to Plaintiff or to allow an in person inspection lies with the Defendants. However, Defendants are cautioned that the court will not tolerate any further delay or incomplete copies of the files. Failure to follow this order will result in the imposition of appropriate sanctions. See Local Rule 110.

Defendants' response to the court's prior order also includes copies of the confidential reports Plaintiff had previously requested. The copies provided to the court and to Plaintiff were redacted to remove confidential information which could jeopardize the safety and security of the institution. Plaintiff has not objected to the production of these documents. To the extent Plaintiff has objections to the documents as produced, such objections shall be filed within 10 days of the date of this order. Any such objection shall identify what necessary information Plaintiff believes is missing from the redacted version. If necessary, the court will require the documents to be produced *in camera* for inspection. However, the court is not likely to allow unredacted copies produced where there is sensitive information contained therein which does not add significantly to Plaintiff's claims.

Defendants further respond that there was a misunderstanding relating to an administrative segregation file and an administrative log. Defendants have informed the court and Plaintiff that documents from administrative segregation are contained in Plaintiff's central

---

[1] The place of inspection shall be at a location convenient to Plaintiff, who is currently in Southern California. The location agreed to may need to be at an office or business with the necessary equipment on site to copy the specific documents.

file, and no separate administrative segregation file exists. The court finds this explanation sufficient, and no further response is required.

Defendants also addressed the job description document request, and provided the court with their supplemental responses to several prior requests for production. The court finds these responses sufficient, and no further response is required.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a copy of his central and medical file (Doc. 405) is granted;

2. Plaintiff's central and medical files shall not be destroyed until after the completion of this case and any appeals therefrom;

3. Defendants shall produce a copy of Plaintiff's central file in the exact manner in which it is maintained by CDCR, including the file folder and the date stamp on the back side of the documents, within 30 days of the date of service of this order;

4. As an alternative, Defendants may produce the original central file for Plaintiff's inspection, at a location convenient to Plaintiff, for Plaintiff to inspect and request copies of specific documents, within 30 days of the date of service of this order;

5. Any objection to the production of the redacted copies of the confidential memorandums shall be filed within 10 days of the date of service of this order; and

6. Defendants other responses to the court's prior order, and supplemental responses contained there, are sufficient, and no further response is required.


DATED: October 22, 2010

                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE