IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CLINTON, | No. CIV S-05-1600-LKK-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is Defendants' request for an extension of time to file a motion for summary judgment (Doc. 419) and Plaintiff's objections thereto.

On July 30, 2010, the court issued an order setting the deadline for filing dispositive motions of October 22, 2010 (Doc. 402).  In that order, the court pointed out that such a deadline provided almost 90 days to resolve any remaining conflicts, and that requests to extend that deadline were discouraged and would only be granted upon a showing of good cause. Despite this admonishment, Defendants have filed such a request.

/ / /

/ / /

1

In deciding this issue, the court notes that prior to receiving the admonishment that extensions would not be looked upon favorably, the parties were previously ordered that prior to filing any requests for continuances, they were required to attempt to obtain a stipulation from the opposing party, and if one could not be obtained the moving party was to inform the court as to what effort was made to communicate with the other party. (See Doc. 384, at 32). In addition, Local Rule 144(d) states that "[r]equests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor."

Here, defense counsel filed the request for extension of time on the date the motion for summary judgment was due. In his supporting declaration, counsel states that as of the time of filing his request, the motion for summary judgment was not yet completed and had not been reviewed by a supervisor. He also states that the supervisory review requires at least two days, and in this case three days, prior to filing the motion with the court. This information was known to counsel prior to October 22, 2010. It is apparent that counsel was aware that he would be unable to meet the court's deadline (as he had not yet submitted the motion for supervisory review) by at least October 19, 2010. However, he waited until the afternoon of the due date to file his request. Such last minute requests, especially in light of the court's admonishment that extensions of time were discouraged, are disfavored. In addition, counsel fails to address the steps taken in attempt to obtain Plaintiff's stipulation to a six-day extension of time. Rather, he simply states no stipulation was likely as Plaintiff had not been amenable to extensions of time in the past. Regardless of whether or not he believed such a stipulation was obtainable, the court has requested such an attempt be made.

The court does note counsel's medical leave at the end of August disrupted his case management. In addition, the court notes counsel had several other filings due throughout September and even into October. However, as noted above, counsel was provided almost 90 days to complete the dispositive motion in this case, and was on notice that the court would not likely grant any extensions. Given that background, the undersigned finds the reasons provided

1 are insufficient to state good cause for the delay.

2         Based on the foregoing, IT IS HEREBY ORDERED that:

3         1.    Defendants' motion for an extension of time (Doc. 419) is denied; and

4         2.    The Clerk of the Court is directed to strike the motion for summary

5 judgment (Doc. 422) from the docket as untimely filed.

7 DATED: November 2, 2010

8  

9                                 **CRAIG M. KELLISON**
                                UNITED STATES MAGISTRATE JUDGE