IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS CLINTON,                         No. CIV S-05-1600-LKK-CMK-P

    Plaintiff,

  vs.                                   ORDER

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

                                /

           Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions for additional discovery (Docs. 460, 463) and motion for an extension of time (Doc. 464).

           A moving party must show good cause to modify a Scheduling Order. See Fed. R. Civ. P. 16(b)(4). Discovery in this case has long since been closed. The court has previously declined requests to modify the discovery deadlines, with the exception of plaintiff's deposition and obtaining copies of his prison files. Both of those issues have been resolved, and discovery remains closed. Plaintiff argues new evidence has surfaced requiring two new special interrogatories to determined whether signatures on reports have been forged. However, as the signatures are alleged to be plaintiff's, he may provide such proof as he has to show the

signatures were not his.  He does not allege that any of the remaining defendants are the ones who allegedly forged his signatures, he simply wants to pose the question to the defendants to determine who the alleged forger was.  However, regardless of who allegedly forged his signature, plaintiff may present evidence that the signature was not his and was forged in order to further his position in this case.  Knowledge of alleged forger's identity is not material for the claims in this action.  Thus, the undersigned finds no good cause to reopen discovery, and Plaintiff's requests therefor will be denied.

      Plaintiff is also requesting additional time to file his opposition to defendants' motion for summary judgment, and perhaps to file his own motion for summary judgment. Based on the short time plaintiff has had access to his central file documents, the undersigned finds good cause for plaintiff's request.[1]  Plaintiff may file his opposition and/or his own motion within 30 days of the date of this order.

      Accordingly, IT IS HEREBY ORDERED that:

      1.    Plaintiff's request for additional discovery (Docs. 460, 463) is denied;

      2.    Plaintiff's request for an extension of time (Doc. 464) is granted;

      3.    Plaintiff may file his opposition to defendants' motion for summary judgment and/or his own motion for summary judgment within 30 days of the date of this order.

DATED: March 9, 2011

                                                        */s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff also submits to the court that the defendants' motion for summary judgment was missing pages of the exhibits, the transcript of his deposition.  This issue was addressed by the defendants, and counsel has provided copies of the missing pages.  Thus, regardless of whether plaintiff had access to the transcript of his own deposition or not, the missing pages have been provided, and the issue is moot.

2