**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

THOMAS CLINTON,                               No. CIV S-05-1600-LKK-CMK-P

    Plaintiff,

  vs.                                                            ORDER

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
                                /

        Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are several of Plaintiff's filings, which all appear to be requests for the court to reconsider the Magistrate Judge's ruling denying dismissal sanctions (Docs. 387, 406, 410, 416). Within those documents Plaintiff is also requesting the recusal of Magistrate Judge Kellison.

        Plaintiff continues to argue in his recent filings that the court should enter judgment in his favor as a sanction for Defendants' bad faith and destruction of documents. These issues were raised in Plaintiff's prior motions and addressed in the Magistrate Judge's order. Pursuant to Eastern District of California Local Rule 303(f), a magistrate judge's order shall be upheld unless "clearly erroneous or contrary to law." Upon review of the entire file, the court finds that it does not appear that the Magistrate Judge's ruling was clearly erroneous or contrary to law. The January 15, 2010 order (Doc. 384) is, therefore, affirmed.

        In addition, Plaintiff's request for the recusal of Judge Kellison is governed by 28

1 U.S.C. § 144, which provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Berger v. United States, 255 U.S. 22 (1922), is the seminal case interpreting § 144. See U.S. v. Azhocar, 581 F.2d 735, 738 (1976). To be sufficient, a motion to recuse must state facts which, if true, fairly support the allegation of bias or prejudice which stems from an extrajudicial source and which may prevent a fair decision. See Azhocar, 581 F.2d at 740-41. Thus, the Supreme Court in Berger also held that adverse rulings alone cannot constitute the necessary showing of bias or prejudice. See Berger, 255 U.S. at 34. Here, other than setting forth his disagreement with Judge Kellison's rulings, Plaintiff make no showing of bias or prejudice.[1] His request for recusal is therefore denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The motions construed as motions for reconsideration (Docs. 387, 406, 410, 416) are denied;

2. The Magistrate Judge's January 15, 2010, order is affirmed;

3. No further motions for reconsideration of this order, or additional requests for dismissal sanctions on these facts, will be considered; and

4. Plaintiff's request for the recusal of Magistrate Judge Kellison is denied.

DATED: August 31, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] Plaintiff also attempts to show prejudice or bias by including inaccurate facts about Judge Kellison. Such allegations are also insufficient to warrant recusal.

2