IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CLINTON, | No. 2:05-cv-1600-MCE-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On August 22, 2014, plaintiff was ordered to file a status report addressing, inter alia, whether this matter is ready for trial. Since then, petitioner has filed two motions requesting the undersigned review the court's records and evidence (Docs. 546, 549), two requests for appointment of counsel (Docs. 548, 551), and a motion for an extension of time (Doc. 550).

As to plaintiff's motion for an extension of time, it is unclear but it appears that plaintiff is requesting additional time to file his status report as well as some clarification from the court. Plaintiff complains about the undersigned not citing to a docket page number, but the last order did not refer to any specific filing. Instead, it simply required plaintiff to inform the

1

court as to his readiness to set this case for trial, and set forth specific issues he should address in his status report. As far as the trial goes, this case has now been limited to one defendant and one issue following the order granting in part of defendants' motion for summary judgment. As stated in the district court's order adopting the findings and recommendations (Doc. 544), and set out more fully in the findings and recommendations (Doc. 526), this action continues against defendant Cooper only, on plaintiff's claim that defendant Cooper violated his Eighth Amendment rights by failing to honor his medical chronos for an extra blanket and tennis shoes. All other claims and defendants have been disposed of. However, following this clarification, plaintiff will be allowed additional time to file his status report.

As to plaintiff's requests for the appointment of counsel or referral to the pro bono clinic, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent plaintiffs in civil actions. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). A plaintiff in a civil case generally has no right to appointed counsel. See Hernandez v. Whiting, 881 F.2d 768, 770-71 (9th Cir. 1989); United States v. 30.64 Acres, 795 F.2d 796, 801 (9th Cir. 1986).

In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. First, the facts and law concerning plaintiff's one remaining claim are not overly complex. Second, the record demonstrates that plaintiff so far appears able to articulate his claims on his own as his pleadings are legible and reasonably articulate. Third, while plaintiff's

claim has survived summary judgment, the court cannot say that plaintiff has demonstrated any particular likelihood of success on the merits. The one remaining claim, as set forth above, is whether defendant Cooper violated plaintiff's Eighth Amendment rights by failing to honor his medical chronos for an extra blanket and tennis shoes. A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id. From the limited evidence that has been presented to the court to date, the undersigned cannot reasonably find that a jury will determine withholding an extra blanket and tennis shoes to be sufficiently serious as to violate plaintiff's Eight Amendment rights. While that is a factual question for the jury to decide, for the purposes of ruling on plaintiff's request for counsel, the undersigned does not find any particular likelihood of plaintiff's success on the merits of his claim. His request for the appointment of counsel will therefore be denied.[1]

        Finally, in plaintiff's remaining motions (Docs. 546, 549) he is again requesting the court to address his allegations that the defendants have destroyed or modified documents. Plaintiff's arguments relating to the spoliation of documents have previously been addressed by both the undersigned and the district court. In the findings and recommendations issued October 18, 2013 (Doc. 526), the undersigned found insufficient proof that documents had been tampered with. Even if there were documents that were destroyed or tampered with, the undersigned found it would be irrelevant to resolving the issues in this case. Specifically, defendants DeSantis and Riley were entitled to summary judgment based on plaintiff's acknowledgment that he was sent

---

[1] The court does note that plaintiff, who is no longer incarcerated, is not restricted in reaching out to the legal community as a whole, and/or the Civil Rights Clinic, himself in an attempt to obtain legal assistance.

to the medical clinic. The claims against defendant Marshall failed as a matter of law. Therefore, regardless of any destruction of documents, none of plaintiff's claims against those three defendants survived summary judgment. In addition, as to the remaining claim against defendant Cooper, plaintiff has made no specific argument that any related documents have been destroyed or tampered with. As stated in prior orders, the documents plaintiff appears to claim were destroyed or tampered with relate to issue of his rape, which is not an issue in this case. Plaintiff was advised that if there were documents relating to the claims against defendant Cooper that plaintiff alleges were destroyed or modified, he may raise the issue in appropriate pre-trial motions, such as a motion in limine. These findings were adopted by the district court, who not only adopted the findings and recommendations, but also denied plaintiff's motions for reconsideration which further addressed his spoliation arguments. (Doc. 544).

Plaintiff contends that the undersigned agreed to address the spoliation argument after the district court issued its order regarding the findings and recommendations discussed above. What the undersigned's prior order stated, however, was that the issues raised in his spoliation arguments were before the district court and the until such time as the district court ruled on the issue, the undersigned could not issue further orders. Now that the district court has specifically addressed the issue, however, and denied plaintiff's motions, the issue is now resolved and no further order is necessary. As stated above, if there are document issues related to the claims against defendant Cooper, plaintiff may raise the issue in appropriate pre-trial motions.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for additional time to file his status report (Doc. 550) is granted;

2. Plaintiff shall file his status report, as required by the August 22, 2014, order (Doc. 545) within 30 days of the date of this order;

/ / /

4

3. Defendant's status report shall be filed within 30 days after service of plaintiff's status report;

4. Plaintiff's motions for appointment of counsel (Docs. 548, 551) are denied; and

5. Plaintiff's motions for the undersigned to review the case records and evidence (Docs. 546, 549) are denied as the issue of spoliation has already been addressed and denied by the district court.

DATED: January 13, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE