IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CLINTON, | No. 2:05-cv-1600-JAM-CMK-P |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are several motions filed by plaintiff. This case was set for a settlement conference on September 24, 2015, which did not occur as plaintiff informed both the court and defense counsel that attendance was not possible. Plaintiff has requested a new date, but given the reasons plaintiff provided for not attending the last settlement conference, the court does not find this case to be ripe for settlement. Plaintiff's request for a new settlement conference date (Doc. 571) will therefore be denied and this case will proceed to trial.

Plaintiff continues to seek appointment of counsel or referral to the pro bono program. As the court had stated several times, this case does not present the required

exceptional circumstances necessary for the appointment of counsel.  The court previously denied plaintiff's request to appoint counsel, stating:

> the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent plaintiffs in civil actions.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  A plaintiff in a civil case generally has no right to appointed counsel.  See Hernandez v. Whiting, 881 F.2d 768, 770-71 (9th Cir. 1989); United States v. 30.64 Acres, 795 F.2d 796, 801 (9th Cir. 1986).
>
> In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.
>
> In the present case, the court does not at this time find the required exceptional circumstances.  First, the facts and law concerning plaintiff's one remaining claim are not overly complex.  Second, the record demonstrates that plaintiff so far appears able to articulate his claims on his own as his pleadings are legible and reasonably articulate.  Third, while plaintiff's claim has survived summary judgment, the court cannot say that plaintiff has demonstrated any particular likelihood of success on the merits.  The one remaining claim, as set forth above, is whether defendant Cooper violated plaintiff's Eighth Amendment rights by failing to honor his medical chronos for an extra blanket and tennis shoes.  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.  From the limited evidence that has been presented to the court to date, the undersigned cannot reasonably find that a jury will determine withholding an extra blanket and tennis shoes to be sufficiently serious as to violate plaintiff's Eight Amendment rights.  While that is a factual question for the jury to decide, for the purposes of ruling on plaintiff's request for counsel, the undersigned does not find any particular likelihood of plaintiff's success on the merits of his claim.  His request for the appointment of counsel will therefore be denied.

(Order, Doc. 552, filed January 13, 1015).

The court further noted that plaintiff is no longer incarcerated and is not restricted in reaching out to the legal community as a whole, and/or the Civil Rights Clinic, personally in an attempt to obtain legal assistance. Nothing has changed in this case to alter that analysis. To the extent plaintiff indicates trial attendance without counsel may not be possible due to having to re-live the events surrounding the rape, the court notes the remaining claim is not associated with rape and only relates to defendant Cooper's alleged failure to honor plaintiff's medical chronos. Accordingly, plaintiff's requests for appointment of counsel or referral to the pro bono clinic (Docs. 561, 573) are denied.

Plaintiff next requests to be excluded from the time restrains set forth in Local Rule 230 (Doc. 560). It is unclear what it is plaintiff needs additional time for. Rule 230 governs the time for filing and opposing motions, setting motions for hearing, and filing applications for reconsideration. This case is ready to be set for trial. No further motions are anticipated to be filed with the exception of pretrial motions such as motions in limine, which will be addressed by the District Court at the time of the pretrial conference. When plaintiff files a pretrial statement, additional time can be requested to address specific motions if necessary. Additional time can also be requested from defense counsel and/or the court in order to respond to any motion that may be filed. The undersigned does not find it necessary to enter an order excluding plaintiff from Rule 230 at this time, and the request to do is denied.

Plaintiff is also requesting the court seal the docket in this case (Doc. 564). Plaintiff indicates that there are some people who are attempting to use the information in this case against plaintiff. However, no showing has been made that meet the criteria for sealing any of the documents pursuant to Local Rules 140-142. If plaintiff can point the court to specific document containing personal information, and provide the necessary information as to why a specific document should be sealed, the court may consider such a request. However, based on the general request made, the court finds no basis to seal any specific document much less the entire action.

Finally, plaintiff is requesting the court hold an adverse inference hearing to determine if the defendants have destroyed documents (Doc. 559). Plaintiff has raised the destruction of documents several times, and the issue has been addressed. Specifically, the court found the documents plaintiff alleges were destroyed at best related to claims which have been dismissed from this case or were decided on the basis of law not fact. He now claims some documents related to defendant Cooper were also destroyed, including a Citizen's complaint reviewed by the Deputy Warden at California Men's Colony's. In support of this claim, plaintiff provides responses to request for production of documents, wherein it is outlined that the Chief Deputy Warden did not keep record of such appeals, but that the records retention schedule provides for keeping Citizens Complaints for five years.

Defendant objects[1] to the adverse inference sanctions on the grounds that the discovery responses plaintiff provides were from a different case, Clinton v. Green, et. al., 08-cv-4180 DOC (OP) (C.D. Cal. 2008), not this one. In addition, defendant argues that there is no indication that the alleged documents have any relevance to the remaining claim, or that defendant Cooper was responsible for the preservation or destruction of the documents.

The undersigned agrees, and finds no basis to grant plaintiff's motion. As discussed in previous orders, the documents plaintiff has claims were destroyed have no relevance to the remaining claim. As to the Citizen's Complaint he alleges to have filed against defendant Cooper, he fails to explain what the complaint related to, and whether he requested the document during discovery in this case. Plaintiff offers no information as to how this Citizen's Complaint is relevant to his claims against Cooper.

///

///

---

[1] Defendant filed a motion for additional time to respond to plaintiff's motion (Doc. 563). Good cause appearing, that motion will be granted, and the opposition is deemed timely filed.

4

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a new settlement conference date (Doc. 571) is denied;

2. Plaintiff's requests for appointment of counsel or referral to the pro bono clinic (Docs. 561, 573) are denied;

3. Plaintiff's request to be excluded from the time restrains set forth in Local Rule 230 (Doc. 560) is denied;

4. Plaintiff's motion to seal the docket in this case (Doc. 564) is denied;

5. Defendant's request for additional time to respond to plaintiff's motion for adverse inference (Doc. 563) is granted and the opposition thereto is deemed timely filed; and

6. Plaintiff's motion for adverse inference regarding destruction of documents (Doc. 559) is denied.

DATED: December 15, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE